MAC8HAFP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          22 Cr. 19 (PGG)

ALBERT HAFT,

                Defendant.

------------------------------x

                                        New York, N.Y.
                                        October 12, 2022
                                        3:15 p.m.

Before:

                    HON. PAUL G. GARDEPHE,

                                        District Judge

                        APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
MATHEW ANDREWS
     Assistant United States Attorney

LAWRENCE H. SILVERMAN
     Attorney for Defendant


Also present:  MEHERUN MAYER, Pretrial

MAC8HAFP

(In open court; case called)

THE DEPUTY CLERK:  Counsel for the government, please state your appearance.

MR. ANDREWS:  Good afternoon, your Honor.  Mathew Andrews for the government.

THE COURT:  Counsel for defendant, state your appearance.

MR. SILVERMAN:  Good afternoon, your Honor.  Lawrence H. Silverman for the defendant.

THE COURT:  I understand Mr. Haft surrendered this morning.  Is that correct?

MR. ANDREWS:  That's correct, your Honor.

THE COURT:  All right.

Mr. Haft, I need to advise you of certain rights you have.  You have the right to remain silent.  You're not required to make any statements.  Even if you have made statements to the authorities, you need not make any further statements.  Anything you do say can be used against you.

You have the right to be released, either conditionally or unconditionally, pending trial, unless I were to find that there are no conditions or combination of conditions that would ensure your return to court and the safety of the community.

You do have the right to be represented by counsel during all proceedings, including this one, and during any

MAC8HAFP

questioning by the authorities.  If you cannot afford an attorney, an attorney will be appointed to represent you.

I understand, however, that Mr. Silverman has been retained.

Is that true, Mr. Silverman?

MR. SILVERMAN:  Yes, it is, your Honor.

THE COURT:  Mr. Haft, do you understand all of the rights that I have just read to you?

THE DEFENDANT:  Yes, I do.

THE COURT:  I further understand that Mr. Haft intends to plead guilty to an information, I should say a superseding information.  Is that correct?

MR. ANDREWS:  That's correct, your Honor.

THE COURT:  Mr. Haft, will you please stand.

And, Mr. Ruocco, will you please swear in the defendant.

(Defendant sworn)

THE COURT:  Mr. Haft, you should understand you are now under oath and if you answer any of my questions falsely, your answers may later be used against you in another prosecution for perjury or for making a false statement.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Feel free to pull that microphone down.

THE DEFENDANT:  Yes.

MAC8HAFP

THE COURT:  Have you received a copy of the superseding information which reflects the charges against you?

THE DEFENDANT:  Yes, I received it.

THE COURT:  Have you discussed the superseding information with Mr. Silverman?

THE DEFENDANT:  Yes, I did.

THE COURT:  You should understand you are charged in Count One of the superseding information with conspiring to defraud the United States by preparing and submitting materially false tax returns to the Internal Revenue Service on behalf of others, and that you did so between in or about 2014 through 2020.

Do you understand that is the charge in Count One?

THE DEFENDANT:  Yes, I do.

THE COURT:  As to Count Two, you should understand you are charged with a separate conspiracy to defraud the United States by preparing and submitting materially false tax returns to the Internal Revenue Service on behalf of others between in or about 1990 through 2021.

Do you understand that is the charge against you in the second count of the superseding information?

THE DEFENDANT:  Yes, I do.

THE COURT:  I have been given a waiver of indictment form that appears to have been signed by you and by Mr. Silverman.

MAC8HAFP

Is this your signature on the waiver of indictment form?

THE DEFENDANT:  Yes, it is.

THE COURT:  Before you signed the waiver of indictment form, did you discuss it with Mr. Silverman?

THE DEFENDANT:  Yes, I did.

THE COURT:  You should understand that you have no obligation to waive indictment.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Have any threats been made against you or any promises been made to you to induce you to waive indictment?

THE DEFENDANT:  No.

THE COURT:  You should understand that if you did not waive indictment, the government would be required to present your case to a grand jury, which would be asked to determine whether there was probable cause to believe that a crime was committed and that you committed it.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  You should further understand that the grand jury might or might not choose to indict you.

Do you understand that?

THE DEFENDANT:  Yes.

MAC8HAFP

THE COURT:  You should realize that by signing this waiver of indictment, you have given up your right to have your case presented to a grand jury, and instead, the case against you will proceed on the basis of a superseding information signed by the U.S. Attorney.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  I find that Mr. Haft has knowingly and voluntarily waived his right to have his case presented to a grand jury and that this case will proceed against him by way of information.

I have also been given a written advice of rights form.  It appears to have been signed by Mr. Haft and by his attorney.

Mr. Haft, is this your signature on the advice of rights form?

THE DEFENDANT:  Yes, it is.

THE COURT:  I will mark it as Exhibit 1 to these proceedings.

I have also been given a plea agreement that appears to have been signed by Mr. Haft, by Mr. Silverman, and by representatives of the U.S. Attorney's Office.

Mr. Haft, is this your signature on the plea agreement?

THE DEFENDANT:  Yes, it is.

MAC8HAFP

THE COURT:  I will mark it as Exhibit 2 to these proceedings.

Before deciding whether to accept your guilty plea, I am required to ask you certain questions.  It is important you answer these questions honestly and completely.  The purpose of today's proceedings is to make sure you understand your rights and for me to make certain that you are pleading guilty of your own free will, and to make sure that you're pleading guilty because you are in fact guilty and not for some other reason.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  If you don't understand any of my questions or you want to consult with Mr. Silverman at any time, please say so, because it is important that you understand every question before you answer it.

Could you please state your full name for the record.

THE DEFENDANT:  Albert Haft.

THE COURT:  How old are you, sir?

THE DEFENDANT:  65 years old.

THE COURT:  How far did you go in school?

THE DEFENDANT:  MBA.

THE COURT:  Have you ever been addicted to any drugs or alcohol or been treated for any addiction?

THE DEFENDANT:  No.

THE COURT:  Are you now or have you recently been

MAC8HAFP

under the care of any kind of doctor?

THE DEFENDANT:  No.

THE COURT:  In the past 24 hours, have you taken any drugs, medicine or pills or drunk any alcohol?

THE DEFENDANT:  No.

THE COURT:  Is your mind clear today and do you understand what is happening?

THE DEFENDANT:  Yes, I do.

THE COURT:  Mr. Silverman, do you have any doubt as to Mr. Haft's competence to plead guilty today?

MR. SILVERMAN:  I do not have any doubt.

THE COURT:  On the basis of Mr. Haft's responses to my questions and my observations of his demeanor, I do find that he is competent to enter an informed plea.

Mr. Haft, have you had enough time to discuss your case with Mr. Silverman?

THE DEFENDANT:  Yes, I have.

THE COURT:  Have you discussed with him the charges against you as well as your intention to plead guilty?

THE DEFENDANT:  Yes, I have.

THE COURT:  Have you discussed with Mr. Silverman any possible defenses you might have to the charges against you as well as all the facts about your involvement in this matter?

THE DEFENDANT:  Yes, I have.

THE COURT:  Has Mr. Silverman told you about the

MAC8HAFP

consequences of pleading guilty?

THE DEFENDANT:  Yes, he did.

THE COURT:  Are you satisfied with Mr. Silverman's representation of you?

THE DEFENDANT:  Yes, I am.

THE COURT:  I now must explain certain constitutional rights that you have.  These are rights you will be giving up if you enter a guilty plea.  Please listen carefully to what I am about to say.  If you don't understand something, stop me, and either myself or Mr. Silverman will explain the matter to you more fully.

Under the Constitution and laws of the United States, you have a right to a speedy and public trial by a jury on the charges against you contained in the superseding information.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  If there were a trial, you would be presumed innocent and the government would be required to prove your guilt by competent evidence and beyond a reasonable doubt. You would not have to prove you were innocent at a trial.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  If there were a trial, a jury composed of 12 people selected from this district would have to agree unanimously before you could be found guilty.

MAC8HAFP

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  If you decide to go to trial, at that trial and at every stage of your case, you would have the right to be represented by an attorney, and if you could not afford one, an attorney would be appointed to represent you at government expense and at no cost to you.

If you retained a lawyer and you ran out of money, an attorney would be appointed to continue to represent you and to handle your case all the way through trial and not just for purposes of a guilty plea.  So your decision to plead guilty should not depend on whether you can afford a lawyer.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  If there were a trial, you would have the right to see and hear all of the witnesses against you and your attorney could cross-examine them.  You would have the right to have your attorney object to the government's evidence and to offer evidence on your behalf if you so desired.  You would have the right to have subpoenas issued to compel witnesses to testify in your defense.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  If there were a trial, you would have the right to testify if you wanted to, but no one could force you

to testify if you did not want to.  Furthermore, no inference or suggestion of guilt could be drawn if you chose not to testify at trial.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  If you were convicted at a trial, you would have the right to appeal that verdict to a higher court.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  Even now, as you're entering this plea, you have the right to change your mind, plead not guilty, and go to trial on the charges contained in the superseding information.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  If you plead guilty and I accept your plea, you will give up your right to a trial and the other rights I just discussed, other than the right to a lawyer, which you have regardless of whether you plead guilty.  If you plead guilty, I will enter a judgment of guilty and sentence you on the basis of your plea, after I have considered a presentence report and whatever submissions I receive from your lawyer and from the prosecutor.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  If you plead guilty, you will have to give up your right not to incriminate yourself because I will ask you questions about what you did in order to satisfy myself that you are guilty as charged, and you will have to admit and acknowledge your guilt.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  As I said a moment ago, Count One of the superseding information charges you with conspiring to defraud the United States by submitting false tax returns to the IRS from approximately 2014 through 2020.

I will now tell you the elements of that offense. This is what the government would have to prove beyond a reasonable doubt if the case were to go to trial.

First, the government would have to prove that the conspiracy charged in Count One existed, that is, at some point between 2014 and 2020, there was in fact an agreement or understanding between two or more people to obstruct, interfere, impair, impede, or defeat the legitimate functioning of the government through fraudulent or dishonest means, in this case, by submitting materially false tax returns to the IRS;

Second, the government would have to prove that you knowingly and willfully became a member of that conspiracy; and

Third, the government would have to prove that a

MAC8HAFP

member of the charged conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

Here, the government says that you filed materially false tax returns for clients living in and maintaining bank accounts in the Southern District of New York and elsewhere.

Count two of the superseding information charges you with conspiring to defraud the United States by submitting false tax returns to the IRS from approximately 1990 through 2021.

This is what the government would have to prove beyond a reasonable doubt if you went to trial on that charge:

First, that the conspiracy charged in Count Two existed, that is, that there was, in fact, an agreement or understanding between two or more people to obstruct, interfere, impair, impede, or defeat the legitimate function of the government through fraudulent or dishonest means, here by submitting materially false tax returns to the IRS, and the government would have to show that that conspiracy existed at some point between 1990 and 2021;

Second, the government would have to show that you knowingly and willfully became a member of that conspiracy; and

Third, the government would have to prove beyond a reasonable doubt that a member of the charged conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

MAC8HAFP

Here, the government claims that you misclassified personal expenses as business expenses on tax returns for clients living in and maintaining bank accounts in the Southern District of New York and elsewhere.

Do you understand these are the elements of the offenses you have been charged with in Counts One and Two of the superseding information?

THE DEFENDANT:  I understand.

THE COURT:  I must now tell you the maximum and any minimum possible penalty for these crimes.  The maximum means the most punishment that could possibly be imposed.  It does not necessarily mean that is what you will receive as a sentence, but you have to understand that by pleading guilty, you are exposing yourself to the possibility of receiving any combination of punishments up to the maximum I am about to describe.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  Counts One and Two each carry a maximum sentence of five years' imprisonment.  Any term of imprisonment could be followed by as much as three years' supervised release.

Supervised release means that if you are sentenced to prison, after you are released from prison you will be subject to supervision by the U.S. Probation Office.  There will be

MAC8HAFP

rules of supervised release that you will have to follow, and if you violate those rules, you can be returned to prison without a jury trial to serve additional time even beyond your original sentence.

In addition, the crimes that you are pleading guilty to carry a maximum fine of the greatest of $250,000 or twice the gross pecuniary gain derived from the offense or twice the gross pecuniary loss resulting from the offense.

Do you understand all of that, Mr. Haft?

THE DEFENDANT:  Yes, I do.

THE COURT:  The total term of imprisonment on both counts is 10 years.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  Parole has been abolished in our federal system, and if you are sentenced to prison, you will not be released early on parole.  There is a limited opportunity to earn credit for good behavior, but you will have to serve at least 85 percent of the time you are sentenced to.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  There is also a mandatory minimum fine, or special assessment, of $100 for each count of conviction.

Do you understand that?

THE DEFENDANT:  Yes, I do.

MAC8HAFP

THE COURT:  As part of your sentence, I can also order you to make restitution to any person or entity injured as a result of your criminal conduct, and I can also order you to forfeit certain property to the government.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  Being convicted of a felony may have other consequences, such as the loss of licenses or the right to possess a firearm.  If you are a citizen of the United States, you could lose your right to vote.  If you're not a citizen of the United States, you will likely lose your right to remain in the United States and you may be deported.

This is not a full list of the consequences of a felony conviction.  These are merely examples.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  There are sentencing guidelines I am required to consult in order to determine an appropriate sentence in your case.

Have you spoken with Mr. Silverman about the sentencing guidelines?

THE DEFENDANT:  Yes, I have.

THE COURT:  You should understand I will not be able to determine what the guidelines recommend until after a presentence report has been prepared and you and the government

MAC8HAFP

have had a chance to comment on the facts as they are reported by the probation officer.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  You should also understand that after I determine what the guidelines range is and thought about and determined whether a departure, whether upwards or downwards, from that range is called for, I will then determine what an appropriate sentence is in your case, having in mind not only the sentencing guidelines but all of the factors set forth in the sentencing statute, including the need for the sentence imposed to reflect the seriousness of your offenses, the need to promote respect for the law, to provide just punishment, and to afford adequate deterrence to criminal conduct.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  You should understand that if your attorney or anyone else has attempted to estimate or predict what your sentence will be, that their estimate or prediction could be wrong?

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  No one, not even your attorney or the prosecutor, can give you any assurance of what your sentence will be.  Your sentence cannot be determined until the

MAC8HAFP

presentence report is prepared and I have ruled on any challenges to the report and determined whether I believe there are grounds to depart, whether upwards or downwards, from the guidelines range and otherwise determine what an appropriate sentence is in your case.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  You should fully understand that even if your sentence is different from what your attorney or anyone else told you it might be, or if it is different from what you expect, you will still be bound by your guilty plea and you will not be allowed to withdraw your plea of guilty.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  I have been given a plea agreement, which I have marked as Exhibit 2 to these proceedings.  You told me a moment ago that it bears your signature.

Mr. Haft, did you read the plea agreement before you signed it?

THE DEFENDANT:  Yes, I did.

THE COURT:  Did you discuss it with Mr. Silverman before you signed it?

THE DEFENDANT:  Yes, I did.

THE COURT:  Did you fully understand all of the terms of the plea agreement before you signed it?

MAC8HAFP

THE DEFENDANT:  Yes, I did.

THE COURT:  Does this agreement constitute your complete and total understanding of the entire agreement between you and the United States government as to this matter?

THE DEFENDANT:  Yes, I understand.

THE COURT:  Has anyone offered you any inducements or threatened you or forced you to plead guilty or to enter into the plea agreement?

THE DEFENDANT:  No.

THE COURT:  Mr. Silverman, do you know of any valid defense that would prevail at trial or any other reason why Mr. Haft should not be permitted to plead guilty today?

MR. SILVERMAN:  I do not.

THE COURT:  Do you believe there is an adequate factual basis to support a guilty plea?

MR. SILVERMAN:  Yes, I do, your Honor.

THE COURT:  Mr. Andrews, does the government represent there is an adequate factual basis to support a guilty plea?

MR. ANDREWS:  Yes, your Honor.

THE COURT:  Mr. Haft, we have reached the point in the proceedings where I need you to tell me what you did that makes you believe that you are guilty of the crimes charged in the superseding information.

You can remain seated, sir.  Just bring the microphone close to you so that I can hear what you're saying and the

MAC8HAFP

court reporter can hear what you are saying.

THE DEFENDANT:  Between 1990 and 2021, I had conversations with Bradley Pierre, Jean Pierre, Marvin Moy, William Weiner, and others in the New York Southern District and elsewhere, during which it was agreed that I would prepare and file federal tax returns which overstated business expenses and deductions, took inappropriate business deductions, and misrepresented personal expenses as business expenses.

THE COURT:  You understood that pursuant to this agreement, you were going to be providing materially false information to the IRS, is that true?

THE DEFENDANT:  Yes.

THE COURT:  And you did in fact file these returns containing materially false information, correct?

THE DEFENDANT:  Yes.

THE COURT:  And all of this happened you said between 1990 and 2021, right?

THE DEFENDANT:  That is correct.

THE COURT:  Where were you when these conversations were taking place?  Did you have an office somewhere?

THE DEFENDANT:  I had an office and most of these conversations took place at people's place of business.

THE COURT:  Where, generally, were their businesses located?

THE DEFENDANT:  In New York state.

MAC8HAFP

THE COURT:  OK.  Did any of these conversations take place in either Manhattan, the Bronx or Westchester County?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Andrews, do you wish me to ask any additional questions of Mr. Haft?

MR. ANDREWS:  Just that Mr. Haft knew what he was doing was wrong when he was doing it.

THE COURT:  Mr. Haft, you understood at the time that you were engaged in these conversations and made this agreement, and filed these tax returns containing materially false information, you understood at the time that what you were doing was wrong and illegal?

THE DEFENDANT:  Yes.

THE COURT:  OK.  Anything else, Mr. Andrews?

MR. ANDREWS:  No, your Honor.

THE COURT:  All right.

Mr. Haft, are you pleading guilty because you are in fact guilty?

THE DEFENDANT:  Yes.

THE COURT:  Are you pleading guilty voluntarily and of your own free will?

THE DEFENDANT:  Yes.

THE COURT:  Then I will ask you as to each count how do you plead.  Beginning with Count One, guilty or not guilty?

THE DEFENDANT:  Guilty.

MAC8HAFP

THE COURT:  As to Count Two, guilty or not guilty?

THE DEFENDANT:  Guilty.

THE COURT:  Because you acknowledge that you are guilty of Counts One and Two of the superseding information, because I find you know your rights and you are waiving them knowingly and voluntarily, and because I find your plea is entered knowingly and voluntarily and is supported by an independent basis in fact containing each of the essential elements of these offenses, I accept your guilty plea and adjudge you guilty of the offenses to which you have pled guilty.

All right.  What do the parties suggest as to a sentencing date?

MR. ANDREWS:  I think we can set a date six months from now, your Honor.

THE COURT:  OK.  I will set as a control date April 12, 2023, at 3 p.m. for sentencing.

If we proceed on that date, that would make the defendant's sentencing submission due on March 22, and the government's submission due on March 29, 2023.

Now, I understand the parties have reached an agreement as to an appropriate bail package, is that correct?

MR. ANDREWS:  That's correct, your Honor.

MR. SILVERMAN:  Yes, your Honor.

THE COURT:  Mr. Andrews, you want to lay out the terms

MAC8HAFP

of that agreement.

MR. ANDREWS:  Yes.  And the terms are also set forth on page 4 of the agreement, the second full paragraph.

The terms are, first, a $100,000 personal recognizance bond cosigned by two financially responsible persons.  The defendant to be released on his own signature today with two weeks to fulfill the bond requirements.  Second, surrender of all travel documents and no new applications.  Third, travel restricted to the Southern District of New York, Eastern District of New York, and Southern District of Pennsylvania -- of Florida, not Pennsylvania.  As well as adherence to all other standard conditions of release.

THE COURT:  All right.  Mr. Silverman, is that the package that you agreed on with the government?

MR. SILVERMAN:  I may have misheard.  My client tells me that New Jersey is among the areas that he would travel to potentially.  If that's not in the agreement, I would ask that it be amended accordingly.

THE COURT:  Do you have any objection to the bail limits being extended to New Jersey, Mr. Andrews?

MR. ANDREWS:  No, your Honor.

THE COURT:  Then with that addition, I will set bail on the terms that have been listed.  We will issue a written order with those terms later today.

Mr. Andrews, is there anything else on behalf of the

MAC8HAFP

government?

MR. ANDREWS:  No, your Honor.

THE COURT:  Mr. Silverman, anything else on behalf of the defendant?

MR. SILVERMAN:  No.  Thank you, your Honor.

THE COURT:  Thank you all and good day.

(Adjourned)