```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                    New York, N.Y.

           v.                                22 Cr. 19 (PGG)

BRADLEY PIERRE,
WILLIAM WEINER,
ARTHUR BOGORAZ,
JEAN PIERRE,

                  Defendants.

------------------------------x
                                             August 28, 2023
                                             10:10 a.m.

Before:

                  HON. PAUL G. GARDEPHE,

                                             U.S. District Judge

                          APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  MATTHEW ANDREWS
     Assistant United States Attorney

SERCARZ & RIOPELLE, LLP
     Attorneys for Defendant B. Pierre
BY: ROLAND G. RIOPELLE

MAYER BROWN, LLP (NY)
     Attorneys for Defendant Weiner
BY: KELLY B. KRAMER

AARON M. RUBIN
     Attorney for Defendant Bogoraz

TALKIN, MUCCIGROSSO & ROBERTS
     Attorneys for Defendant J. Pierre
BY: DENIS P. KELLEHER
```

1           (Case called)

2           THE DEPUTY CLERK:  Counsel for the government, please
3  state your appearance.

4           MR. ANDREWS:  Good morning, your Honor.  Matthew
5  Andrews for the government.

6           THE DEPUTY CLERK:  Counsel for defendant, please state
7  your appearances.

8           MR. RIOPELLE:  Roland Riopelle for the defendant
9  Bradley Pierre this morning.  Good morning, your Honor.

10           THE COURT:  Good morning.

11           MR. KRAMER:  Kelly Kramer on behalf of the Dr. William
12  Weiner.  Good morning.

13           THE COURT:  Good morning.

14           MR. RUBIN:  For Mr. Bogoraz it is Aaron Rubin.

15           THE COURT:  Good morning.

16           MR. KELLEHER:  Good morning, your Honor. Denis
17  Kelleher for Mr. Jean Pierre.

18           THE COURT:  OK.  We are going to begin by arraigning
19  the defendants on a superseding indictment.  I need to ask each
20  of you to stand, please.

21           Mr. Bradley Pierre, you are here with Roland Riopelle
22  as your attorney this morning; is that correct?

23           DEFENDANT B. PIERRE:  I didn't hear you, your Honor.

24           THE COURT:  Roland Riopelle is your attorney this
25  morning; is that correct?

N8S5pieC

1           DEFENDANT B. PIERRE:  Yes, your Honor.
2           THE COURT:  Mr. Weiner, you are here with Kelly
3    Kramer?
4           DEFENDANT WEINER:  Correct.
5           THE COURT:  Mr. Bogoraz, you are here with Mr. Rubin
6    as your attorney?
7           DEFENDANT BOGORAZ:  Yes, your Honor.
8           THE COURT:  And Mr. Jean Pierre, you are here with
9    Mr. Kelleher as your attorney; is that correct?
10          DEFENDANT J. PIERRE:  Yes, that's correct.
11          THE COURT:  Have each of you received a copy of the
12   superseding indictment which reflects the charges against you?
13          Mr. Bradley Pierre?
14          DEFENDANT B. PIERRE:  Yes, I did, your Honor.
15          THE COURT:  Dr. Weiner?
16          DEFENDANT WEINER:  Yes, your Honor.
17          THE COURT:  Mr. Bogoraz.
18          DEFENDANT BOGORAZ:  Yes, your Honor.
19          THE COURT:  And Mr. Jean Pierre?
20          DEFENDANT J. PIERRE:  Yes, your Honor.
21          THE COURT:  And have each of you had an opportunity to
22   read the indictment?
23          Mr. Bradley Pierre?
24          DEFENDANT B. PIERRE:  Yes, I did, your Honor.
25          THE COURT:  Dr. Weiner?

1           DEFENDANT WEINER:  Yes, your Honor.
2           THE COURT:  Mr. Bogoraz?
3           DEFENDANT BOGORAZ:  Yes, your Honor.
4           THE COURT:  Mr. Jean Pierre?
5           DEFENDANT J. PIERRE:  Yes.
6           THE COURT:  And have each of you discussed the
7   superseding indictment with your attorney?
8           Mr. Bradley Pierre?
9           DEFENDANT B. PIERRE:  Yes, your Honor.
10          THE COURT:  Dr. Weiner?
11          DEFENDANT WEINER:  Yes, your Honor.
12          THE COURT:  Mr. Bogoraz?
13          DEFENDANT BOGORAZ:  Yes, your Honor.
14          THE COURT:  Mr. Jean Pierre?
15          DEFENDANT J. PIERRE:  Yes, your Honor.
16          THE COURT:  Mr. Bradley Pierre, Dr. Weiner,
17  Mr. Bogoraz, and Mr. Jean Pierre, are each charged in Count One
18  of the superseding indictment which charges a conspiracy to
19  commit healthcare fraud, in this case a no-fault insurance
20  fraud scheme involving allegedly fraudulent ownership and
21  operation of no-fault medical clinics, as well as allegations
22  of overbilling insurers.
23          Mr. Bradley Pierre and Dr. Weiner are charged in Count
24  Two, which alleges a conspiracy to launder money, specifically
25  proceeds of the healthcare fraud conspiracy that is charged in

Count One.

    Mr. Bradley Pierre and Mr. Bogoraz are charged in Count Three with a conspiracy to commit an offense against United States, specifically Travel Act bribery in connection with a scheme to pay bribes to procure patients for the no fault clinics that are allegedly involved in the healthcare fraud conspiracy charged in Count One.

    Mr. Bradley Pierre is charged in Count Four with aggravated identity theft.  The government says that he transferred, possessed and used, without lawful authority, the names and phone numbers of motor vehicle accident victims, during and in relation to the healthcare fraud conspiracy charged in Count One.

    Finally, Mr. Bradley Pierre, Dr. Weiner, and Mr. Jean Pierre, are charged in Count Five with conspiring to commit an offense against the United States, in this case impeding, impairing, obstructing, and defeating the lawful governmental functions of the IRS in connection with the ascertainment, computation, assessment, and collection of revenue by allegedly filing corporate and individual tax returns that were materially false.

    I need to ask each of you if you understand the charges against you that are set forth in the superseding indictment.

    MR. ANDREWS:  Your Honor?

1        THE COURT:  Yes.

2        MR. ANDREWS:  One clarification.  For Count One it is
3   just Bradley Pierre and William Weiner who are charged with the
4   healthcare fraud.  The indictment is a little bit confusing.  I
5   know the way it is written, but in terms of the statutory
6   allegations later on, only those two defendants, as well as
7   Marvin Moy are in Count One.

8        THE COURT:  All right.  I am confused then because I
9   am looking at paragraph 1 and it in all caps lists all of the
10  defendants, but you are telling me that actually not all are
11  charged in Count One.

12       MR. ANDREWS:  So that is more of an overview portion
13  of the indictment, your Honor, in terms of the speaking
14  indictment, and as I said before, I understand that it is a
15  little bit confusing because of the way that the indictment is
16  labeled in that way.  However, when you get to, later on, to
17  the actual statutory allegations, it is just Bradley Pierre and
18  William Weiner and Marvin Moye who are named as being charged
19  in Count One.

20       THE COURT:  OK.  Well, that's on page 13, so it takes
21  a long time to get there.

22       All right.  So with respect to Count One I mistakenly
23  said that Mr. Bogoraz and Mr. Jean Pierre are charged in Count
24  One, that was in error, so please understand that only
25  Mr. Bradley Pierre and Dr. Weiner are charged in Count One.

N8S5pieC

OK?  Do you understand that?

    DEFENDANT B. PIERRE:  Yes, your Honor.

    THE COURT:  So, back to my original question, do each of you understand the charges against you set forth in the superseding indictment?

    Mr. Bradley Pierre?

    DEFENDANT B. PIERRE:  Yes, your Honor.

    THE COURT:  Dr. Weiner?

    DEFENDANT WEINER:  Yes, your Honor.

    THE COURT:  Mr. Bogoraz?

    DEFENDANT BOGORAZ:  Yes, your Honor.

    THE COURT:  Mr. Jean Pierre?

    DEFENDANT J. PIERRE:  Yes, your Honor.

    THE COURT:  Do any of you wish me to read the charges against you in the superseding indictment here in open court?

    Mr. Bradley Pierre?

    DEFENDANT B. PIERRE:  No, your Honor.

    THE COURT:  Dr. Weiner?

    DEFENDANT WEINER:  No, your Honor.

    THE COURT:  Mr. Bogoraz?

    DEFENDANT BOGORAZ:  No, your Honor.

    THE COURT:  Mr. Jean Pierre?

    DEFENDANT J. PIERRE:  No, your Honor.

    THE COURT:  Then I have to ask you, with respect to the charges, how you plead.  I will begin with you, Mr. Bradley

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1   Pierre, with respect to Counts One through Five of the
2   superseding indictment, how do you plead; guilty or not guilty?
3            DEFENDANT B. PIERRE:  Not guilty.
4            THE COURT:  All right.
5            And Dr. Weiner, with respect to Counts One, Two and
6   Five, how do you plead; guilty or not guilty?
7            DEFENDANT WEINER:  Not guilty.
8            THE COURT:  I gather Mr. Bogoraz is only charged in
9   Count Three; is that correct?
10           MR. ANDREWS:  That is correct, your Honor.
11           THE COURT:  Mr. Bogoraz, with respect to Count Three,
12  how do you plead; guilty or not guilty?
13           DEFENDANT BOGORAZ:  Not guilty, your Honor.
14           THE COURT:  And finally, with respect to Mr. Jean
15  Pierre, with respect to Count Five, how do you plead, sir;
16  guilty or not guilty?
17           DEFENDANT J. PIERRE:  Not guilty.
18           THE COURT:  Thank you.  You may be seated.
19           Because we have a new defendant here -- Mr. Jean
20  Pierre -- I am going to read the Rule 5(f) disclosure.
21           As required by Rule 5(f) of the Federal Rules of
22  Criminal Procedure, I direct the government to comply with its
23  obligations under *Brady v. Maryland*, and its progeny, to
24  disclose to the defense all information, whether admissible or
25  not, that is favorable to the defendants, material either to

guilt or to punishment, and known to the defendant.  Possible consequences for non-compliance with this order may include dismissal of certain charges, or all charges, exclusion of evidence, as well as professional discipline or Court sanction on the attorney or attorneys responsible.

After these proceedings I will enter an updated written order that more fully describes the government's obligations and the possible consequences for failing to meet those obligations and I do direct the government to obey and comply with that order.

Does the government confirm that it understands its obligations and will fulfill them?

MR. ANDREWS:  Yes, and yes, your Honor.

THE COURT:  Mr. Anderson, could you tell me, generally, about where we are in terms of discovery, as well as more specifically where we are in terms of Mr. Jean Pierre?

MR. ANDREWS:  So, with regard to Mr. Jean Pierre, I spoke with his attorney this morning.  He has received any discovery from the discovery coordinator that was previously produced.  With regard to the 5018 charges on August 7, we produced the discovery for the tax charges.  It is my understanding that discovery for the tax charges is now substantially completed.  If we identify anything else, we will produce it to counsel as quickly as possible but are not presently aware of any other Rule 16 for the tax charges being

1    in our possession.  As well, we produced some additional early

2    3500 for several witnesses and will continue to speak with

3    counsel about production as we get closer to trial.

4            THE COURT:  I wanted to ask you, could you give me a

5    sense of the magnitude of the discovery related to the tax

6    charge?

7            MR. ANDREWS:  Yes, your Honor.

8            There is no additional cert forms that we have done.

9    I believe that we did subpoenas for about 70 to 80 entities,

10   those are the subpoenas for records.  It is not nearly as

11   voluminous as the prior discovery but I leave it to defense

12   counsel to characterize how long it would take for them to

13   review records relating to those 70 to 80 entities.

14           THE COURT:  Mr. Anderson, anything else you want to

15   say before I turn to Mr. Delleher?

16           MR. ANDREWS:  No, your Honor.

17           THE COURT:  Mr. Delleher?

18           MR. KELLEHER:  Kelleher.

19           THE COURT:  Kelleher.  I'm sorry, sir; very sorry.

20           MR. KELLEHER:  That's OK.  It is fine, your Honor.

21           I can confirm that we are in receipt of a voluminous

22   amount of discovery.  I suspect it's all -- I just don't know

23   if there is anything outstanding with respect to the other

24   related indictments but I believe we have everything that we

25   are still going through.  I have not gone through everything.

1  It is thousands of pages with respect to the related
2  indictments and we did receive the tax materials consistent
3  with the date -- on or about the date the government conveyed
4  to the Court.
5          THE COURT:  Well, I am desirous of setting a trial
6  date today because the case has been pending for quite some
7  time.  However, Mr. Kelleher, I want to make sure that you have
8  enough time to sort of catch up with your colleagues, so what I
9  have in mind is a two-month period for you to review the
10 discovery you have received and determine whether you will file
11 any pretrial motions on behalf of your client.  And with
12 respect to a trial date, I would like to set a date early in
13 the new year, meaning in January.  Does that pose any
14 difficulties for anyone?
15         MR. KELLEHER:  Your Honor, I believe -- it doesn't
16 specifically for me, however my co-counsel, Noam Greenspan is
17 on trial with my other partner at least until just before
18 Christmas.  I don't know if it is going to leak into January.
19 And then they have to start again, I think at the end of
20 January.
21         THE COURT:  I'm sorry.  They have to start again?
22         MR. KELLEHER:  In a different matter.
23         THE COURT:  Different trial?
24         MR. KELLEHER:  Correct.
25         THE COURT:  Let me ask Mr. Anderson, how long are you

1   anticipating a trial is going to take?
2           MR. ANDREWS:  I anticipate it would probably take
3   about two to three weeks, your Honor.  I would flag that you
4   have the trial in other matter for November 27th, I believe.
5   There are some overlapping witnesses but there are not that
6   many, meaning the government is going to have to essentially
7   prepare all of the remaining witnesses, which might be a little
8   bit difficult for us to do given the holiday in December.  But,
9   I leave it to the Court to determine a trial date.
10          THE COURT:  Let me hear from other attorneys about
11  whether they have any difficulties with January.
12          Mr. Riopelle?
13          MR. RIOPELLE:  I don't have anything scheduled in
14  right now.  I do have a trial scheduled in the District of New
15  Jersey that will begin in early December and will probably last
16  most of December, so later in January would be better for me.
17  And then I have a trial before Judge Liman scheduled in March,
18  I don't know whether that date will hold, but that is a
19  scheduled date, it is an insider trading case.  Probably,
20  again, a two to three-week trial.
21          THE COURT:  Mr. Kramer?
22          MR. KRAMER:  Your Honor, I have a two to three-month
23  trial scheduled to begin in mid-February, it is in front of
24  Judge Levy in the Eastern District of Michigan, so a January
25  date would be very difficult to square with the prep required

1   for that trial as well.
2           THE COURT:  Mr. Rubin.
3           MR. RUBIN:  Your Honor, I don't have any conflicting
4   commitments for January.
5           THE COURT:  And Mr. Kelleher, I have already spoken
6   with you.
7           MR. KELLEHER:  Yes.  I specifically do not have any
8   conflicting issues with January but it could create a problem
9   for my co-counsel.
10          THE COURT:  Right.  Well, as I said, this is a '22
11  case and I need to get it scheduled and we are still in August
12  so I am going to have to schedule it for trial.  I am going to
13  put it down for.
14          MR. RIOPELLE:  How about June?  We will all be done
15  with everything we have by June.
16          THE COURT:  Thank you.  I appreciate that.
17          Actually, what I am looking for is a '24 calendar,
18  Mike.
19          THE DEPUTY CLERK:  OK.  Give me a moment, Judge?
20          THE COURT:  Actually, I think I'm all set.
21          THE DEPUTY CLERK:  OK.
22          THE COURT:  I am going to put it down for the 16th of
23  January, so that would mean that pretrial filings would be due
24  a month before; pretrial filings being suggested voir dire,
25  request to charge, motions *in limine*, with responsive papers

due a week later.  I will issue a written order with all the dates later today.

    Does the government wish me to exclude time between then and now?

    MR. ANDREWS:  Yes, your Honor.  As set forth in the record, defense counsel are continuing to review the discovery in the tax matter and the government continues to discuss with counsel potential resolution which might obviate the need for trial.

    THE COURT:  Is there any objection to exclusion of time through January 16, 2024?

    MR. RIOPELLE:  Not from me, your Honor.

    MR. KRAMER:  Nor from me.

    MR. RUBIN:  Not from me, your Honor.

    THE COURT:  Mr. Kelleher?  I don't want why I want to call you "Delleher."  Could you please change your name?  Because Kelleher is causing a lot of problems.

    MR. KELLEHER:  You can call me Denis.

    THE COURT:  Any problem with an exclusion, Mr. Kelleher, through January 16?

    MR. KELLEHER:  No, your Honor.

    THE COURT:  I will exclude time between today and January 16, 2024 under the Speedy Trial Act pursuant to Title 18 United States Code Section 3161(h)(7)(A) to permit defense counsel to continue their review of the discovery, to

permit Mr. Kelleher to prepare any necessary pretrial motions, and for all other defendants to conduct any necessary discussions with the government about a possible pretrial disposition.  I do find that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

Yes, Mr. Riopelle?

MR. RIOPELLE:  Your Honor, in terms of the tax counts, which of course we are just getting our arms around now, one thing that would be enormously helpful to the defendants who are charged in those counts is a bill of particulars or some description from the government as to what is actually wrong with the tax returns that are suggested to have evaded tax.  It appears to me that there are deductions taken that the government doesn't agree with but we don't have that designated specifically yet, and I assume we will get that at some point when we have a revenue agent who will testify about tax evading and things like that, but the sooner we get that, the quicker we can come up to speed on those counts.

THE COURT:  I would note that the tax count charges a period from 2016 through at least in or about 2020.

Mr. Anderson, I know the government has been very forthcoming with discovery here.  What are your intentions with respect to the tax count?

MR. ANDREWS:  When you say intentions, your Honor,

1     specifically with regard to?

2              THE COURT:  Helping the defendants understand what the
3     theory of the tax counts are.  Mr. Riopelle mentioned that is
4     the government concerned about certain deductions that were
5     taken?  Is the government concerned about income that was not
6     reported?  What is the essence of it.

7              MR. ANDREWS:  Judge, we have always told defense
8     counsel we are ready and happy to meet with them and discuss
9     with them any of the charges and we have done that since day
10    one.  I have spoken with two defense counsel so far and said if
11    you have questions, please, reach out to us.  So, we are happy
12    to continue doing that.  If defense counsel believes that those
13    conversations are not sufficient, they of course can file any
14    motions, but we would ask that in whatever motions they file,
15    they note that they have spoken with the government and note
16    the content of those communications, because we have gone out
17    of our way to speak with defense counsel but also produce
18    extraordinary amounts of relative 3500.

19             MR. RIOPELLE:  Fair enough, your Honor.  In terms of
20    that, we got three or four witness reports from the accountant
21    who prepared the tax returns, the fourth one had the *Brady*
22    material in it.  We had to ask specifically for that, but the
23    government did turn it over after we asked specifically for it.

24             THE COURT:  All right.  Well, I do believe, given what
25    past experience with this particular case has shown, that the

government will be forthcoming in helping the defense lawyers understand the bases for the new charges and, of course, if anyone is unhappy, I am sure you will let me know.

Anything else anyone wants to say before we adjourn?

MR. KELLEHER:  I have just a couple things, your Honor.  So, you had indicated giving me a couple of months --

THE COURT:  Yes.

MR. KELLEHER:  -- to determine whether I want to file any pretrial motions.

THE COURT:  Yes.

MR. KELLEHER:  Is there a specific date the Court had in mind?

THE COURT:  It is going to be in the order.

MR. KELLEHER:  OK.

THE COURT:  But you can plan on approximately 60 days from today, but it will be in the order that I'm going to issue later today.

MR. KELLEHER:  That's fine.

The only other issue that has nothing to do with the other defendants or my co-counsel is I, consistent with your rules -- and I alerted Mr. Anderson briefly to this issue this morning at first conference -- I indicated that there is a benefactor payment that I don't think there is a conflict but I wanted to be in compliance with the Court's rules.

THE COURT:  Mr. Anderson, do you have any concerns?

1       MR. KELLEHER:  He doesn't know enough about it.
2       THE COURT:  Oh.  So, right now --
3       MR. KELLEHER:  Mr. Anderson is much better at
4  producing discovery than we are, Judge.
5       THE COURT:  All right.
6       Well, Mr. Kelleher, do you have any concerns about
7  disclosing the details of the benefactor payment to
8  Mr. Anderson so he can decide whether a Curcio is necessary or
9  not?
10      MR. KELLEHER:  We, in our brief conversation before
11 the Court appeared, we said we were going to have a
12 conversation and clearly, if he has an issue, we will come
13 back.
14      THE COURT:  I would appreciate disclosure to me, and
15 then at the same time the government can weigh in on whether it
16 thinks a Curcio is necessary.
17      MR. ANDREWS:  Very good.
18      THE COURT:  Can you do that in a week?
19      MR. KELLEHER:  Sure.  When you say in a week to you --
20      THE COURT:  The details about --
21      MR. KELLEHER:  *In camera*?
22      THE COURT:  You can send it *ex parte*.
23      MR. KELLEHER:  OK.
24      THE COURT:  But I do want the government to be able to
25 weigh in on it.

N8S5pieC

1           MR. KELLEHER:  Fair enough.
2           THE COURT:  So, keep that in mind.
3           MR. KELLEHER:  I will.
4           THE COURT:  All right.  Anything else?
5           MR. KELLEHER:  Nothing.
6           THE COURT:  All right.  Thank you, all.
7                             o0o