

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 7, 2023

<u>**VIA ECF**</u>
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:     *United States v. Bradley Pierre, et al.,*
> 22 Cr. 19 (PGG)

Dear Judge Gardephe:

The Government writes in advance of the conference scheduled on December 12, 2023 at 3:30pm concerning the issues raised in the December 1, 2023 and December 4, 2023 letters. *See* Dkt. 275-281. Defendants Bogoraz and Weiner make several additional inaccurate assertions in their supplemental letters, *see* Dkt. 280 (Bogoraz) and Dkt. 281 (Weiner), that the Government wishes to address prior to the conference.

## I.     Arthur Bogoraz' Supplemental Letter (Dkt. 280)

Bogoraz asserts in his supplemental letter that the Government's "intent for a superseding indictment is impermissibly motivated, and that the true reason for its delay is still being withheld from the parties, and the Court." Dkt. 280. This is nonsense. The Court is aware that the Government regularly returns to the grand jury once it has a clear sense of which defendants are going to trial. The Government has consistently advised since 2022 that when the parties proceed to trial, the Government might add additional charges against Bogoraz—specifically, a money laundering count. The Government then made a plea offer to Bogoraz on October 13, 2023 to the charged bribery conspiracy count. Bogoraz' counsel notified the Government on October 30, 2023 that Bogoraz would not take the plea. The Government thereafter promptly sought a superseding indictment.

There further is no prejudice to counsel from the additional money laundering charge. Counsel has been aware of the potential charge and related facts for over a year. Indeed, the Government reiterated by email to counsel in September 2023 that "we anticipate superseding Bogoraz into the money laundering count if we end up proceeding to trial," to which counsel responded, "Thank you for the heads up.  I will continue to discuss with my client and reach out after receipt of the offer." The email exchange is incorporated herein as <u>Exhibit A</u>. The idea that the Government sandbagged counsel in hopes of improperly obtaining an adjournment is utterly baseless.

Lastly, Bogoraz' speculation that the Government sought a superseding indictment "to avoid impeachment disclosures relating to its primary cooperator" is baseless. For the avoidance of doubt, the Government will make it clear for the record. The Government has no idea what counsel is talking about, and counsel's assertions regarding a potential witness's credibility are unsupported. If the Court wishes to examine the 3500 of any witness to confirm, the Government will readily make such materials available.

## II.     William Weiner's Supplemental Letter (Dkt. 281)

William Weiner asserts in his supplemental letter that "Weiner did confer with the Government regarding the discovery issues that Dr. Weiner raised in his initial letter." Dkt. 281. This is incorrect. Counsel does not (and cannot) claim that they conferred with the Government about the timing of witness lists, exhibit lists, or 404(b) evidence, or their specific questions about grand jury and trial subpoenas. Instead, counsel claims only that they conferred with the Government regarding 3500. This conversation is mischaracterized.

On October 6, 2023, counsel requested that the Government produce the entirety of the 3500 for a cooperating witness more than 2 ½ months before trial. The Government asked for the legal basis for such an early disclosure, which counsel failed to provide. Counsel then requested that the Government produce the 3500 for every trial witness 1 ½ months before trial. The Government again asked for the legal basis for such an early disclosure, which counsel failed to provide. The Government stated that it would produce 3500 several weeks before trial in accordance with the ordinary practice of courts in this District. The Government added that it did not know the precise date for 3500 because the parties were still more than 2 ½ months from trial, the Government did not know which defendants were proceeding to trial and which witnesses it would be calling at trial, and that the timing of 3500 would depend in part on the number of custodial witnesses the Government needed to prepare. The Government further stated that it welcomed further discussion about deadlines as the parties got closer to trial.

Lastly, counsel's claim that that they "requested a meeting to discuss the tax charges" and "the Government declined that request as well" is a gross mischaracterization. The Government had a multi-hour meeting with counsel at the Government's offices to discuss the tax charges on June 6, 2022. After the Government superseded with tax charges in 2023, counsel requested another meeting to discuss the exact same subject matter. The Government responded with the following emails, which are incorporated as Exhibit B:

> With regard to your question about meeting, we are always happy to discuss and have gone to great lengths to do so. However, we are not sure meeting for a third time would be productive. We met with you all twice for several hours last year and were disappointed that your prior motion for a bill of particulars did not mention that fact. If you want to send us specific questions about the charges, we can confer with our chiefs and determine what we can answer now and address those questions via email, phone, or a meeting (should the latter be appropriate).

> . . . .

2

With regard to your questions, the most relevant returns for Dr. Weiner are (1) Inwood Country Club (his personal country club); (2) JAS Aquatics (pool and lawn care for his home); (3) Russell Friedman (collections attorney); (4) Valley National Bank (his bank); and (5) Nonna Shikh (Bradley Pierre's wife). The Indictment also alleges that Dr. Weiner improperly classified personal car expenses as business expenses, so I'd recommend taking a look for documents related to his car in the discovery as well.

In terms of the Indictment, the charges are no different from what we described in our meeting last year. It's a scheme to overstate business expenses and hide income. We also put a lot of time into making it a speaking Indictment for the ease of counsel, and have voluntarily produced much of Albert Haft's 3500 early. Those documents should point you in the right direction, but please feel free to reach out if you have specific questions.

The Government hopes that the foregoing provides additional clarity in advance of the parties' conference on December 12, 2023.

Respectfully submitted,
DAMIAN WILLIAMS
United States Attorney

By:    /s/
MATHEW ANDREWS
MICHAEL LOCKARD
QAIS GHAFARY
Assistant United States Attorney
Tel.    (212) 637-6526

# Exhibit A

**Andrews, Mathew (USANYS)**

| | |
|---|---|
| **From:** | Aaron M. Rubin <aaron.m.rubin@gmail.com> |
| **Sent:** | Tuesday, September 12, 2023 12:10 AM |
| **To:** | Andrews, Mathew (USANYS) |
| **Subject:** | [EXTERNAL] Re: Bogoraz |

Thank you for the heads up.  I will continue to discuss with my client and reach out after receipt of the offer.

On Mon, Sep 11, 2023 at 1:34 PM Andrews, Mathew (USANYS) <Mathew.Andrews@usdoj.gov> wrote:

Hi Aaron, I'm going to speak to my chiefs about making plea offer to the 371 bribery conspiracy charge, which would expire 2-3 weeks after we extend it. That has a 5 year cap. We anticipate superseding Bogoraz into the money laundering count if we end up proceeding to trial.


Mathew Andrews

Assistant United States Attorney

United States Attorney's Office

Southern District of New York

One Saint Andrew's Plaza

New York, NY 10007

Tel: (212) 637-6526

# Exhibit B

**Andrews, Mathew (USANYS)**

| | |
|---|---|
| **From:** | Andrews, Mathew (USANYS) |
| **Sent:** | Tuesday, August 22, 2023 6:55 AM |
| **To:** | Kramer, Kelly; Pellegrino, Louis (USANYS) |
| **Subject:** | RE: US v. Pierre et al |

Hi Kelly, the vacation was very nice. With regard to your questions, the most relevant returns for Dr. Weiner are (1) Inwood Country Club (his personal country club); (2) JAS Aquatics (pool and lawn care for his home); (3) Russell Friedman (collections attorney); (4) Valley National Bank (his bank); and (5) Nonna Shikh (Bradley Pierre's wife). The Indictment also alleges that Dr. Weiner improperly classified personal car expenses as business expenses, so I'd recommend taking a look for documents related to his car in the discovery as well.

In terms of the Indictment, the charges are no different from what we described in our meeting last year. It's a scheme to overstate business expenses and hide income. We also put a lot of time into making it a speaking Indictment for the ease of counsel, and have voluntarily produced much of Albert Haft's 3500 early. Those documents should point you in the right direction, but please feel free to reach out if you have specific questions.

**From:** Kramer, Kelly <KKramer@mayerbrown.com>
**Sent:** Monday, August 21, 2023 7:58 PM
**To:** Andrews, Mathew (USANYS) <MAndrews@usa.doj.gov>; Pellegrino, Louis (USANYS) <LPellegrino@usa.doj.gov>
**Subject:** [EXTERNAL] RE: US v. Pierre et al

Matt: I hope you're enjoying your vacation.  I asked for a meeting for three reasons.  First, we just finished loading most of the discovery you provided on August 7 relating the tax charge.  It's voluminous, so I wanted to take you up on your offer to discuss the discovery relevant to each defendant on an individual basis. Second, we have never discussed the tax conspiracy charge that the grand jury returned (we only ever discussed Dr. Weiner's returns). I thought it would be helpful to understand whatever you're willing to tell me about your theory and how Dr. Weiner fits into the charged conspiracy. Third, I knew I'd be in NYC on August 28 for the arraignment. It seemed like a meeting would be efficient, but I'm fine with a phone call if that's your preference. Best regards, Kelly

**From:** Andrews, Mathew (USANYS) <Mathew.Andrews@usdoj.gov>
**Sent:** Wednesday, August 16, 2023 2:09 AM
**To:** Kramer, Kelly <KKramer@mayerbrown.com>; Pellegrino, Louis (USANYS) <Louis.Pellegrino@usdoj.gov>
**Subject:** Re: US v. Pierre et al

**CAUTION: External Email -** Only click on contents you know are safe.

Hi Kelly, I hope you are well. 8/28 works for the Marshals and IRS. They are going to process the defendants right after the conference because there's not time before. With regard to your question about meeting, we are always happy to discuss and have gone to great lengths to do so. However, we are not sure meeting for a third time would be productive. We met with you all twice for several hours last year and were disappointed that your prior motion for a bill of particulars did not mention that fact. If you want to send us specific questions about the charges, we can confer with our chiefs and determine what we can answer now and address those questions via email, phone, or a meeting (should the latter be appropriate). I'm on vacation until 8/23 but can take a look once I'm back in the country.

Get Outlook for iOS

**From:** Kramer, Kelly <KKramer@mayerbrown.com>
**Sent:** Tuesday, August 15, 2023 4:23 PM

**To:** Andrews, Mathew (USANYS) <MAndrews@usa.doj.gov>; Pellegrino, Louis (USANYS) <LPellegrino@usa.doj.gov>
**Subject:** [EXTERNAL] US v. Pierre et al

Matt and Tony –

I have two questions for you.  First, have you heard anything from IRS/Marshalls regarding their availability to get the processing done?  Second, would you be free to meet on the afternoon of August 28 to discuss the new tax charge?  I'd like to understand more about what's in the new production, how it relates to Dr. Weiner, and the overall theory of the charge, as it seems to be different than what we discussed last year.

Best regards,
Kelly

_____

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information and our use of relationship insight tools in conjunction with email is available in our Privacy Notice.