UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

BRADLEY PIERRE,
WILLIAM WEINER,
ARTHUR BOGORAZ, and
JEAN PIERRE,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

S3 22 Cr. 19 (PGG)

**PROPOSED REQUESTS TO CHARGE**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

Mathew Andrews
Michael D. Lockard
Qais Ghafary
Assistant United States Attorneys
-*Of Counsel*-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

BRADLEY PIERRE,
WILLIAM WEINER,
ARTHUR BOGORAZ, and
JEAN PIERRE,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

S3 22 Cr. 19 (PGG)

**THE GOVERNMENT'S REQUESTS TO CHARGE**

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests the Court to include the following in its charge to the jury.

TABLE OF CONTENTS


1. REQUEST NO. 1 - General Requests ..... 1
2. REQUEST NO. 2 - Summary of the Indictment ..... 2
3. REQUEST NO. 3 - Counts One, Three, Four, Five, and Seven: Overview of Conspiracy Counts ..... 5
4. REQUEST NO. 4 - Count One: Elements of Conspiracy to Commit Health Care Fraud ..... 7
5. REQUEST NO. 5 - Count One: First Element – Existence of a Conspiracy ..... 8
6. REQUEST NO. 6 - Count One: Second Element – Membership in the Conspiracy ..... 11
7. REQUEST NO. 7 - Count One: Elements of Health Care Fraud ..... 15
8. REQUEST NO. 8 - Count Two: Elements of Health Care Fraud ..... 24
9. REQUEST NO. 9 - Count Three: Elements of Conspiracy to Commit Money Laundering ..... 25
10. REQUEST NO. 10 - Count Three: Elements of Money Laundering ..... 26
11. REQUEST NO. 11 - Count Four: Elements of Conspiracy to Commit Travel Act Bribery ..... 29
12. REQUEST NO. 12 - Count Four: Elements of Travel Act Bribery ..... 31
13. REQUEST NO. 13 - Count Five: Elements of Conspiracy to Commit Money Laundering ..... 38
14. REQUEST NO. 14 - Count Five: Elements of Money Laundering ..... 39
15. REQUEST NO. 15 - Count Six: Aggravated Identity Theft ..... 40
16. REQUEST NO. 16 - Count Seven: Elements of Conspiracy to Defraud the IRS ..... 43
17. REQUEST NO. 17 - Conscious Avoidance ..... 46
18. REQUEST NO. 18 - Motive ..... 49
19. REQUEST NO. 19 - Venue ..... 50
20. REQUEST NO. 20 - Time of the Offense ..... 52
21. REQUEST NO. 21 - Cooperating Witness Testimony ..... 53
22. REQUEST NO. 22 - Law Enforcement Witness and Government Employee Witnesses ..... 56
23. REQUEST NO. 23 - Expert Witnesses ..... 57
24. REQUEST NO. 24 - Preparation of Witnesses ..... 58
25. REQUEST NO. 25 - Particular Investigative Techniques Not Required ..... 59
26. REQUEST NO. 26 - Use of Audio and Video Recordings and Transcripts ..... 60
27. REQUEST NO. 27 - Stipulation of Facts ..... 62
28. REQUEST NO. 28 - Charts and Summaries – Not Admitted As Evidence ..... 63
29. REQUEST NO. 29 - Charts and Summaries – Admitted as Evidence ..... 64
30. REQUEST NO. 30 - Redaction of Evidentiary Items ..... 65

31. REQUEST NO. 31 - Defendant's Statements ........ 66
32. REQUEST NO. 32 - Evidence Obtained From Search ........ 67
33. REQUEST NO. 33 - Similar Act Evidence — Intent, Knowledge, Absence of Mistake, and Background ........ 68
34. REQUEST NO. 34 - Defendant's Right Not to Testify ........ 69
35. REQUEST NO. 35 - Defendant's Testimony ........ 70
36. REQUEST NO. 36 - Persons Not On Trial Or Not Indicted ........ 71
37. REQUEST NO. 37 - Uncalled Witness: Equally Available to Both Sides ........ 72
38. REQUEST NO. 38 - Defendant's Reputation ........ 73
39. REQUEST NO. 39 - Defendant's Character ........ 74
40. REQUEST NO. 40 - Cross-Examination of Witness on Defendant's Character ........ 75
41. REQUEST NO. 41 - Improper Considerations: Race, Religion, National Origin, Sex, or Age ........ 76
42. CONCLUSION ........ 77

**REQUEST NO. 1 - General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a. Function of Court and Jury.

b. Indictment Not Evidence.

c. Statements of Court and Counsel Not Evidence.

d. Burden of Proof and Presumption of Innocence.

e. Reasonable Doubt.

f. Jury's Recollection Controls.

g. Inferences.

h. Government Treated Like Any Other Party.

i. Definitions, Explanations and Example of Direct and Circumstantial Evidence.

j. Credibility of Witnesses.

k. Right to See Exhibits and Have Testimony Read During Deliberations.

l. Sympathy: Oath as Jurors.

m. Punishment Is Not To Be Considered By The Jury.

n. Verdict of Guilt or Innocence Must Be Unanimous.

**REQUEST NO. 2 - Summary of the Indictment**

The defendants, BRADLEY PIERRE, WILLIAM WEINER, ARTHUR BOGORAZ, and JEAN PIERRE, are formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of the defendants' guilt. It creates no presumption, and it permits no inference that the defendants are guilty. You are to give no weight to the fact that an Indictment has been returned against the defendants.

The Indictment in this case contains seven counts.

Count One charges that, between at least approximately 2015 through and including 2021, BRADLEY PIERRE and WILLIAM WEINER conspired with others known and unknown to commit health care fraud.

Count Two charges that, between at least approximately 2015 through and including 2021, BRADLEY PIERRE and WILLIAM WEINER committed health care fraud.

Count Three charges that, between at least approximately 2015 through and including 2021, BRADLEY PIERRE and WILLIAM WEINER conspired with others known and unknown to commit money laundering.

Count Four charges that, between at least approximately 2016 through and including November 2019, BRADLEY PIERRE and ARTHUR BOGORAZ conspired with others known and unknown to violate what is called the Travel Act by engaging in a bribery scheme.

Count Five charges that, between at least approximately 2016 through and including 2019, BRADLEY PIERRE and ARTHUR BOGORAZ conspired with others known and unknown to commit money laundering.

Count Six charges that, between at least approximately 2016 through and including November 2019, BRADLEY PIERRE committed aggravated identity theft.

Count Seven charges that, between at least approximately 2016 through and including 2020, BRADLEY PIERRE, JEAN PIERRE, and WILLIAM WEINER, conspired with others known and unknown to defraud the United States.

Later on, I will explain to you the differences between a conspiracy count and a substantive count. For now, just keep in mind that a conspiracy count is different from a substantive count. Counts One, Three, Four, Five, and Seven charge various defendants with conspiracies. Counts Two and Six charge various defendants with substantive counts.

You must consider each count separately, and you must return a separate verdict of guilty or not guilty for each count. Whether you find a defendant guilty or not guilty as to one count should not affect your verdict as to any other count.

Similarly, there are four defendants on trial in this case. In reaching a verdict, you must bear in mind that guilt is individual. Your verdict as to each defendant must be determined separately with respect to that defendant, solely on the evidence or lack of evidence presented against that defendant, without regard to the guilt or innocence of anyone else.

[In addition, some of the evidence in this case was limited to a particular defendant and not to the other defendants. Let me emphasize that any evidence admitted solely against one of the defendants may be considered only as against that defendant and may not in any respect enter into your deliberations on the other defendant or defendants to whom the evidence does not apply.]

Before I describe the specific elements of the alleged offenses, I should draw your attention to the fact that it does not matter if the Indictment charges that a specific act occurred

on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

> Adapted from the charge given in United States v. Bello, 91 Cr. 571 (MBM), aff'd mem., 990 F.2d 622 (2d Cir. 1993), and from Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instr. 3-6.

**REQUEST NO. 3 - Counts One, Three, Four, Five, and Seven: Overview of Conspiracy Counts**

Counts One, Three, Four, Five, and Seven charge various defendants with conspiracy offenses. Count One charges BRADLEY PIERRE and WILLIAM WEINER with participating in a conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349. Count Three charges BRADLEY PIERRE and WILLIAM WEINER with participating in a conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h). Count Four charges BRADLEY PIERRE and ARTHUR BOGORAZ with participating in a conspiracy to violate the Travel Act through a bribery scheme, in violation of Title 18, United States Code, Section 371. Count Five charges BRADLEY PIERRE and ARTHUR BOGORAZ with participating in a conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h). Count Seven charges BRADLEY PIERRE, JEAN PIERRE, and WILLIAM WEINER with participating in a conspiracy to defraud the United States in violation of Title 18, United States Code, Section 371.

As I will explain, a conspiracy is a kind of criminal partnership – an agreement of two or more people to join together to accomplish some unlawful purpose. The essence of the crime of conspiracy is an agreement or understanding to violate other law. If a conspiracy exists, even if it should fail in its purpose, it is still punishable as a crime.

The crime of conspiracy – or agreement – to violate a federal law, as charged in the Indictment, is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

You may find a defendant guilty of the crime of conspiracy – in other words, agreeing to commit health care fraud, or money laundering, Travel Act bribery, or defrauding the

United States – even if you find that the substantive crimes that were the objects of the conspiracy were never actually committed. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful and no substantive crime is actually committed.

> Adapted from the charges of the Honorable Barbara S. Jones in United States v. Ebbers, 02 Cr. 1144 (BSJ); United States v. Weissman, 01 Cr. 529 (BSJ); the Honorable Leonard B. Sand in United States v. Rigas, 02 Cr. 1236 (LBS); and Sand, et al., Modern Federal Jury Instructions, Instr. 19-2. See also United States v. Labat, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

**REQUEST NO. 4 - Count One: Elements of Conspiracy to Commit Health Care Fraud**

I will now describe the elements of each conspiracy charge in the Indictment. In order to sustain its burden of proof with respect to the conspiracy charged in Count One, the Government must prove beyond a reasonable doubt two elements:

First, the existence of the conspiracy charged in the Indictment, that is the existence of an agreement or understanding to commit health care fraud; and

Second, that the defendant you are considering knowingly and willfully became a member of the conspiracy, with intent to further at least one of the objects of the conspiracy.

Adapted from the charge of the Honorable Jed S. Rakoff in United States v. Rafael Garavito-Garcia, 12 Cr. 839 (JSR).

**REQUEST NO. 5 - Count One: First Element – Existence of a Conspiracy**

Starting with the first element, what is a conspiracy? A conspiracy is an agreement or an understanding of two or more persons to accomplish by concerted action an unlawful objective.

To satisfy the first element of a conspiracy — namely, to show that the conspiracy existed — the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all of the details. Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to the unexpressed understanding. It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

In order to show that a conspiracy existed, the evidence must show that two or more people, in some way or manner, explicitly or implicitly (that is, spoken or unspoken), came to a mutual understanding to violate the law and to accomplish an unlawful plan. If you find beyond a reasonable doubt that two or more persons came to an understanding, express or implied, to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element.

When people enter into a conspiracy to accomplish an unlawful end, they become agents and partners of one another in carrying out the conspiracy. In determining whether there has been an unlawful agreement as alleged, you may consider the acts and conduct of the alleged co-conspirators that were done to carry out the apparent criminal purpose. In addition, in determining whether such an agreement existed, you may consider direct as well as circumstantial evidence. The old saying, "Actions speak louder than words," applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts

and conduct on the part of the alleged individual co-conspirators. When taken altogether and considered as whole, however, these acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof, such as evidence of an express agreement. On this question, you should refer back to my earlier instructions on direct and circumstantial evidence and inferences.

So, you must first determine whether the evidence proves beyond a reasonable doubt the existence of the conspiracy charged in Count One. It is sufficient to establish the existence of the conspiracy, as I've already said, if you find beyond a reasonable doubt, from proof of all the relevant facts and circumstances, that the minds of at least two alleged co-conspirators met to accomplish, by the means alleged, at least one of the objects of the conspiracy.

**Object of the Conspiracy**

The objects of a conspiracy are the illegal goals the conspirators agree on or hope to achieve. In Count One, the Indictment charges that the object of the conspiracy that BRADLEY PIERRE and WILLIAM WEINER allegedly joined was health care fraud. Thus, for Count One, the Government must prove beyond a reasonable doubt that the object of the charged conspiracy was health care fraud. In a moment, I will instruct you on the elements of health care fraud.

Please also bear in mind that the actual commission of an objective of the conspiracy is not an element of the crime of conspiracy. Thus, you need not find that the conspirators actually committed health care fraud but only that they agreed to commit health care fraud.

As for the timeframe of the alleged conspiracy, although it is charged that the conspiracy in Count One began in or about 2015 and continued through in or about 2021, it is not

essential that the Government prove that each conspiracy started and ended on specific dates or that it existed throughout that period. Rather, it is sufficient to satisfy the first element that you find that in fact a conspiracy was formed, and that it existed for any time within the charged period.

> Adapted from the charge of the Honorable Lorna G. Schofield in United States v. Lowe, 14 Cr. 055 (LGS); the Honorable Loretta A. Preska in United States v. Wexler, 03 Cr. 1150 (LAP); United States v. Wexler, 522 F.3d 194 (2d Cir. 2008); the Honorable Jed S. Rakoff in United States v. Rafael Garavito-Garcia, 12 Cr. 839 (JSR); Sand, Modern Federal Jury Instructions, Instr. 56-02.

**REQUEST NO. 6 - Count One: Second Element – Membership in the Conspiracy**

For Count One, if you conclude that the Government has proven beyond a reasonable doubt that the charged conspiracy existed and that the conspiracy had health care fraud as at least one of its objects, you must then consider the second essential element: namely, whether BRADLEY PIERRE and WILLIAM WEINER each participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective or objectives.

In order to satisfy the second element of the conspiracy counts, the Government must prove beyond a reasonable doubt that BRADLEY PIERRE and WILLIAM WEINER knowingly and willfully entered into the conspiracy with a criminal intent – that is, with a purpose to violate the law – and that he agreed to take part in the conspiracy to further promote and cooperate in its unlawful objective or objectives.

**"Willfully" and "Knowingly"**

An act is done "knowingly" and "willfully" if it is done deliberately and purposely — that is, a defendant's actions must have been his or her conscious objective rather than a product of a mistake or accident, mere negligence, or some other innocent reason.

To satisfy its burden of proof that a defendant willfully and knowingly became a member of a conspiracy to accomplish an unlawful purpose, the Government must prove beyond a reasonable doubt that a defendant knew that he was a member of an operation or conspiracy to accomplish that unlawful purpose, and that his or her action of joining such an operation or conspiracy was not due to carelessness, negligence, or mistake.

Now, knowledge, of course, is a matter of inference from the proven facts. Science has not yet devised a manner of looking into anyone's mind and knowing what he or she is thinking. However, you do have before you the evidence of acts alleged to have taken place

by or with a defendant or in his or her presence. A defendant's knowledge is a matter of inference from the facts proven. In that connection, I instruct you that to become a member of the conspiracy, a defendant need not have known the identities of each and every other member of the conspiracy, nor need he or she have been apprised of all of their activities. Moreover, a defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his or her part.

The duration and extent of a defendant's participation in the charged conspiracies has no bearing on the issue of that defendant's guilt. He need not have joined the conspiracy at the outset. He may have joined it at any time in its progress, and that defendant will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while that defendant was still a member. Indeed, each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

I want to caution you, however, that a defendant's mere presence at the scene of the alleged crime does not, by itself, make him or her a member of the conspiracy. Similarly, a person may know, assemble with, or be friendly with, one or more members of a conspiracy, without being a conspirator himself. I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. What is necessary is that a defendant must have participated with knowledge of the purpose or object of the conspiracy and with the intention of aiding in the accomplishment of that unlawful end.

Once a conspiracy is formed, it is presumed to continue until either its objective is

accomplished or there is some affirmative act of termination by the members. So too, once a person is found to be a member of a conspiracy, he or she is presumed to continue as a member in the conspiracy until the conspiracy is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself or herself from it.

In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking. He or she thereby becomes a knowing and willing participant in the unlawful agreement — that is to say, a conspirator.

You may consider as evidence against a defendant the acts and statements of those who were coconspirators of that defendant. The reason for this rule has to do the nature of the crime of conspiracy. A conspiracy is also referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each member becomes an agent for the other conspirators in carrying out the conspiracy. Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy in furtherance of the common purpose of the conspiracy are deemed, under the law, to be the acts of all the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that a defendant was a member of a charged conspiracy, then any acts done or statements made in furtherance of that conspiracy by persons also found by you to have been members of that conspiracy may be considered against that defendant. This is so even if the acts were done or statements made in the defendant's absence and without his knowledge. But before you may consider the statements or acts of a coconspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements

were made during the existence and in furtherance of the unlawful scheme. If the acts were done or the statements made by someone who you do not find to have been a member of the conspiracy, or if they were not said or done in furtherance of the conspiracy, then they may not be considered by you as evidence against the defendant you are considering.

> Adapted from the charges of the Honorable Cathy Seibel in United States v. Moslems, 19 Cr. 547 (CS), the Honorable Jed S. Rakoff in United States v. Rafael Garavito-Garcia, 12 Cr. 839 (JSR) and from the charges given in United States v. Ilya Voruch, 08 Cr. 820 (GBD) and United States v. Edmund Boyle, 08 Cr. 523 (CM); United States v. Tone Grant, 05 Cr. 1192 (NRB); United States v. Angelo Nicosia, 07 Cr. 907 (SAS); United States v. Xiang Chen, 02 Cr. 300 (LAK); see also Sand, et al., Modern Federal Jury Instructions, Instr. 19-6.

**REQUEST NO. 7 - Count One: Elements of Health Care Fraud**

As I mentioned earlier, the unlawful purpose alleged to be the object of the conspiracy charged in Count One is the commission of health care fraud. I will now instruct you on the elements of health care fraud.

The health care fraud statute provides, in pertinent part:

Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice – (1) to defraud any health care benefit program; or (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services [shall be guilty of a crime].

The elements of the substantive crime of health care fraud are:

First, the existence of either (a) a scheme or artifice to defraud or (b) a scheme or artifice to obtain money or property by means of materially false and fraudulent pretenses, representations, or promises, in connection with the delivery of or payment for health care benefits, items, or services;

Second, the defendant knowingly and willfully executed or attempted to execute the scheme with the intent to defraud, or the defendant knowingly and intentionally aided or abetted others in the scheme; and

Third, the target of the scheme was a health care benefit program.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 44-3, 44-4, 44-13, 44-14, 44-15, 44-16.

Existence of a Scheme to Defraud

As to the first element of health care fraud, a "scheme or artifice" is simply a plan for the accomplishment of an object. "Fraud" is a general term that embraces all the possible means that individuals devise to take advantage of others by intentional misrepresentation, false suggestion, or concealment of truth. The advantage sought must involve money, property, or any other thing of value. A "scheme to defraud" is merely a plan to obtain something of value by trick, deceit, deception, or swindle.

Apart from proving a scheme or artifice to defraud, as I have just explained to you, the health care fraud statute alternatively provides that it can be satisfied by the existence of a scheme or artifice to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

A pretense, representation, or promise is fraudulent if it was made falsely and with intent to deceive. A pretense, representation, or promise may also be fraudulent if it contains half-truths or if it conceals material facts in a manner that makes what is said or represented deliberately misleading or deceptive.

The deception need not be premised on spoken or written words alone. The arrangement of words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished does not matter.

This element does not require that any particular person actually relied on, or actually suffered damages, as a consequence of any fraudulent representation or concealment of facts. Nor need you find that the defendant profited from the fraud. It is enough that the defendant agreed that a false statement, or a statement omitting material facts that made what was

said deliberately misleading, would be made as part of a fraudulent scheme in the expectation that it would be relied on. You must concentrate on whether there was an agreement to execute such a scheme, not on the consequences of the scheme. Of course, proof concerning the accomplishment of the goals of the scheme may be the most persuasive evidence of the existence of the scheme itself.

In addition, the false or fraudulent representation (or failure to disclose) must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. That means that, if you find a particular statement or representation false, you must determine whether that statement or representation was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions, that is, failures to disclose facts.

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 44-3, 44-4, 44-13, 44-14, 44-15, 44-16. See N.Y. Bus. Corp. Law § 1507(a) ("A professional service corporation may issue shares only to individuals who are authorized by law to practice in this state a profession which such corporation is authorized to practice . . . ."); United States v. Gabinskaya, 829 F.3d 127, 131 (2d Cir. 2016) ("Under New York law, PCs providing medical services to no-fault insurers must be owned by licensed physicians. See N.Y. Bus. Corp. Law § 1507(a)."); In State Farm Mut. Auto. Ins. Co. v. Mallela, 4 N.Y.3d 313, 794 N.Y.S.2d 700, 827 N.E.2d 758 (an insurance carrier may withhold payment for medical services provided by a professional corporation which has been "fraudulently incorporated" to allow nonphysicians to share in its ownership and control).

Existence of a Scheme to Defraud – Non-Physician Ownership / *Malella*

I will now address a type of misrepresentation regarding the ownership of the medical clinics. I instruct you as a matter of law that all medical clinics in New York State must be owned, controlled and operated by a medical practitioner (or medical practitioners) who is licensed to practice medicine by the State of New York. In addition, in order for a medical clinic in New York State to be eligible for reimbursement under the state's no-fault automobile insurance program, the medical clinic must be owned, controlled and operated by a licensed medical practitioner (or medical practitioners).

In this case, the Government alleges that even though medical clinics were incorporated in the State of New York by licensed medical practitioners, those medical clinics were not owned, controlled and operated by those licensed medical practitioners. As a result, representations to insurance companies that those clinics were owned by licensed medical practitioners were false.

To find that a clinic was owned or operated by a non-physician, you must find that the non-physician was so intertwined in the affairs of the clinic that a reasonable person would say the non-physician was a *de facto* owner of the clinic or exercised substantial control over the clinic. The law cautions against a rigid preoccupation with formal ownership, and recognizes that a non-physician can be a *de facto* owner of the clinic or exercise substantial control over the clinic even if he or she is not the owner of the clinic on formal legal documents. In determining who was an actual owner of the medical clinics involved in this case, you should consider the totality of the circumstances and weigh all relevant factors.

> Adapted from the charge of the Honorable J. Paul Oetken in United States v. Zemlyansky, 12 Cr. 171 (JPO); the charge in Andrew Carothers, M.D., P.C. v. Progressive Ins. Co., 33 N.Y.3d 389, 400 (2019) ("The jury was instructed that, in order to find that [the defendants] 'exercised substantial control over the corporation,' it

‘must find that they had a significant role in the guidance, management and direction of the business of the corporation’ . . . . the trial court’s charge satisfactorily directed the jury to the ultimate inquiry of control over a professional corporation.”); United States v. Gabinskaya, 829 F.3d 127, 133 (2d Cir. 2016) (“Since *Mallela*, other federal and state courts in New York have reaffirmed the understanding that ‘ownership’ of a PC within the meaning of the no-fault insurance laws looks to the realities of actual control of the PC, including the economic risks and benefits of the enterprise, as well as the formal indicia of ownership, and that misrepresenting ownership status for purposes of securing insurance reimbursement constitutes fraud”).

Intent to Defraud

The second element of health care fraud is that the defendant devised or participated in the fraudulent scheme knowingly, willfully, and with the specific intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you. To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

In order to satisfy this element, it is not necessary for the Government to establish that BRADLEY PIERRE or WILLIAM WEINER originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that BRADLEY PIERRE and WILLIAM WEINER, while aware of the scheme's existence, agreed to participated in it.

It is also not required that a defendant participate in or have knowledge of all of the operations of the scheme. The guilt of a defendant is not governed by the extent of his participation. It also is not necessary that a defendant participated in the alleged scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if a defendant participated in the scheme to a lesser degree than others, he or she is nevertheless equally guilty, so long as that defendant became a member of the scheme to

defraud with knowledge of its general scope and purpose.

As I have previously noted, before a defendant may be convicted of the fraud conspiracy charged here, he or she must also be shown to have acted knowingly and willfully and with a specific intent to defraud. An act is done "knowingly" and "willfully" if it is done deliberately and purposely — that is, a defendant's actions must have been his or her conscious objective rather than a product of a mistake or accident, mere negligence, or some other innocent reason.

A defendant acts with "specific intent to defraud" if he or she engages or participates in a scheme to defraud or to obtain money by false or fraudulent pretenses, representations or promises with some realization of the scheme's fraudulent or deceptive character, and with an intention to be involved in the scheme, and to help it succeed, with a purpose of causing harm to a victim – here, the insurance companies. The Government need not prove that the intended victims were actually harmed; only that such harm was contemplated. People are presumed to intend the natural and probable consequences of their actions. So when the necessary result of the scheme in which the person is participating is to injure others, fraudulent intent may be inferred from the scheme itself.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind. Direct proof of knowledge, willfulness, and fraudulent intent is almost never available. Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he or she committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be

established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether the defendant you are considering possessed or lacked an intent to defraud, you need not limit yourself to just what the particular defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 44-3, 44-4, 44-13, 44-14, 44-15, 44-16.

Fraud on Health Care Benefit Program

With respect to the third element of health care fraud, the Government must establish beyond a reasonable doubt that the target of the conspiracy was a health care benefit program. The phrase "health care benefit program" means any public or private plan or contract under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract. I instruct you as a matter of law that No-Fault insurance providers, such as Geico, Liberty Mutual, State Farm, and Allstate, are health care benefit programs within the meaning of Count One.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 44-3, 44-4, 44-13, 44-14, 44-15, 44-16. See also charges given in United States v. Gohari, 16 Cr. 246 (JSR) ("The underlying crime of healthcare fraud requires . . . third, that the target of the scheme was a healthcare benefit program such as Medicaid"), and United States v. Zemlyansky, 12 Cr. 171 (JPO) ("I instruct you as a matter of law that automobile insurers like Geico and Allstate are health care benefit programs within the meaning of count three when they allow the policy holder to receive a medical benefit"); United States v. Hasan-Hafez, No. 16 CR. 221 (RWS), 2019 WL 494061, at *2 (S.D.N.Y. Feb. 8, 2019) (adopting finding set forth in presentence investigation report that "Medicare and Medicaid are each considered 'health care benefit programs,' as defined by 18 U.S.C. § 24(b)").

**REQUEST NO. 8 - Count Two: Elements of Health Care Fraud**

As I mentioned earlier, there is difference between a conspiracy count and a substantive count. Thus, while Count One charges BRADLEY PIERRE and WILLIAM WEINER with conspiracy to commit health care fraud, Count Two charges BRADLEY PIERRE and WILLIAM WEINER with the commission of health care fraud.

I instructed you earlier concerning the elements of health care fraud. Again, the elements of the substantive crime of health care fraud are:

First, the existence of either (a) a scheme or artifice to defraud or (b) a scheme or artifice to obtain money or property by means of materially false and fraudulent pretenses, representations, or promises, in connection with the delivery of or payment for health care benefits, items, or services;

Second, the defendant knowingly and willfully executed or attempted to execute the scheme with the intent to defraud, or the defendant knowingly and intentionally aided or abetted others in the scheme; and

Third, the target of the scheme was a health care benefit program.

With respect to these elements, I instruct you to apply the earlier instructions that I gave for Count One concerning Existence of a Scheme to Defraud, Existence of a Scheme to Defraud – Non-Physician Ownership / *Malella*, Intent to Defraud, and Fraud on Health Care Benefit Program.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 44-3, 44-4, 44-13, 44-14, 44-15, 44-16.

**REQUEST NO. 9 - Count Three: Elements of Conspiracy to Commit Money Laundering**

Count Three charges BRADLEY PIERRE and WILLIAM WEINER with conspiracy to commit money laundering. As with Count One, in order to sustain its burden of proof with respect the conspiracy charged in Count Three, the Government must prove beyond a reasonable doubt two elements:

First, the existence of the conspiracy charged in the Indictment, that is the existence of an agreement or understanding to commit money laundering; and

Second, that the defendant you are considering knowingly and willfully became a member of the conspiracy, with intent to further at least one of the objects of the conspiracy.

With respect to these two elements, I instruct you to apply the earlier instructions that I gave on Count One.

Adapted from the charge of the Honorable Jed S. Rakoff in United States v. Rafael Garavito-Garcia, 12 Cr. 839 (JSR).

**REQUEST NO. 10 - Count Three: Elements of Money Laundering**

As I mentioned, the unlawful purpose alleged to be the object of the conspiracy charged in Count Three is the commission of money laundering. I will now instruct you on the elements of that crime.

Under the relevant money laundering statute, it is a federal crime for anyone knowingly to engage in certain kinds of financial transactions involving the proceeds of certain "specified unlawful activity" with an unlawful purpose, which I will define for you in a moment.

The elements of the crime of money laundering are:

First, that a perpetrator conducted a "financial transaction." I will define the term "financial transaction" for you in a moment.

Second, that the perpetrator knew that the funds or property involved in the financial transaction represented the proceeds of some form of unlawful activity. This means that the perpetrator knew that such funds or property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony offense under state or federal law.

Third, that the funds or property involved in the financial transaction did in fact represent the proceeds of the types of unlawful activity specified by the money laundering statute. I instruct you that, as a matter of law, proceeds from conspiracy to commit health care fraud qualify as proceeds of "specified unlawful activity."

Fourth, that the perpetrator engaged in the financial transaction knowing that the transaction was designed in whole or in part either to conceal or disguise the nature, location, source, ownership, or control of the proceeds of such specified unlawful activity.

Now, some definitions:

The term "conducts" means and includes the action of initiating, concluding, or participating in initiating or concluding a transaction.

The term "financial transaction" means and includes: (1) a transaction which in any way or degree affects interstate or foreign commerce involving one or more "monetary instruments" — a term that encompasses coin or currency of any country, travelers or personal checks, bank checks or money orders, or investment securities, or negotiable instruments; (2) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, including an insured bank of the Federal Deposit Insurance Act.

The term "proceeds" means any property or money that is derived from, or traceable to, or obtained as a result of, some other money, property or activity.

The term "knowing that the funds or property involved in the financial transaction represented the proceeds of some form of unlawful activity" means that the perpetrator knew that such funds or property involved in the transaction represented proceeds from some form, though not necessarily which specific form, of activity that constitutes a felony offense under state or federal or foreign law.

The phrase "with the intent to promote the carrying on of specified unlawful activity" means that the perpetrator must have conducted the financial transaction for the purpose of facilitating or making easier or helping to bring about the "specified unlawful activity" as defined above.

> Adapted from the charges given in United States v. Zemlyansky, 12 Cr. 171 (JPO), United States v. Fazio, 11 Cr. 873 (KBF), United States v. Datta, 11 Cr. 102 (LAK); United States v. Gotti, 08 Cr. 1220 (PKC), and from Sand et al., Modern Federal Jury Instructions, Instr. 50A-25-26, 50A-6-10.

**REQUEST NO. 11 - Count Four: Elements of Conspiracy to Commit Travel Act Bribery**

The object of the conspiracy alleged in Count Four is to violate the Travel Act, which makes it illegal to travel across state lines or use a facility of interstate commerce for the purpose of carrying on certain unlawful activities, including commercial bribery and bribery of public officials. I will instruct you on the elements of this crime shortly.

As with Counts One and Three, in order to sustain its burden of proof with respect the conspiracy charged in Count Four, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in the Indictment, that is the existence of an agreement or understanding to commit a violation of federal law; and

Second, that the defendant you are considering knowingly and willfully became a member of the conspiracy, with intent to further at least one of the objects of the conspiracy.

With respect to these two elements, I instruct you to apply the earlier instructions that I gave on Counts One and Three.

To find BRADLEY PIERRE and WILLIAM WEINER guilty of the conspiracy charged in Count Four, however, you also must find beyond a reasonable doubt a third element: that at least one member of the conspiracy committed an overt act in the Southern District of New York in furtherance of the conspiracy.

An overt act is an act knowingly committed by one of the conspirators in an effort to effect, achieve, or accomplish some object or purpose of the conspiracy. The act itself need not be criminal in nature if considered separately and apart from the conspiracy. It may be as innocent or simple on its face as attending a meeting; writing or sending a letter, note or fax; depositing, cashing, transferring or issuing a check, or placing a telephone call. However, it must

be an act that furthers or lends to the accomplishment of the plan or scheme.

The Indictment charges that a number of particular overt acts were committed in furtherance of the conspiracy. It is not necessary for the Government to prove that any of the specified overt acts charged in the Indictment were committed. Rather, the Government can prove any overt act, even one that is not listed in the Indictment, provided that the overt act is committed by one of the conspirators and is done to further the object of the conspiracy. It is sufficient if you find beyond a reasonable doubt that any one overt act occurred while the conspiracy was still in existence.

Nor is it necessary for you to reach unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one overt act was so committed.

Adapted from the charges of the Honorable Alison J. Nathan in United States v. Ramirez, 12 Cr. 927 (AJN) (S.D.N.Y. May 16, 2013) and the Honorable Victor Marrero, United States v. Reese, 12 Cr. 629 (VM) (S.D.N.Y. Mar. 28, 2013); Honorable Jed S. Rakoff in United States v. Rafael Garavito-Garcia, 12 Cr. 839 (JSR); Sand, Modern Federal Jury Instructions, Instr. 19-7 & 19-8.

**<u>REQUEST NO. 12 - Count Four: Elements of Travel Act Bribery</u>**

As I mentioned, the unlawful purpose alleged to be the object of the conspiracy charged in Count Four is the commission of Travel Act bribery. I will now instruct you on the elements of that crime.

The Travel Act is a federal statute that makes it illegal to travel across state lines or use a facility of interstate commerce for the purpose of carrying on certain unlawful activities, including commercial bribery and bribery of public officials.

In order to prove a violation of the Travel Act, the Government must establish beyond a reasonable doubt each of the following elements of the offense.

<u>First</u>, that the defendant or a co-conspirator traveled across state lines or used or caused someone else to use an interstate facility;

<u>Second</u>, that this interstate travel or use of an interstate facility was done with the intent to promote, manage, establish or carry on an unlawful activity – here, commercial bribery or bribery of public officials; and

<u>Third</u>, that after this interstate travel or use of an interstate facility, the defendant or a co-conspirator performed or attempted to perform an act in furtherance of this same unlawful activity.

<u>Element One: The Use of an Interstate Facility Defined</u>

The first element of a Travel Act violation is that the defendant or a co-conspirator traveled across state lines or used or caused someone else to use an interstate facility.

An interstate facility is any vehicle or instrument that crosses state lines in the course of commerce. For example, making telephone calls, sending emails, or making interstate wire transfers of money, constitutes the use of an interstate facility.

In order to meet its burden of proof on this element, it is not necessary for the Government to prove that the defendant himself used an interstate facility. The Travel Act also applies if the defendant or a co-conspirator uses or causes another person to use an interstate facility. The Government also does not have to prove that the defendant knew that the interstate travel or use of an interstate facility would occur. It is sufficient that defendant's unlawful activity caused the interstate travel or use.

Element Two: Intent To Engage in Unlawful Activity

The second element of the Travel Act is that the use of an interstate facility or interstate travel was done with the intent to promote, manage, establish or carry on an unlawful activity – here, commercial bribery and bribery of public officials.

The Government does not have to prove that the defendant, or coconspirator's, sole purpose in using an interstate facility was to further the unlawful activity. It is sufficient if the Government proves that one of the reasons for using an interstate facility was to further the unlawful activity. Thus, if you find that the defendant or a co-conspirator used interstate facilities with the intent to facilitate the unlawful activity, and you also find that the defendant or co-conspirator undertook this same use of interstate facilities for other reasons that have nothing to do with the unlawful activity, you may still find that the Government has met its burden of proof on the second element of the offense.

You may determine the defendant's or co-conspirator's intent from all the evidence that has been placed before you, including their statements and their conduct before and after the use of the facilities.

The Government does not, have to prove that the use of interstate facilities was essential to the unlawful activity or fundamental to the unlawful scheme, or that the unlawful

activity could not have been accomplished without the use of interstate facilities. So long as the Government proves that the defendant or a co-conspirator used or caused the use of interstate facilities with the necessary unlawful intent, the Government may rely on any use of interstate facilities by the defendant that made the unlawful activity easier to accomplish.

Element Two: State Crime Is an Element of the Offense

BRADLEY PIERRE and WILLIAM WEINER have each been charged with conspiring to use an interstate facility to facilitate the payment or receipt of bribes as charged in the Indictment. The Government must prove to you beyond a reasonable doubt that the activities BRADLEY PIERRE, WILLIAM WEINER, and any co-conspirators intended to facilitate were, in fact, unlawful under the state law at issue – here, New York's commercial bribery and bribery of public officials laws, and New Jersey's bribery of public officials laws. I will now describe each of those bribery laws to you.

Commercial Bribery Under New York Law

Under New York law a person is guilty of commercial bribery in the second degree when he either (a) offers or pays bribes by conferring or offering or agreeing to confer any benefit upon any employee, agent, or fiduciary without the consent of the latter's employer or principal, with intent to influence his conduct in relation to his employer's or principal's affairs; or (b) solicits or receives bribes by soliciting, accepting or agreeing to accept any benefit from another person upon an agreement or understanding that such benefit will influence his conduct in relation to his employer's or principal's affairs without the consent of his employer or principal. (*See* New York Penal Law Sections 180.00 and 180.05).

Accordingly, under New York law, the elements of commercial bribery in the second degree are as follows:

First, for the one doing the bribing, that the defendant offered to, agreed to, or did, in fact, confer a benefit upon another person; and for the one being bribed, that the defendant solicited or received a benefit from another person;

Second, that at the time the benefit was offered or received, the person who was to receive that benefit was the agent or fiduciary of another;

Third, that the person who was to receive the benefit did not have the consent of his principal to receive the benefit. A principal is one who has permitted or directed another to act for his benefit that is subject to his direction and control; and

Fourth, that this benefit was offered to, agreed to be conferred upon or conferred upon, the agent or fiduciary with the intent to influence the conduct of the agent or fiduciary in relation to his principal's affairs.

Bribery of a Public Official Under New York Law

Under New York law a person is guilty of public official bribery in the third degree when he either (a) offers or agrees to confer, any benefit upon a public servant upon an agreement or understanding that such public servant's vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced; or (b) being a public servant, solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that his or her vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced. (*See* New York Penal Law Sections 200.00 and 200.10).

Accordingly, under New York law, the elements of public official bribery in the

third degree are as follows:

First, for the one doing the bribing, that the defendant offered to, agreed to, or did, in fact, confer a benefit upon another person; and for the one being bribed, that the defendant solicited or received a benefit from another person;

Second, that at the time the benefit was offered or received, the person who was to receive that benefit was a public servant; and

Third, that this benefit was offered to, agreed to be conferred upon, or conferred upon the public servant with the intent to influence the public servant's vote, opinion, judgment, action, decision or exercise of discretion as a public servant.

Bribery of a Public Official Under New Jersey Law

Under New Jersey law, a person is guilty of public official bribery if he (i) directly or indirectly offers, confers or agrees to confer upon another, or (ii) solicits, accepts or agrees to accept from another:

a. Any benefit as consideration for a decision, opinion, recommendation, vote or exercise of discretion of a public servant, party official or voter on any public issue or in any public election; or

b. Any benefit as consideration for a decision, vote, recommendation or exercise of official discretion in a judicial or administrative proceeding; or

c. Any benefit as consideration for a violation of an official duty of a public servant or party official; or

d. Any benefit as consideration for the performance of official duties. (*See* New Jersey Statute § 2C:27-2.)

Accordingly, under New Jersey law, the elements of public official bribery are as

follows:

First, for the one doing the bribing, that the defendant directly or indirectly offered, conferred or agreed to confer a benefit upon another person; and for the one being bribed, that the defendant directly or indirectly solicited, accepted or agreed to accept a benefit from another;

Second, for the one doing the bribing, that the defendant did so as consideration for another person's; and for the one being bribed, that the defendant did so as consideration for his own (i) decision, opinion, recommendation, vote or exercise of official discretion as a public servant on a public issue or in any public election, *or* (ii) decision, vote, recommendation or exercise of official discretion in a judicial (an administrative) proceeding, *or* (iii) violating an official duty as a public servant, *or* (iv) performance of official duties.

Third, that the defendant acted purposely.

"Benefit" means gain or advantage, or anything regarded by the beneficiary as gain or advantage, including a pecuniary benefit or a benefit to any other person or entity in whose welfare he/she is interested. "Benefit as consideration" means any benefit not authorized by law. "Public servant" means any officer or employee of government. "Government" means any branch subdivision or agency of the government of the state or any locality within it. "Administrative proceeding" means any proceeding, other than a judicial proceeding, the outcome of which is required to be based on a record or documentation prescribed by law, or in which law or regulation is particularized in application to individuals. A person acts purposely with respect to the nature of his/her conduct or a result thereof if it is his/her conscious object to engage in conduct of that nature or to cause such a result.

Element Three: Subsequent Act in Furtherance of the Unlawful Activity

The third element that the Government must prove is that the defendant or co-

conspirator's interstate travel or use of an interstate facility was followed by his performance or attempted performance of an act in furtherance of the unlawful activity. This act need not itself be unlawful. However, this act must come after the interstate travel or use of an interstate facility. Any act that happened before the interstate travel or use of an interstate facility cannot satisfy this element.

> Adapted from Sand, Modern Federal Jury Instructions, Instrs. 60-2, 60-3, 60-4, 60-6, 60-7, 60-8, 60-9, 60-10, 60-12; New Jersey Model Criminal Jury Charges N.J.S.A. 2C:27-2 *available at* https://www.njcourts.gov/sites/default/files/charges/bribery1.pdf (bribe payor) *and* https://www.njcourts.gov/sites/default/files/charges/bribery2.pdf (bribe recipient) (last accessed Dec. 15, 2023).

**REQUEST NO. 13 - Count Five: Elements of Conspiracy to Commit Money Laundering**

Count Five charges BRADLEY PIERRE and ARTHUR BOGORAZ with conspiracy to commit money laundering. As with Count One, Three, and Four, in order to sustain its burden of proof with respect the conspiracy charged in Count Five, the Government must prove beyond a reasonable doubt two elements:

First, the existence of the conspiracy charged in the Indictment, that is the existence of an agreement or understanding to commit money laundering; and

Second, that the defendant you are considering knowingly and willfully became a member of the conspiracy, with intent to further at least one of the objects of the conspiracy.

With respect to these two elements, I instruct you to apply the earlier instructions that I gave on Count One, Three, and Four.

Adapted from the charge of the Honorable Jed S. Rakoff in United States v. Rafael Garavito-Garcia, 12 Cr. 839 (JSR).

## REQUEST NO. 14 - Count Five: Elements of Money Laundering

As I mentioned, the unlawful purpose alleged to be the object of the conspiracy charged in Count Five is the commission of money laundering. I instruct you to apply the earlier instructions that I gave for the elements of money laundering in Count Three.

> Adapted from the charges given in United States v. Zemlyansky, 12 Cr. 171 (JPO), United States v. Fazio, 11 Cr. 873 (KBF), United States v. Datta, 11 Cr. 102 (LAK); United States v. Gotti, 08 Cr. 1220 (PKC), and from Sand et al., Modern Federal Jury Instructions, Instr. 50A-25-26, 50A-6-10.

## REQUEST NO. 15 - Count Six: Aggravated Identity Theft

Count Six charges BRADLEY PIERRE with committing aggravated identity theft in violation of Title 18, United States Code, Section 1028A. The statute provides that "Whoever, during and in relation to any [enumerated] felony violation . . . knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall [be guilty of a crime]."

You are instructed that health care fraud conspiracy is one of the felony violations enumerated in the applicable statutory provision.

The Government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant transferred, possessed, or used a "means of identification" of another person;

Second, that the defendant transferred, possessed, or used a "means of identification" of another person "during and in relation to" the health care fraud conspiracy scheme described in Count One of the Indictment; and

Third, that the defendant acted knowingly and without lawful authority when she transferred, possessed, or used the means of identification of the person.

First Element: Transfer, Possession, or Use of Means of Identification of Another Person

The first element that the Government must prove beyond a reasonable doubt is that the defendant transferred, possessed, or used a means of identification of another person. The terms "transfer" and "use" have their common sense meaning. The Government need only prove that the defendant either transferred, or possessed, or used a means of identification of another person. It is not necessary that the Government prove more than one of these.

A "means of identification" is any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including - any name, Social Security number, date of birth, official State or Government issued driver's license or identification number; or unique electronic identification number, address or routing code; or access device. In order to prove this element beyond a reasonable doubt, the "means of identification" must belong to an actual person other than the defendant. The actual person may be alive or dead.

Second Element: During and in Relation to Health Care Fraud Conspiracy

The second element the Government must prove beyond a reasonable doubt is that the defendant transferred, possessed, or used a means of identification of another person during and in relation to the health care fraud conspiracy described in Count One of the Indictment. Count One charges BRADLEY PIERRE and WILLIAM WEINER with participating in a conspiracy to commit health care fraud, in violation of Title 18, United States Code, Section 1349. "During and in relation to" means that the defendant's transfer, use, or possession of a means of identification of another person had a role in or facilitated, or had the potential of facilitating, the commission of the underlying health care fraud conspiracy alleged in Count One.

Third Element: Knowingly and Without Lawful Authority

Third, and finally, the Government must also prove beyond a reasonable doubt that the defendant acted knowingly and without lawful authority in transferring, possessing, or using the means of identification of another person.

As I have already said with respect to the prior counts, to act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

With regard to the defendant's knowledge, I instruct you that, in order for the

Government to satisfy its burden of proof as to this element on the aggravated identity theft count, the Government must prove beyond a reasonable doubt that the defendant knew that the means of identification transferred, possessed, or used belonged to an actual person.

To act "without lawful authority" means to act without authorization from someone who has authority to give such authorization.

Adapted from the charges given in United States v. Cervino, 15 Cr. 171 (ALC), and from Sand et al., Modern Federal Jury Instructions, Instr. 39A-51.

**REQUEST NO. 16 - Count Seven: Elements of Conspiracy to Defraud the IRS**

Count Seven charges BRADLEY PIERRE, JEAN PIERRE, and WILLIAM WEINER with participating in a conspiracy to defraud the Internal Revenue Service from at least approximately 2016 through and including 2020.

In order to sustain its burden of proof with respect the conspiracy charged in Count Seven, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in the Indictment, that is the existence of an agreement or understanding between two or more people to impair, impede, obstruct, or defeat the lawful and legitimate governmental functions of the Internal Revenue Service in the ascertainment, computation, assessment, and collection of revenue—specifically, federal income taxes.; and

Second, that the defendant you are considering knowingly and willfully became a member of the conspiracy in order to further its unlawful purpose.

Third, that one of the conspirators knowingly committed at least one overt act in furtherance of the conspiracy.

I instruct you to apply the earlier instructions I gave in Counts One, Three, Four and Five with regard to the existence of the conspiracy and the defendant's membership in the conspiracy. I also instruct you to apply the earlier instructions I gave in Count Four with regard to an overt act in furtherance of the conspiracy.

Object of Conspiracy to Defraud the IRS

As I previously noted, the object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. Count Seven of the Indictment charges that the objective

of the conspiracy that the defendants are alleged to have agreed to accomplish is to defraud the United States and its agency – the Internal Revenue Service.

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count Seven of the Indictment existed, then you must next determine the second question: Whether the defendants participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective. If you find that the defendants agreed, among themselves or with at least one co-conspirator, to accomplish the objective charged in Count Seven, then you should find the defendants guilty of conspiracy if you find the other elements of the crime satisfied.

Let me now instruct you in more detail about the object alleged in the conspiracy charged in Count Seven of the Indictment, specifically, that the conspiracy was designed to defraud the United States.

A conspiracy to defraud the United States does not require that the conspirators' objective be to cause the United States to suffer a loss of money or property as a consequence of the conspiracy. It is enough if the object was to obstruct, interfere, impair, impede, or defeat the legitimate functioning of the United States or its agencies through fraudulent or dishonest means. The IRS is an agency of the United States that is responsible for the collection of tax revenue. As part of these efforts, the IRS requires that taxpayers truthfully and honestly report their full taxable income and deductions, as well as certain other items in their tax returns, such as information relating to their business entities. Thus, the conspiracy to defraud the United States alleged in Count Seven of the Indictment is that the defendants and their coconspirators conspired to impede, impair, obstruct or defeat the lawful functions of the IRS to determine what taxes are owed and to collect those tax revenues.

It is not necessary that the Government or the IRS actually suffer a financial loss from the scheme. Nor is it necessary for you to find that in any particular instance the conspirators' conduct was actually examined by the IRS. A conspiracy to defraud exists simply when there is an agreement, if you so find, to impede, impair, obstruct or defeat, by fraud or dishonest means, a lawful function of the IRS. Indeed, even if the taxpayers' ultimate legal position on some issue is correct, and they owe no additional taxes, that is not a defense to the crime charged. One cannot use deception and dishonest means – such as making false statements to the IRS or concealing information from the IRS – to impede, impair, obstruct, or defeat the IRS, even to protect a legitimate tax position.

> Adapted from charge of the Honorable Cathy Seibel in United States v. Moslems, 19 Cr. 547 (CS); Sand, Modern Federal Jury Instruction 19-12. *See United States* v. *Shellef*, 507 F.3d 82, 104 (2d Cir. 2007) ("All that is necessary is that the scheme had the object of making it more difficult for the IRS to carry out its lawful functions and that the scheme depend on 'dishonest or deceitful means.'" (quoting *United States* v. *Ballistrea*, 101 F.3d 827, 831-32 (2d Cir. 1996)); *United States v. Klein*, 247 F.2d 908 (2d Cir. 1957) (upholding conspiracy convictions involving scheme to hide information from the IRS in order to protect a tax position that was ultimately vindicated, because defendants' activities involved hiding information "by deceit, craft or trickery, or at least by means that are dishonest," thus preventing IRS from information to which it was entitled)..

**REQUEST NO. 17 - Conscious Avoidance**

The Government is required to prove that the defendants, in various respects, acted knowingly. This is true with respect to the objectives of the conspiracies charged in Counts One, Three, Four, Five, and Seven, and with respect to the crime charged in the substantive counts in Counts Two and Six. In determining whether either the defendant acted knowingly with respect to the substantive crimes or the objectives of the conspiracies, you may consider whether the defendant deliberately closed his or her eyes to what otherwise would have been obvious.

As you all know, if a person is actually aware of a fact, then he or she knows that fact. But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he or she was aware of a high probability of that fact but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

If you find beyond a reasonable doubt that the defendant was aware of a high probability that a fact was so, but that he or she took deliberate and conscious action to avoid confirming that fact, then you may find that the defendant acted knowingly. You must remember that guilty knowledge may not be established by proof that the defendant was merely reckless, negligent, foolish, or mistaken. Moreover, if you find that the defendant actually believed that the fact at issue did not exist or was not true, he or she may not be convicted. It is entirely up to you whether you find that the defendant deliberately closed his or her eyes, and any inferences to be drawn from the evidence on this issue.

Let me further explain what willful blindness or conscious avoidance means with respect to Counts One, Three, Four, Five, and Seven, the conspiracy counts. First, there is a difference between intentionally participating in a conspiracy, on the one hand, and knowing the specific objective of the conspiracy, on the other. "Conscious avoidance," as I just described it,

cannot be used as a substitute for finding that the defendant knowingly agreed to a joint undertaking or knowingly attempted to commit a crime. It is logically impossible for a defendant to agree to join another person unless he or she knows that he or she has made such an agreement.

But if you find beyond a reasonable doubt that a defendant entered into such an agreement, in considering whether he knew what the objects of the conspiracies were, you may consider whether that defendant deliberately avoided confirming otherwise obvious facts; that is, whether he took deliberate action to close his eyes to what otherwise would have been obvious.

> Adapted from the charges of the Honorable Richard J. Sullivan in *United States v. Pan*, 12 Cr. 153 (May 1, 2013), the Honorable Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (Apr. 27, 2018), and the Honorable Katherine Polk Failla in *United States v. Atuana*, 16 Cr. 672 (Jan. 29, 2018), and from Sand, *Modern Federal Jury Instructions*, Instr. 3A, and *United States v. Goffer*, 721 F.3d 113 (2d Cir. 2013).
>
> "A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) (citations and internal quotation marks omitted); *see also United States v. Aina-Marshall*, 336 F.3d 167, 170 (2d Cir. 2003); *United States v. Reyes*, 302 F.3d 48, 54 (2d Cir. 2002). "There was nothing inappropriate or inconsistent in the government arguing that [the defendant] had actual knowledge that his statements were false or, in the alternative, that he was aware of a high probability that they were false, but consciously avoided confirming that suspicion." *United States v. Carlo*, 507 F.3d 799, 802 (2d Cir. 2007).
>
> The Second Circuit has cautioned that "the prosecutor should request that the 'high probability' and 'actual belief' language be incorporated into every conscious avoidance charge." *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam) ("[K]nowledge of the existence of a particular fact is established (1) if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist.").

A conscious avoidance instruction is appropriate in a conspiracy case to prove that the defendant had knowledge of the illegal object of the conspiracy. *Reyes*, 302 F.3d at 55 (discussing conscious avoidance in conspiracy cases and noting that "the jury may use the conscious avoidance doctrine to establish the defendant's knowledge of the aims of the conspiracy but, as just noted, may not use it to establish the defendant's intent to participate in the conspiracy."). *See also United States v. Anderson*, 747 F.3d 51, 60 (2d Cir. 2014); *United States v. Kaufman*, 2014 WL 2048198, at *7 (S.D.N.Y. May 19, 2014) (describing the permissible uses of a conscious avoidance charge in a conspiracy case).

**REQUEST NO. 18 - Motive**

Proof of motive is not a necessary element of the crimes with which the defendants are charged. Proof of motive does not establish guilt, nor does the lack of proof of motive establish that a defendant is not guilty. If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what that defendant's motive for the crime may be, or whether his or her motive was shown at all. The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of a defendant.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 6-18.

**REQUEST NO. 19 - Venue**

Now, in addition to dealing with the elements of each of the offenses, you must also consider the issue of venue as to each offense, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York. The Southern District of New York encompasses the following counties: New York (or Manhattan), the Bronx, Westchester, Sullivan, Orange, Rockland, Putnam, and Duchess. In this regard, the Government need not prove that any crime was committed in this District or that the defendant was present here.

Further, if you find that the crime charged is committed in more than one district, venue is proper in any district in which the crime was begun, continued, or completed. Thus, venue is proper in this district, the Southern District of New York, if you find that any part of the crime took place here, whether or not the defendant himself was even in this district.

With respect to all the Counts, I should note that on this issue of venue — and this alone — the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. That is, the Government has satisfied its venue obligations if you conclude that it is more likely than not that venue is proper in the Southern District of New York.

If you find that the Government has failed to prove the venue requirement, then you must acquit the defendant or defendants.

> Adapted from the charges given in United States v. Yakubov, 22 Cr. 206 (ER), United States v. Rogers, 90 Cr. 377 (CSH), United States v. Giovanelli, 01 Cr. 749 (JSR) (venue includes waters around Manhattan and bridges over them); and from Sand, et al., Modern Federal Jury Instructions, Instr. 3-11. See also 18 U.S.C. § 3237 (general venue provision for offenses beginning in one district and ending in another, including mail fraud); United States v. Gonzalez,

922 F.2d 1044, 1054-55 (2d Cir. 1991) (venue is governed by preponderance standard); United States v. Brown, 293 F. App'x 826, 829 (2d Cir. 2008) ("the passage of the wire transfer through the Southern District of New York created venue for statutory purposes").

.

**REQUEST NO. 20 - Time of the Offense**

As to Counts One, Two, and Three of the Indictment, the date range alleged is from at least approximately 2015 through at least approximately 2021. As to Count Four of the Indictment, the date range alleged is from at least approximately 2016 through at least approximately 2021. As to Count Five of the Indictment, the date range alleged is from at least approximately 2016 through at least approximately 2019. As to Count Six of the Indictment, the date range alleged is from at least approximately 2016 through at least approximately November 2019. As to Count Seven of the Indictment, the date range alleged is from at least approximately 2016 through at least approximately 2020.

It is sufficient if you find that the charged conduct that you are considering occurred around the dates set forth in the Indictment.

This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date. The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence.

> Adapted from the charges given in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK), and United States v. Martinez, 97 Cr. 313 (HB).

**REQUEST NO. 21 - Cooperating Witness Testimony**

You have heard from witnesses who have testified that they were involved in criminal conduct, and who subsequently pled guilty to their criminal conduct pursuant to what is called a "cooperation agreement" with the Government.

You have also heard testimony from Government witnesses who testified pursuant to an agreement with the Government that, in exchange for their truthful testimony, the Government promised them that they will not be prosecuted for certain crimes that they may have committed.

The Government is permitted to make these kinds of agreements and promises and is entitled to call as witnesses people to whom such agreements and promises are given. The fact that the Government has entered into a cooperation agreement with, or has agreed not to prosecute, a witness does not disqualify that witness from testifying and does not preclude you from accepting that testimony as true.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who have admitted to participating in crimes. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such cooperating witnesses is properly considered by the jury. If cooperating witnesses could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of cooperating witness testimony. Indeed, it is the law in federal courts that the testimony of a single cooperating witness may be

enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

Because of the possible interest a cooperating witness may have in testifying, the cooperating witness's testimony should be scrutinized with care and caution. The fact that a witness is a cooperating witness can be considered by you as bearing upon his or her credibility. It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he or she is incapable of giving truthful testimony.

Like the testimony of any other witness, cooperating witness testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his or her background, and the extent to which his or her testimony is or is not corroborated by other evidence in the case.

You heard testimony about cooperation agreements entered into between the Government and various cooperating witnesses. I must caution you that it is no concern of yours why the Government made an agreement with a particular witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether this cooperating witness would benefit more by lying, or by telling the truth. Was his or her testimony made up in any way because he believed or hoped that he or she would somehow receive favorable treatment by testifying falsely? Or did he or she believe that his or her interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him or her to lie, or was it one that would cause him or her to tell the truth? Did this motivation color his or her testimony?

If you find that the testimony was false, you should reject it. If, however, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts. That is a determination entirely for you, the jury.

> Adapted from the charge given in United States v. Carrero, 91 Cr. 365, and from Sand et al., Modern Federal Jury Instructions, Instr. 7-5. See also United States v. Gleason, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted); United States v. Cheung Kin Ping, 555 F.2d 1069, 1073 (2d Cir. 1977) (same); United States v. Swiderski, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

**REQUEST NO. 22 - Law Enforcement Witness and Government Employee Witnesses**

You have heard testimony of law enforcement agents and of employees of the Government. The fact that a witness may be employed by a federal, state, or city government as a law enforcement agent or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than the testimony of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 5-25.

**REQUEST NO. 23 - Expert Witnesses**

You have heard testimony from what we call expert witnesses. An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing reliance on his or her testimony. How much or how little weight, if any, you give to the testimony of an expert witness is for you to consider and determine like you would any other witness.

Adapted from the charges of the Honorable Pierre N. Level in United States v. Mucciante, 91 Cr. 403 (S.D.N.Y. 1992) and the Honorable Michael B. Mukasey in United States v. Mensah, 91 Cr. 705 (S.D.N.Y. 1991).

**REQUEST NO. 24 - Preparation of Witnesses**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

**REQUEST NO. 25 - Particular Investigative Techniques Not Required**

**[If Applicable]**

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence presented by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the guilt of the defendants has been proved beyond a reasonable doubt.

Adapted from the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Honorable John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

**REQUEST NO. 26 - Use of Audio and Video Recordings and Transcripts**

Audio and video recordings have been admitted into evidence and transcripts of those recordings were provided to use as aids.

Whether you approve or disapprove of the recording of the activity may not enter your deliberations. I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful, and it was properly admitted into evidence at this trial.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant you are considering.

In connection with the recordings that you have heard, you were provided with transcripts of the conversations to assist you while listening to the recordings.

**English Language Transcripts**

With respect to the recordings of English language conversations, I instructed you then, and I remind you now, that the transcripts are not evidence. The transcripts were provided only as an aid to you in listening to the recordings. It is for you to decide whether the transcripts correctly present the conversations recorded on the recordings that you heard.

If you wish to hear any of the recordings again, they will be made available to you during your deliberations.

**Foreign Language Transcripts [If applicable]**

You heard testimony that certain of the recordings admitted as evidence were of conversations that took place in a foreign language, specifically, in Russian. For that reason, it was necessary for the Government to obtain translations of those conversations into English. The transcripts of those conversations embody the testimony of the interpreter called by the Government to testify. These transcripts were admitted into evidence. To the extent that you accept or reject the testimony of that interpreter, you may accept or reject the transcripts themselves of the Russian conversations.

**[In the alternative, if applicable:]**

[The transcripts of those recordings were the subject of a stipulation that was read to you during trial. In the stipulation, the parties agreed that the transcripts contained accurate English translations of the Russian conversations. You should therefore consider the translations as you would any other evidence in the case, and give them the weight you deem appropriate as the finder of the facts.]

Adapted from Hon. Paul A. Engelmayer, Jury Charge, United States *v.* Angelo Fernandez, 13 Cr. 20 (S.D.N.Y. 2013); Hon. Pierre N. Leval,United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992); Hon. John G. Koeltl, United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995); United States v. Joseph Brideson, S6 00 Cr. 1118 (MBM); see United States v. Ulerio, 859 F.2d 1144, 1145 (2d Cir. 1988) (not abuse of discretion to admit foreign language transcripts in evidence); United States v. Vasquez, 605 F.2d 1269, 1272 & n.4 (2d Cir. 1979) (proper to play Spanish language tapes and to provide translated transcripts to jury, with cautionary instruction that jury is ultimate factfinder).

**REQUEST NO. 27 - Stipulation of Facts**

**[If Applicable]**

In this case you have also heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed facts as true.

Sand, et al., Modern Federal Jury Instructions, Instr. 5-6.

**REQUEST NO. 28 - Charts and Summaries – Not Admitted As Evidence**

**[If Applicable]**

There have been a number of summary charts and exhibits that were shown to you but not admitted into evidence. At the time they were shown to you, I have noted this fact to you. For these charts and exhibits that were not admitted into evidence, they serve merely as summaries and analyses of testimony and documents in the case and are here to act as visual aids for you. It is the underlying evidence and the weight that you attribute to it that gives value and significance to these charts. To the extent that the charts conform to what you determine the underlying facts to be, you should accept them. To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 5-13.

**REQUEST NO. 29 - Charts and Summaries – Admitted as Evidence**

**[If Applicable]**

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries. For these charts and summaries that were admitted into evidence, you should consider them as you would any other evidence.

Sand, et al., Modern Federal Jury Instructions, Instr. 5-12;
see also Fed. R. Evid. 1006.

**REQUEST NO. 30 - Redaction of Evidentiary Items**

**[If Applicable]**

We have, among the exhibits received in evidence, some documents and recordings that are redacted. "Redacted" means that part of the document or recording was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

**REQUEST NO. 31 - Defendant's Statements**

**[If Applicable]**

There has been evidence that one or more of the defendants made statements to law enforcement authorities.

Evidence of these statements was properly admitted in this case, and may be properly considered by you. You are to give the evidence of such statements such weight as you feel it deserves in light of all the evidence.

You are cautioned that the evidence of one defendant's statement to the authorities after his arrest about his own conduct may not be considered or discussed by you in any way with respect to any defendant on trial other than the defendant who made the statement.

Whether you approve or disapprove of the use of these statements may not enter your deliberations. I instruct you that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instrs. 5-19-20, and from the charge of the Honorable Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999) (in context of government's use of tape recordings).

**REQUEST NO. 32 - Evidence Obtained From Search**

**[If Applicable]**

You have heard [testimony and/or a stipulation] about evidence seized in connection with certain searches conducted by law enforcement officers. Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you. Such searches were entirely appropriate law enforcement actions. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven each defendant's guilt beyond a reasonable doubt.

Adapted from the charges of Judge Pierre N. Leval in United States v. Ogando, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), and United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

**REQUEST NO. 33 - Similar Act Evidence — Intent, Knowledge, Absence of Mistake, and Background**

**[If Applicable]**

The Government has offered evidence tending to show that on at least one or more occasions BRADLEY PIERRE, ARTHUR BOGORAZ, and WILLIAM WEINER engaged in conduct similar to the charges in the Indictment. In that connection, let me remind you that none of the defendants are on trial for committing acts not alleged in the Indictment. Accordingly, you may not consider this evidence of similar acts as a substitute for proof that the defendants committed the crimes with which they are charged. Nor may you consider this evidence as proof that a defendant has a criminal personality or bad character. The evidence of the other, similar acts was admitted for a much more limited purpose, and you may consider it only for that limited purpose.

If you determine that a defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons. You may also consider this evidence in determining whether the defendant utilized a common scheme or plan in committing both the crimes charged in the Indictment and the similar acts introduced by the Government. You may also consider this evidence as background for the relationship between co-conspirators. Evidence of similar acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other act or acts he must also have committed the acts charged in the Indictment.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 5-25.

**REQUEST NO. 34 - Defendant's Right Not to Testify**

**[If Requested by Defense]**

[One or two or all of the defendants] did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that [the defendant/the defendants] did not testify. No adverse inference against [the defendant/the defendants] may be drawn by you because [the defendant/the defendants] did not take the witness stand. You may not consider this against [the defendant/the defendants] in any way in your deliberations in the jury room.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 5-21.

**REQUEST NO. 35 - Defendant's Testimony**

**[Requested Only If At Least One Of The Defendants Testify]**

[One or two or all of the defendants] testified at trial. You should examine and evaluate their testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from United States v. Gaines, 457 F.3d 238 (2d Cir. 2006).

**REQUEST NO. 36 - Persons Not On Trial Or Not Indicted**

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendants from the fact that those persons are not named as defendants in this Indictment or are not present at this trial.

In addition, you should not speculate as to the reasons that individuals are not defendants in this trial. Those matters are wholly outside your concern and have no bearing on your function as jurors in this trial.

Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Bello, 91 Cr. 571 (MBM) (S.D.N.Y.), aff'd, 990 F.2d 622 (2d Cir. 1993), and the charge of the Honorable Louis L. Stanton in United States v. Nguyen, 94 Cr. 541 (LLS) (1995).

**REQUEST NO. 37 - Uncalled Witness: Equally Available to Both Sides**

**[If applicable]**

There are people whose names you heard during the course of the trial but did not appear to testify. One or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 6-7.

**REQUEST NO. 38 - Defendant's Reputation**

**[If applicable]**

[One or two or all of the defendants] has/have called witnesses who have testified to his good reputation in the community. This testimony is not to be taken by you as the witness's opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether that defendant is guilty or not guilty of the charges.

Such character evidence alone may indicate to you that it is improbable that a person of good reputation would commit the offense charged. Accordingly, if, after considering the question of a defendant's good reputation, you find that a reasonable doubt has been created, you must acquit him of all the charges.

On the other hand, if, after considering all of the evidence, including that of a defendant's reputation, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit that defendant merely because you believe he is a person of good reputation.

Sand, et al., Modern Federal Jury Instructions, Instr. 5-14.

**REQUEST NO. 39 - Defendant's Character**

**[If applicable]**

[One or two or all of the defendants] has/have called witnesses who have given their opinion of his/their good character. This testimony is not to be taken by you as the witness's opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including testimony about a defendant's good character, you find a reasonable doubt has been created, you must acquit him of all the charges.

On the other hand, if after considering all the evidence including that of a defendant's character, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit that defendant merely because you believe him to be a person of good character.

Sand, et al., Modern Federal Jury Instructions, Instr. 5-15.

**REQUEST NO. 40 - Cross-Examination of Witness on Defendant's Character**

**[If applicable]**

The Government asked certain questions on cross-examination of the defendant's character witness(es) about specific acts supposedly committed by the defendant. The Government was allowed to ask these questions only to help you decide whether the witness was accurate in forming his opinion or in describing the reputation of the defendant's character. You may not assume that the acts described in these questions are true, nor may you consider them as evidence that the defendant committed the crime for which he is charged. You may therefore consider the questions only in deciding what weight, if any, should be given to the testimony of the character witness and for no other purpose. You should not consider such questions as any proof of the conduct stated in the question.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 5-16.

**REQUEST NO. 41 - Improper Considerations: Race, Religion, National Origin, Sex, or Age**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendants' race, religion, national origin, sex, or age. Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national, origin, sex, or age of any other witness or anyone else involved in this case. The defendants are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Adapted from the charges of the Honorable Richard M. Berman in United States v. Kamara, S1 01 Cr. 979 (S.D.N.Y. 2003), and of the Hon. Denny Chin in United States v. Olajide, 01 Cr. 365.

## CONCLUSION

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendants with respect to each of the charges of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Adapted from the charge of the Honorable Arnold Bauman in United States v. Soldaro, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973). See also United States v. Corr, 75 Cr. 803, Tr. 5425-26 (S.D.N.Y.), aff'd, 543 F.2d 1042 (2d Cir. 1976).

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/_________________
Mathew Andrews
Michael Lockard
Qais Ghafary
Assistant United States Attorneys
(212) 637-6526