AWEUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

United States of America,                          :

                *Plaintiff*,                 :

      v.                                              :     [22 Cr. 019 (PGG)]

Bradley Pierre, *et al.*,                              :

             *Defendants*.             :

--------------------------------------------------------------- X

**DEFENDANT DR. WEINER'S MEMORANDUM IN SUPPORT OF HIS MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE AT TRIAL**

Dr. Weiner submits this Memorandum in support of his Motion *in Limine* seeking an order from the Court excluding the following evidence from his upcoming trial or, where noted and in the alternative, requesting that the Court offer appropriate limiting instructions to the jury should the following evidence be introduced at Dr. Weiner's trial. Because the Government has not disclosed the exhibits it intends to introduce or the names of the witnesses it intends to call, and because it has not provided notice of the evidence it may seek to introduce under Rule 404(b), this motion is necessarily limited. Dr. Weiner reserves the right to file additional written motions and to object to the admission of evidence based on the Government's subsequent disclosures.

    **I.**    **Evidence of Travel Act Bribery Committed By Dr. Weiner's Alleged Co-Conspirators Should Be Excluded.**

Counts Four and Five of the Second Superseding Indictment (ECF No. 282) ("SSI") allege that Bradley Pierre and Arthur Bogoraz conspired to commit Travel Act bribery and conspired to

launder the bribery proceeds. Neither charge mentions Dr. Weiner nor is there any evidence that Dr. Weiner knew or reasonably should have known that Pierre and Bogoraz were engaging in any kind of bribery at any point, let alone in connection with the allegations against Dr. Weiner. Accordingly, the SSI alleges two distinct conspiracies: (1) a Travel Act bribery conspiracy between Bradley Pierre and Arthur Bogoraz, and (2) a healthcare fraud conspiracy between Pierre and Dr. Weiner. The SSI does not contain any allegations that, if true, would link these conspiracies.

### *Relevance*

Evidence is relevant under Rule 401 if it "has any tendency to make a fact more or less probable than it would be without the evidence;" and if "the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence of bribery would, of course, be relevant to establishing a Travel Act offense, but Dr. Weiner is not charged with that offense. Moreover, the SSI does not allege that Dr. Weiner knew of or participated in the bribery conduct. Thus, evidence of bribery is not relevant to the charges against him.

### *Rule 403*

Even if the Court finds that bribery-related evidence is relevant to the healthcare fraud charges, it should be excluded under Rule 403 because its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence of Travel Act bribery is highly prejudicial to Dr. Weiner, likely to confuse the jurors, and, in a trial involving just Dr. Weiner, would certainly waste time better spent adjudicating the allegations actually made against Dr. Weiner.

Bribing 911 operators, police, or other officials[1] is a straightforward crime. The amorality and criminality of such an act would be obvious to any rational person. Yet Dr. Weiner is not accused of such a black and white crime. According to the Government, Dr. Weiner exaggerated radiological findings and falsely stated that he was the "owner" of his medical practice. But the SSI does not allege that Dr. Weiner engaged in or had knowledge of such bribery. Tainting Dr. Weiner with allegations and accusations about bribery would be highly prejudicial and violative of Rule 403.

Bearing in mind that this issue implicates the possible severance of Bogoraz's and Dr. Weiner's trial, Dr. Weiner at this time requests two forms or alternative relief. First, if Dr. Weiner and Bogoraz are to be tried separately (as they should be), Dr. Weiner moves that *all* evidence of the Travel Act bribery scheme be excluded from the trial of Dr. Weiner. Second, if Dr. Weiner and Bogoraz are to be tried together, Dr. Weiner requests a limiting instruction that evidence of Bogoraz's guilt cannot be considered as evidence against Dr. Weiner.

## II.     Evidence Related to Marvin Moy Should Be Excluded.

As the Court is aware, defendant Marvin Moy is unavailable for trial. Still, the SSI alleges that Moy conspired and schemed with Pierre and Weiner to commit healthcare fraud.  Particularly given Moy's unavailability, the Government should not be permitted to introduce evidence regarding Moy that is not relevant to the allegations against Dr. Weiner and, even if relevant, highly prejudicial to Dr. Weiner's defense at trial. Such evidence includes, without limitation: (1) the fact of Moy's disappearance; (2) evidence pertaining solely to Pierre's control of Moy's practice; and (3) evidence related to Moy providing painful or unnecessary medical procedures to his patients.

---

[1] While the SSI does not contain specific allegations, Dr. Weiner assumes that bribery of 911 operators is a central factual allegation underpinning Counts Four and Five.

3

### A.     The Fact of Moy's Disappearance Should be Excluded.

Marvin Moy disappeared during the night on October 12, 2022, a fact that was reported in major news outlets at the time. *See* KC Baker, *Doctor Vanished in Mysterious Nighttime Boating Accident After Being Charged in $100M Fraud Scheme*, People (Nov. 2, 2022), https://people.com/crime/doctor-vanished-nighttime-boating-accident-charged-fraud-scheme/; Michael Wilson, *The Mysterious Case of the Doctor Who Disappeared At Sea*, The New York Times (Dec. 22, 2022), https://www.nytimes.com/2022/12/22/nyregion/marvin-moy-boat-missing.html. The articles, particularly the article from *The New York Times*, indicate that Moy either died in a boating accident under undetermined circumstances or possibly fled from justice. Either way, evidence of Moy's disappearance is not relevant to the allegations against Dr. Weiner, and, even if it has some tangential relevance, the prejudice against Dr. Weiner substantially outweighs the probative value. All of the alleged criminal conduct occurred prior to Moy's disappearance and so the fact of his disappearance is not likely to make any fact of consequence more or less likely regarding the charges against Dr. Weiner. There is no suggestion that Dr. Weiner knew anything about Moy's disappearance or had any role in it.

Even if the Court finds that the evidence of Moy's disappearance *is* relevant, it should still be excluded under Rule 403. The implication that an alleged co-conspirator either fled from justice or otherwise died under suspicious circumstances is likely to cause an ordinary person to assume there is truth to the charges against Moy (who is not being tried *in absentia*) and, by extension, against Dr. Weiner. Dr. Weiner is charged with healthcare fraud and tax-related crimes. He is not charged with anything remotely connected to Moy's disappearance; nor is there any suggestion he was involved in it. The fact that Moy disappeared is not relevant to Dr. Weiner's guilt or innocence, and allowing the Government to introduce even the fact that Moy has disappeared would be highly

prejudicial. As such, evidence of Moy's disappearance and any facts surrounding it must be excluded under Rule 403.

### B. Evidence of Pierre's Control Over Moy's Practice Should Be Excluded.

Some of the discovery in this case suggests that Bradley Pierre controlled Moy's practice. But the Government's burden at trial is not to prove that Bradley Pierre controlled Moy's practice—Moy will not be present at the trial and Bradley Pierre has agreed to plead guilty to the charges against him. Instead, the Government's burden is to prove that Pierre illegally controlled *Dr. Weiner's* radiological practice.

Dr. Weiner and Moy were not co-practitioners. They worked in separate medical fields and in separate offices. They employed different people.  And their funding agreements with Pierre were different.  Evidence tending to show that Pierre controlled Moy's practice would not tend to show that he controlled Dr. Weiner's practice, or that Dr. Weiner fraudulently exaggerated MRI findings.  Clearly, it has no bearing whatsoever on whether Dr. Weiner submitted materially false tax returns to the IRS. Because Moy's relationship with Pierre has no relevance to Dr. Weiner's relationship with Pierre, evidence concerning Pierre's control over Moy's practice is not relevant to any trial of Dr. Weiner. In the limited time scheduled for this case, the Government should not be permitted to try Moy *in absentia* and use that case to tar Dr. Weiner with guilt by association.

### C. Evidence Pertaining to Unnecessary Procedures Conducted by Moy Should Be Excluded.

The Government may contend that Moy subjected some of his patients to unnecessary or even painful procedures. As described above, Moy and Dr. Weiner had two separate practices in two very different specialties. There is no indication that Dr. Weiner knew or had any reason to know that the patients referred to him by other physicians did not need a radiological scan of some kind. And, once the patient received the scan, Dr. Weiner had no insight or control over any

5

subsequent treatment by the referring physician. Thus, whether a patient at any point received unnecessary or painful treatments from Moy (or any other physician) has no relevance to the charges against Dr. Weiner, including whether Dr. Weiner falsified or exaggerated reads.

Once again, as with most of the evidence concerning Moy and physicians outside of Dr. Weiner's practice, even if the evidence is minimally relevant, its probative value is substantially outweighed by the risk of prejudice to Dr. Weiner, risk of confusing the jury, and would waste time and cause undue delay in the proceedings. As a result, evidence of treatment by physicians other than Dr. Weiner should be excluded. Unless the Government can introduce evidence showing that Dr. Weiner had a role in any unnecessary or painful treatments by other physicians, the Court should prohibit the Government from presenting such evidence to the jury.

### III. Plea Allocutions of Dr. Weiner's Alleged Co-Conspirators Must Be Excluded.

To the extent the Government intends to introduce plea allocutions by non-testifying co-conspirators as substantive evidence against Dr. Weiner, this evidence must be excluded. "It is . . . constitutional error to admit as substantive evidence a plea allocution by a co-conspirator who does not testify at trial unless the co-conspirator is unavailable and there has been a prior opportunity for cross-examination." *United States v. Riggi*, 541 F.3d 94, 102 (2d Cir. 2008) (quotations omitted); *United States v. Sutherland*, 306 F. App'x 664, 666 (2d Cir. 2009) (plain error to admit plea allocutions of co-conspirators as substantive evidence in support of conspiracy charges). Moreover, as to plea allocutions of co-conspirators, the Second Circuit has acknowledged that a limiting instruction may not be sufficient to cure the prejudicial effect of this error. *See Riggi*, 541 F.3d at 104-05, 112 (vacating conviction based on erroneous introduction of co-conspirators' plea allocutions notwithstanding fact that court had issued a limiting instruction to the jury). The Court should avoid the risk that a limiting instruction may be insufficient to cure the erroneous

6

introduction of plea allocutions by Dr. Weiner's alleged co-conspirators and rule that such evidence must be excluded before the trial commences.

## CONCLUSION

For the foregoing reasons, Dr. Weiner's Motion *in Limine* should be granted in its entirety.

Dated: December 15, 2023                                   Respectfully Submitted,

**MAYER BROWN LLP**

*/s/ Kelly B. Kramer*
Kelly B. Kramer, Esq.
William Sinnott, Esq. (*pro hac vice*)
1999 K Street NW
Washington, DC 20006-1101
(202) 263-3007
Kkramer@mayerbrown.com

**RICHARD BEN-VENISTE PLLC**

Richard Ben-Veniste, Esq.
4315 50th Street NW
Suite 100, Unit 2636
Washington, D.C. 20016
(202) 631-1901
rbvlaw@yahoo.com

*Counsel for Doctor William Weiner*