UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

......................................................................... X

United States of America,                          :

                        *Plaintiff*,              :

           v.                                           :          [22 Cr. 019 (PGG)]

Bradley Pierre, *et al.*,                             :

                     *Defendants*.            :

......................................................................... X

## DEFENDANT WILLIAM R. WEINER'S
## <u>PROPOSED REQUESTS TO CHARGE</u>

**MAYER BROWN LLP**
Kelly B. Kramer, Esq.
William Sinnott, Esq.
1999 K Street NW
Washington, DC 20006-1101
(202) 263-3007
kkramer@mayerbrown.com

**RICHARD BEN-VENISTE PLLC**
Richard Ben-Veniste, Esq.
4315 50th Street NW
Suite 100, Unit 2636
Washington, D.C. 20016
(202) 631-1901
rbvlaw@yahoo.com

*Counsel for Doctor William Weiner*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ........................................................................................ 1

PROPOSED JURY INSTRUCTION NO. 1 GENERAL REQUESTS ........................... 2

PROPOSED JURY INSTRUCTION NO. 2 EQUALITY OF THE PARTIES ................ 3

PROPOSED JURY INSTRUCTION NO. 3 PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF ........................................................................................ 4

PROPOSED JURY INSTRUCTION NO. 4 CONSIDER EACH DEFENDANT SEPARATELY ............ 6

PROPOSED JURY INSTRUCTION NO. 5 INFERENCE OF PARTICIPATION FROM PRESENCE OR ASSOCIATION ................................................................................ 7

PROPOSED JURY INSTRUCTION NO. 6 REDACTION OF EVIDENTIARY ITEMS ......................... 8

PROPOSED JURY INSTRUCTION NO. 7 EVIDENCE OFFERED FOR A LIMITED PURPOSE ......... 9

PROPOSED JURY INSTRUCTION NO. 8 INDICTMENT MERELY AN ACCUSATION ................. 10

PROPOSED JURY INSTRUCTION NO. 9 WITNESS CREDIBILITY: USE OF COOPERATING WITNESS ...................................................................................... 11

PROPOSED JURY INSTRUCTION NO. 10 WITNESS CREDIBILITY: PLEA AGREEMENT ........... 13

PROPOSED JURY INSTRUCTION NO. 11 WITNESS CREDIBILITY: PLEA AGREEMENT ........... 14

PROPOSED JURY INSTRUCTION NO. 12 WITNESS CREDIBILITY: USE OF UNINDICTED CO-CONSPIRATOR ................................................................................ 15

PROPOSED JURY INSTRUCTION NO. 13 DEFENDANT'S STATEMENTS TO LAW ENFORCEMENT ...................................................................................... 16

PROPOSED JURY INSTRUCTION NO. 14 LAW ENFORCEMENT WITNESS ................................. 17

PROPOSED JURY INSTRUCTION NO. 15 EXPERT WITNESSES ....................................... 18

PROPOSED JURY INSTRUCTION NO. 16 DEFENDANT'S DECISION TO TESTIFY ..................... 20

PROPOSED JURY INSTRUCTION NO. 17 DECISION OF DEFENDANT NOT TO TESTIFY ......... 21

PROPOSED JURY INSTRUCTION NO. 18 AUDIO RECORDINGS AND TRANSCRIPTS ............... 22

PROPOSED JURY INSTRUCTION NO. 19 SUMMARY CHARTS ....................................... 23

PROPOSED JURY INSTRUCTION NO. 20 DEMONSTRATIVE AIDS ................................. 24

PROPOSED JURY INSTRUCTION NO. 21 CONDUCT NOT SPECIFICALLY CHARGED ............. 25

PROPOSED JURY INSTRUCTION NO. 22 THE INDICTMENT ........................................... 26

PROPOSED JURY INSTRUCTION NO. 23 CRIMES DEFINED BY STATUTE ................................. 28

PROPOSED JURY INSTRUCTION NO. 24 CIVIL RULES AND REGULATIONS ............................. 29

PROPOSED JURY INSTRUCTION NO. 25 INSURANCE COMPANY DETERMINATIONS ............ 30

PROPOSED JURY INSTRUCTION NO. 26 HEALTH CARE FRAUD CONSPIRACY (COUNT ONE) ........................................................................................ 31

PROPOSED JURY INSTRUCTION NO. 27 KNOWINGLY AND WILLFULLY .................................. 38

PROPOSED JURY INSTRUCTION NO. 28 CONSPIRACY TO COMMIT HEALTHCARE FRAUD . 39

PROPOSED JURY INSTRUCTION NO. 29 MONEY LAUNDERING (HEALTH CARE FRAUD) .... 44

**TABLE OF CONTENTS**

(Continued)

**Page**

PROPOSED JURY INSTRUCTION NO. 30 CONSPIRACY TO COMMIT MONEY LAUNDERING (HEALTH CARE FRAUD).............................................................................................48

PROPOSED JURY INSTRUCTION NO. 31 DEFRAUD BY OBSTRUCTING THE LAWFUL FUNCTIONS OF THE IRS.........................................................................................49

PROPOSED JURY INSTRUCTION NO. 32 RIGHT TO SEE EXHIBITS AND HAVE TESTIMONY READ DURING DELIBERATIONS ..........................................................................51

PROPOSED JURY INSTRUCTION NO. 33 USE OF NOTES ...............................................52

PROPOSED JURY INSTRUCTION NO. 34 DUTY TO DELIBERATE AND REACH A UNANIMOUS VERDICT....................................................................................................53

PROPOSED JURY INSTRUCTION NO. 35 COMMUNICATION WITH COURT AND VERDICT FORM.......................................................................................................54

CONCLUSION............................................................................................................55

## PRELIMINARY STATEMENT

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure (FRCP), Defendant William Weiner respectfully requests that the Court include the following in its charge to the jury.  Dr. Weiner further respectfully requests the opportunity to make specific objections or suggestions to the Court's charge and reserves the right to submit additional proposed instructions pursuant to FRCP 30 as necessary to address further or factual issues that may arise during the course of the proceedings, including a charge on a theory of the defense, if applicable.

## PROPOSED JURY INSTRUCTION NO. 1

### GENERAL REQUESTS

Defendant William Weiner requests that the Court give the jury its standard instructions (such as those it gave in *United States v. Martoma*, 12-cr-00973 (PGG)), or those contained in Leonard B. Sand, John S. Siffert, Walter P. Loughlin & Steven A. Reiss, MODERN FEDERAL JURY INSTRUCTIONS CRIMINAL (2023) (hereinafter "Sand"), on the following matters:

1. Introduction

2. Role of the Court

3. Role of the Jury

4. Role of Counsel

5. Sympathy or Bias

6. What Is and Is Not Evidence

7. Direct and Circumstantial Evidence

8. Rulings of Evidence and Objections

9. Witness Credibility

10. Prior Inconsistent Statements

11. Bias of Witnesses

12. Persons Not on Trial;

13. Statements of Court and Counsel not Evidence;

14. Venue; and

15. Stipulations.

## PROPOSED JURY INSTRUCTION NO. 2

## EQUALITY OF THE PARTIES

I remind you that in reaching your verdict, you are to perform your duty of finding the facts without bias or prejudice as to any party. You must remember that all parties stand as equals before a jury in the courts of the United States. You must also remember that it would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

This case is important to the defendants, who are charged with serious crimes. Equally, it is important to the government, for the enforcement of criminal laws is a matter of prime concern to the public.

The fact that the prosecution is brought in the name of the United States and the Department of Justice does not entitle the government or its witnesses to any greater consideration than that accorded to any other party. By the same token, the government is entitled to no less consideration. The government and the defendant stand as equals at the bar of justice. Your verdict must be based solely on the evidence or the lack of evidence.

Authority

Adapted from Sand, Instr. 2-5.

<u>**PROPOSED JURY INSTRUCTION NO. 3**</u>

**PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF**

I instruct you that you must presume the defendants to be innocent of the crimes charged. Thus, the defendants, although accused of crimes in the indictment, began the trial with a "clean slate" – with no evidence against them. The indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendants. The presumption of innocence alone, therefore, is sufficient to acquit each defendant.

The burden is always upon the prosecution to prove every element of a crime charged beyond a reasonable doubt. This burden never shifts to the defendant, for the law never imposes upon the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. No defendant is even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

So, what is a "reasonable doubt"? A reasonable doubt is a doubt based upon reason and common sense – the kind of doubt that would make a reasonable person hesitate to act in a matter of importance in his or her own personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely or act upon it in the most important of his or her own affairs. A doubt is only reasonable if it is based on the evidence, or the lack of evidence.

A reasonable doubt, therefore, is not an impulse or whim; it is not a speculation or suspicion; it is not an excuse to avoid the performance of an unpleasant duty; and it is not sympathy for any party.

Unless the government proves beyond a reasonable doubt that a defendant has committed each and every element of an offense charged in the indictment, you must find the defendant you are considering not guilty of that offense. If you view the evidence in the case as reasonably permitting either of two conclusions – one of innocence, the other of guilt – you must adopt the conclusion of innocence.

Authority

Adapted from 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS: CRIMINAL § 12.10 ("O'Malley"); and from the charges given by the Hon. Colleen McMahon in *United States v. Boykin*, S.D.N.Y., 10 Cr. 391 (CM) and by the Hon. Brian M. Cogan in *United States v. Nordlicht, et al.*, E.D.N.Y., 16-cr-00640 (BMC).

**PROPOSED JURY INSTRUCTION NO. 4**

**CONSIDER EACH DEFENDANT SEPARATELY**

The indictment contains a total of seven counts. Each count charges a defendant with a different crime.

There are two defendants on trial before you, Dr. William Weiner and Mr. Arthur Bogoraz. While the defendants may be on trial together, there are really two separate trials going on here, that is, a separate trial for each defendant, and you must return a separate verdict on each defendant for each count in which he or she is charged. You must, as a matter of law, consider each count of the indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he is charged.

In reaching your verdict, bear in mind that guilt is personal and individual. There is no such thing as "guilt by association" under the law and you must not allow guilt by association to interfere with your separate consideration of each defendant.  Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant. The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count. No other considerations are proper.

IF APPLICABLE: In addition, some of the evidence in this case was limited to one defendant [or certain defendants]. Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect enter into your deliberations on any other defendant.

Authority

Adapted from Sand, Instr. 3-8.

6

## PROPOSED JURY INSTRUCTION NO. 5

**INFERENCE OF PARTICIPATION FROM PRESENCE OR ASSOCIATION**

I instruct you that, as a matter of law, you may not infer that any defendant is guilty of participating in criminal conduct merely from the fact that he or she was present at the time the crime was being committed or even that he or she had knowledge it was being committed. Likewise, you may not infer that any defendant is guilty of participating in criminal conduct merely from the fact that he or she associated, did business or worked with other people who were guilty of wrongdoing. A person may know, work with, do business with, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and business interests does not necessarily establish a person's criminality.

Authority

Adapted from Sand, Instr. 6-3, 6-4.

## PROPOSED JURY INSTRUCTION NO. 6

## REDACTION OF EVIDENTIARY ITEMS

### (IF APPLICABLE)

We have, among the exhibits received in evidence, some documents that are redacted.

"Redacted" means that a part of the document or recording was taken out. You are to concern

yourself only with the part of the item that has been admitted into evidence. You should not

consider any possible reason why the other part of it has been deleted.

Authority

Adapted from the charges given by the Hon. Shira Scheindlin in *United States v. Bourke,* S.D.N.Y., S2 05 Cr. 518 (SAS) and the Hon. Colleen McMahon in *United States v. Boykin*, S.D.N.Y., 10 Cr. 391 (CM)

## **PROPOSED JURY INSTRUCTION NO. 7**

### **EVIDENCE OFFERED FOR A LIMITED PURPOSE**

### **(IF APPLICABLE)**

Some of the evidence you have heard during the trial was admitted for a limited purpose. What that means is that you can only consider the evidence for the particular purpose for which it was offered.

<u>Authority</u>

Fed. R. Evid. 105.

## PROPOSED JURY INSTRUCTION NO. 8

## INDICTMENT MERELY AN ACCUSATION

As I told you at the beginning of the trial, an indictment is not evidence. An indictment is a formal method of bringing a case into court for trial and determination by a jury. It describes the charges against the defendant. The grand jury did not pass upon the guilt or innocence of the defendant.  Indeed, it only heard the evidence presented by the Government.  The fact that a person has been indicted creates no presumption that a crime was committed and no inference of any kind may be drawn from the indictment. Under our law, any person accused of committing a crime is presumed to be innocent. Therefore, you may not consider the fact that the defendant was indicted as evidence of any guilt, and you are to give no weight to it in arriving at your verdict.

The defendants, in response to the indictment, pleaded not guilty. They are presumed to be innocent until their guilt has been proved beyond a reasonable doubt, and that presumption alone, unless overcome, is sufficient to acquit them.

### Authority

Adapted from the charges given by the Hon. Colleen McMahon in *United States v. Boykin*, S.D.N.Y., 10 Cr. 391 (CM), Hon. Shira Scheindlin, in *United States v. Bourke,* S.D.N.Y., S2 05 Cr. 518 (SAS), and by the Hon. Edward R. Korman in *United States v. Lu*, No. 11-cr-00743-ERK-MDG-6 (E.D.N.Y.)

## PROPOSED JURY INSTRUCTION NO. 9

## WITNESS CREDIBILITY: USE OF COOPERATING WITNESS

You have heard the testimony from cooperating witnesses who testified that they were participants in the crimes charged against the defendants. You have heard these witnesses referred to as "cooperators." These witnesses told you that they were testifying in the hope that the government would write a letter to the witnesses' sentencing judge, which might cause the sentencing judge to sentence the witness more leniently. While the ultimate decision on sentencing rests with the judge, the witnesses would not qualify for a more lenient sentence without the government's recommendation.

The government is allowed to present testimony from witnesses who participated in the crime, and to present testimony from witnesses who are cooperating in the hope of receiving leniency in exchange for their testimony. Under our law, if the testimony of a single accomplice proves beyond a reasonable doubt that a particular defendant committed a charged crime, you may convict the defendant on the basis of that testimony alone. But you are instructed that you are to draw no conclusions or inferences of any kind about the guilt of any of the defendants on trial before you from the fact that a prosecution cooperator pled guilty to related or similar charges. The decision of that witness to plead guilty was a personal decision that witness made. It may not be used by you in any way as evidence against or unfavorable to any of the defendants.

Like the testimony of any other witness, cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of the witness's recollection, his background and the extent to which his testimony is or is not corroborated by other evidence in the case. However, a cooperating witness' testimony is of such a nature that it must be

11

scrutinized with great care and viewed with special caution. As always, it is for you to decide how much, if any, weight to give to these witness' testimony. You should bear in mind that a cooperating witness has an interest in this case different from that of any ordinary witness. A witness who realizes he or she may be able to obtain his or her own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. You should ask yourselves whether the witness would benefit more by lying or telling the truth, and you should consider who makes that determination. You should ask yourselves whether the witness would benefit more by testifying in a manner to please the Government, and whether such a benefit makes his testimony unreliable or not credible. Hence, the need for caution and great care when examining the testimony of these witnesses and in deciding what weight, if any, to give to such testimony.


Authority

Adapted from Sand, Instr. 7-5, 7-10 & 7-11; the charges given by Hon. John M. Walker in *United States v. Chestman*, S.D.N.Y., 88 Cr. 455 (JMW), by Hon. Sonia Sotomayer in *United States v. Lech*, S.D.N.Y., S2 94 Cr. 285-03 (SS), and by Hon. Brian M. Cogan in *United States v. Nordlicht, et al.*, E.D.N.Y., 16-cr-00640 (BMC).

## PROPOSED JURY INSTRUCTION NO. 10

### WITNESS CREDIBILITY: PLEA AGREEMENT

You have heard testimony from a government witness who pled guilty to charges arising out of the same facts as this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness pled guilty to similar charges. That witness' decision to plead guilty was a personal decision about his own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

<u>Authority</u>

Sand Ins. 7-10

## PROPOSED JURY INSTRUCTION NO. 11

### WITNESS CREDIBILITY: PLEA AGREEMENT

In this case, there has been testimony from a government witness who pled guilty after entering into an agreement with the government to testify. There is evidence that the government agreed to dismiss some charges against the witness and agreed not to prosecute him on other charges in exchange for the witness' agreement to plead guilty and testify at this trial against the defendant(s). The government also promised to bring the witness' cooperation to the attention of the sentencing court.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant(s) on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

Authority

Sand Ins. 7-11

14

<u>**PROPOSED JURY INSTRUCTION NO. 12**</u>

**WITNESS CREDIBILITY: USE OF UNINDICTED CO-CONSPIRATOR**

**(IF APPLICABLE)**

The government has called as witnesses people who are named by the prosecution as co-conspirators but who were not charged as defendants.

For this reason, you should exercise caution in evaluating their testimony and scrutinize it with great care. You should consider whether they have an interest in the case and whether they have a motive to testify falsely. In other words, ask yourselves whether they have a stake in the outcome of this trial. As I have indicated, their testimony may be accepted by you if you believe it to be true and it is up to you, the jury, to decide what weight, if any, to give to the testimony of these unindicted co-conspirators.

<u>Authority</u>

Sand, Instr. 7-7.

## PROPOSED JURY INSTRUCTION NO. 13

## DEFENDANT'S STATEMENTS TO LAW ENFORCEMENT

## (IF APPLICABLE)

There has been evidence offered by the prosecution that a defendant allegedly made certain statements to law enforcement. As with all witness testimony, it is for you to decide whether these statements were made and repeated to you accurately, and, if you conclude they were made, what weight to give to those statements. I instruct you that in making those decisions, you are to consider all of the evidence about the statement, including the circumstances under which it may have been made, and whether they were accurately repeated to you, and to give the statement whatever weight, if any, you feel it deserves under the circumstances.

You are further instructed that the evidence of Mr./Ms. [name]'s statement to the authorities may not be considered or discussed by you in any way with respect to any defendant on trial other than the defendant who made the statement.

Authority

Adapted from Sand, Instr. 5-19, 5-20; the charge given by Hon. William H. Pauley, III in *United States v. Meregildo*, S.D.N.Y., (S-12) 11 Cr. 576 (WHP).

16

## PROPOSED JURY INSTRUCTION NO. 14

### LAW ENFORCEMENT WITNESS

You have heard the testimony of witnesses employed as law enforcement officials. The fact that a witness may be employed by the government as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of any more or any less consideration, or greater or lesser weight, than that of any other witness. You should not presume that a law enforcement officer is any more credible than others who may testify. As with other witnesses, you may consider whether that law enforcement witness's testimony is colored by a personal or a professional interest in the outcome of the case.

It is your decision, after reviewing all of the evidence, whether to accept the testimony of the law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

Authority

Adapted from Sand, Instr. 7-16 and from the charge given by the Hon. Edward R. Korman in *United States v. Lu*, No. 11-cr-00743-ERK-MDG-6 (E.D.N.Y.)

## PROPOSED JURY INSTRUCTION NO. 15

### EXPERT WITNESSES

You have heard testimony from what we call an expert witness. Expert witnesses are witnesses who, by education or experience, have acquired learning in a science or a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be experts and give their reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient education, experience, or data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part. You should not accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. On the other hand, if you find the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing great reliance on the expert's testimony. Expert testimony, in and of itself, may provide a reasonable doubt as to a defendant's guilt.

18

Authority

Adapted from Sand, Instr. 7-21; the charges given by the Hon. Pierre N. Leval in *United States v. Mucciante*, S.D.N.Y., 91 Cr. 403 (PNL), and the Hon. Michael B. Mukasey in *United States v. Mensah*, S.D.N.Y., 91 Cr. 705 (MBM).

**PROPOSED JURY INSTRUCTION NO. 16**

**DEFENDANT'S DECISION TO TESTIFY**

**(IF APPLICABLE)**

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have instructed you, the government bears the burden of proof beyond a reasonable doubt at all times, and the defendant is presumed innocent. If a defendant nonetheless chooses to testify, she is, of course, permitted to take the witness stand on her own behalf.

In this case, [defendant name] decided to testify. You should examine and evaluate [his/their] testimony just as you would the testimony of any other witness with an interest in the outcome of this case. You should not disregard or disbelieve [his/their] testimony simply because [he/they] [is/are] charged as [a] defendant[s] in this case.

Authority

Adapted from Sand, Instr. 7-4, citing, *inter alia*, *United States v. Gaines*, 457 F.3d 238 (2d Cir. 2006); adapted from the charge in *United States v. Martin*, 525 F.2d 703 (2d Cir. 1975).

## PROPOSED JURY INSTRUCTION NO. 17

## DECISION OF DEFENDANT NOT TO TESTIFY

## (IF APPLICABLE)

A defendant in a criminal case has an absolute right under our Constitution not to testify, because it is the government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the government throughout the trial and never shifts to the defendant. A defendant is never required to prove that he is innocent.

The fact that [defendant name] did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that [defendant name] decided to exercise [his/her] privilege under the Constitution and did not testify.

As I stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

Authority

Adapted from O'Malley § 15:14 and from the charge given by the Hon. Edward R. Korman in *United States v. Lu*, No. 11-cr-00743-ERK-MDG-6 (E.D.N.Y.)

21

## PROPOSED JURY INSTRUCTION NO. 18

## AUDIO RECORDINGS AND TRANSCRIPTS

## (IF APPLICABLE)

The government [the parties] has [have] been permitted to hand out typed documents which were prepared containing the government's [parties'] interpretation of what appears on certain of the tape recordings which have been received as evidence. Those were given to you as an aid or guide to assist you in listening to the tapes. However, they are not in and of themselves evidence. Therefore, when the tapes were played, I advised you to listen very carefully to the tapes themselves. You alone should make your own interpretation of what appears on the tapes based on what you heard. If you think you heard something differently than appeared on the transcript, then what you heard is controlling.

Let me say again, you, the jury, are the sole judges of the facts.

Authority

Adapted from Sand, Instr. 5-9.

22

## PROPOSED JURY INSTRUCTION NO. 19

## SUMMARY CHARTS

## (IF APPLICABLE)

The parties have presented exhibits in the form of charts and summaries. These exhibits purport to summarize the underlying evidence that was used to prepare them, and were shown to you to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater weight to these charts and summaries than you would give to the evidence on which they are based.

It is for you to decide whether the charts and summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

Authority

Adapted from Sand, Instr. 5-13.

<u>**PROPOSED JURY INSTRUCTION NO. 20**</u>

**DEMONSTRATIVE AIDS**

**(IF APPLICABLE)**

At various times during the trial, the parties have used demonstrative aids to assist you in considering the evidence or testimony at trial. These demonstrative aids are not in evidence and you should not consider them as such. However you may consider these aids if you find them useful in assessing the evidence or testimony.

<u>Authority</u>

Adapted from the charges given by the Hon. Paul Oetken in *United States v. Gabinskaya*, No. 12-cr-171 (JPO)-24 (S.D.N.Y.).

## <u>PROPOSED JURY INSTRUCTION NO. 21</u>

### CONDUCT NOT SPECIFICALLY CHARGED

The defendants are not on trial for any act or any conduct not specifically charged in the indictment.

<u>Authority</u>

Adapted from Sand, Instr. 3-3; *see also United States v. Rivera*, E.D. Va., 04-cr-00283-RDA-1.

## PROPOSED JURY INSTRUCTION NO. 22

### THE INDICTMENT

The Indictment in this case charges Dr. William Weiner with four different crimes. Count 1 charges that Dr. Weiner committed the crime of conspiracy to commit healthcare fraud.  Count 2 charges him with the substantive crime of healthcare fraud.  Count 3 charges him with conspiracy to commit money laundering.  Count 7 charges him with conspiring to defraud the United States.  Dr. Weiner has pleaded not guilty to each of those charges.

The Indictment is simply the document that formally charges the defendants with the crime for which they are on trial. The Indictment is not evidence. The Indictment creates no presumption and it permits no inference that the defendant is guilty.  You are to give no weight to the fact that an indictment has been returned against the defendant.

I caution you that the Indictment is a document drafted by the government and it relates to charges as framed by the government. The Court and the defendants played no role in its creation. Any conclusions or characterizations contained in the indictment are not to be accepted as true, nor to be considered as proof of anything. Rather, it is the government's burden, and its burden alone, to prove beyond a reasonable doubt that the defendants committed each and every element of the offenses charged in the Indictment.

At the beginning of the trial, I instructed you that you must presume the defendant to be innocent. Thus, the defendant began the trial with a clean slate, with no evidence against them. The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the [government] [prosecution] proved during the trial, beyond a reasonable doubt, each element of a crime charged.

Keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count.

26

<u>Authority</u>

Adapted from Sand, Instr. 3-3 & 3-6 and from the charge given by the Hon. Paul Oetken in *United States v. Gabinskaya*, No. 12-cr-171 (JPO)-24 (S.D.N.Y.).

## PROPOSED JURY INSTRUCTION NO. 23

### CRIMES DEFINED BY STATUTE

In our system we only have crimes that are defined by statute. The fact that something may be repugnant to you or may be something that you think is morally wrong is of no interest. Statutes define our crimes, and I will talk to you about the individual statutes and how they break down into elements so that you may consider the elements that the government must prove.

Some feeling that something wrong has been done is insufficient to convict anyone of any charge whatsoever.  Break it down to the elements, see if there is proof beyond a reasonable doubt as to each of the elements, and then, with that determination made, you can render a unanimous verdict.

Authority

Adapted from the charges given by the Hon. Paul Oetken in *United States v. Gabinskaya*, No. 12-cr-171 (JPO)-24 (S.D.N.Y.).

## PROPOSED JURY INSTRUCTION NO. 24

## CIVIL RULES AND REGULATIONS

During this trial you have heard testimony regarding New York State's civil rules and regulations regarding the practice of medicine.  You have also heard testimony from the filing of tax returns with the IRS.  I caution you that a violation of civil statutes, rules or regulations is not a crime.  This is not a civil case.  The defendants are not on trial for a civil violation.  Even if you find the claims to insurance companies were not allowable under the applicable rules, statutes, or regulations, or find that the defendants otherwise violated civil rules, statutes, or regulations, a defendant cannot be convicted of a crime merely for breaching a civil statute, rule, or regulation applicable to his or her conduct.

### Authority

Adapted from the charges given by the Hon. Paul Oetken in *United States v. Gabinskaya*, No. 12-cr-171 (JPO)-24 (S.D.N.Y.).

**PROPOSED JURY INSTRUCTION NO. 25**

**INSURANCE COMPANY DETERMINATIONS**

During this trial, you have also heard testimony about insurance companies' decisions about whether or not to approve treatment to accident victims or to reimburse a healthcare provider for services that the provider rendered.  In the normal course of processing insurance claims, there are often disputes about the amount of reimbursement and the scope of treatment. Some disputes about reimbursements led to arbitrations. An insurance company's decision to deny, challenge, or arbitrate claims does not render any actions legal or illegal under the criminal statutes.  Again, I remind you that the determination of the guilt of the defendant as to the counts that are charged against him in the indictment must be based upon considerations of the elements of the criminal laws and proof of each element of each charged offense beyond a reasonable doubt.

<u>Authority</u>

Adapted from the charges given by the Hon. Paul Oetken in *United States v. Gabinskaya*, No. 12-cr-171 (JPO)-24 (S.D.N.Y.).

## PROPOSED JURY INSTRUCTION NO. 26

### HEALTH CARE FRAUD

Now, in explaining the laws, I will explain the substantive counts before the conspiracy

counts.  For example, I'm going to charge you on the substantive law of healthcare fraud first

because you need to understand those laws before you consider whether the defendant conspired

or agreed with others to violate that law as alleged in Count One.

Section 1347 of Title 18 of the United States Code provides in pertinent part, that:

Whoever knowingly and willfully executes, or attempts to execute, a scheme or
artifice—(1) to defraud any health care benefit program; or (2) to obtain, by means
of false or fraudulent pretenses, representations, or promises, any of the money or
property owned by, or under the custody or control of, any health care benefit
program, in connection with the delivery of or payment for health care benefits,
items, or services, shall be [guilty of a crime].

Count Two charges Dr. Weiner, Bradley Pierre, and Marvin Moy with healthcare fraud.

In order to prove Dr. Weiner guilty of health care fraud, the government must establish beyond a

reasonable doubt each of the following elements:

First, that there was a scheme to defraud (or a scheme to obtain money or property by

means of materially false or fraudulent pretenses, representations, or promises) in connection

with the delivery of or payment for health care benefits, items or services, as charged in the

Indictment;

Second, that Dr. Weiner knowingly and willfully executed or attempted to execute that

scheme with the intent to defraud; and

Third, that the target of the scheme was a health care benefit program, as I will define

that phrase for you.

### A.       First Element: Scheme to Defraud

#### 1.      Generally

The first element that the government must establish beyond a reasonable doubt is that there was a scheme to defraud (or a scheme to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises) in connection with the delivery of or payment for health care benefits, items, or services, as charged in the Indictment.

A scheme to defraud is a plan to deprive a person of something of value by trick, deceit, subterfuge, or overreaching. A representation is fraudulent if it was falsely made with the intent to deceive, or was made with reckless indifference to its truth or falsity.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey a false and deceptive appearance. If there is intentional deception, the manner in which it is accomplished does not matter.

A fraudulent representation must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts necessary to make the statements that were made not materially misleading.

It is not required that every misrepresentation charged in the indictment be proved. It is sufficient if the prosecution proves beyond a reasonable doubt that one or more of the alleged

material misrepresentations were made in furtherance of the alleged scheme. You must all unanimously agree, however, that a particular statement was false

Although it is not necessary for the government to prove an actual loss of funds by the health care benefit program, the government must prove beyond a reasonable doubt that by executing or attempting to execute the scheme alleged in the indictment, the defendant placed the health care benefit program at a risk of loss.

## 2.    Non-Physician Ownership

I will now address a type of misrepresentation regarding the ownership of professional corporations ("PCs").  In this case, the government contends that Dr. Weiner made material false representations to insurance companies that a PC was owned by him when, in fact, it was owned by people who were not licensed healthcare professionals.  To find a misrepresentation about ownership, you must determine that even though the PC was incorporated in the State of New York by the defendant, it was not actually owned by him.  A misrepresentation would exist if you determine that the defendant was not, in fact, the owner of the PC.

Three sets of factors may inform your findings about ownership.  These three sets of factors provide guidance but are not exhaustive.  You may also rely on your common sense and experience to determine whether there was a fraudulent representation about the PC's true ownership.

First, you should consider formal legal designations of ownership, such as who owns the PC's shares and who has the rights to buy, sell, contract for, or dissolve it.  These considerations are probative but not necessarily conclusive of true ownership.  The law cautions against an over rigid preoccupation with questions of structure and recognizes a doctrine of false ownership where someone owns an asset merely on paper in order to disguise the true owner of the

33

property.  Therefore, you may find that someone who possesses legal rights to a property is not a true owner based on weighing this factor against the two other types of facts.

The second set of factors you can consider to determine ownership is responsibility for the financial risk of a PC.  You may consider who receives that greatest financial profit when the PC does well and who loses the most financial investment if the PC would fail.  Payments made to the non-physician pursuant to a funding agreement may not be considered profits if such compensation was negotiated in good faith and at arm's length and was not in actuality a means to channel the profits of the corporation to the non-physician.

The third set of factors you can consider to determine ownership is the exercise of domination and control, or dominion and control, over the PC.  You may consider who provided medical services to patients, who made medical or diagnostic decisions regarding patients, and whether those medical or diagnostic decisions were unduly influenced by non-physicians. You may also consider whether a non-physician exercised substantial control over the PC's business. In that regard, it is not enough to find that a non-physician had a business relationship with the PC. You must find that the non-physician had a significant role in the guidance, management and direction of the business of the PC. It is not enough to find that the non-physician took directions and performed tasks that were necessary and helpful to the corporation or that he provided goods and services that benefitted the PC. The crucial question is not whether the non-physician was an advisor to the PC, but whether and to what extent the non-physician exercised control over the course of the PC's business. There is a substantial difference between one who exercises substantial control over a PC's business and one who merely has a business relationship with the PC but does not exercise substantial control over a corporation.

Based on a thorough consideration of these three types of factors, you must determine whether there was a material misrepresentation about the ownership of a PC.

### 3.     False MRI Readings

I will now address the standard for determining whether a reading of an MRI study or any other medical diagnosis may be said to be a misrepresentation.  In this case, the government alleges that, after evaluating MRIs, Dr. Weiner stated in reports that patients had certain medical conditions when, in fact, they did not.  Good faith-medical diagnoses by a doctor cannot be false, even if a different physician later contends that the judgment is wrong.  Rather, to find that Dr. Weiner made a misrepresentation about a patient's medical condition, you must find that he knew when he prepared the MRI report that the diagnoses stated therein were false.

### B.     Second Element: Intent to Defraud

The second element that the government must establish beyond a reasonable doubt is that Dr. Weiner knowingly and willfully executed or attempted to execute that scheme with the intent to defraud.

To execute means to carry out or put into effect. The defendant may have executed the scheme on one date or on several dates. You must all agree on at least one particular execution.

To act with intent to defraud means to act knowingly, willfully and with the intent to deceive for the purpose of causing some financial loss to another. Willfulness, knowledge, and fraudulent intent can be inferred from a variety of acts that you can analyze in using your common sense and general experience.

Since an essential elements of the crimes charged is an intent to defraud, it follows that good faith on the part of Dr. Weiner is a complete defense to the charge of health care fraud. Good faith is an absolute defense to the charges in the indictment since good faith on the part of

a defendant is inconsistent with the intent to defraud or willfulness, which is an essential part of these charges.  A statement made with a good-faith belief in its accuracy does not amount to a false statement and is not a crime even if the statement is in fact erroneous.  If Dr. Weiner believed in good faith that the representations were true, no matter how inaccurate they may turn out to be, there would be no crime.  However, if Dr. Weiner knew that his representations were false and material, it is not a defense that he believed that the victim would recognize their falsity and decide not to rely on those statements.  Dr. Weiner does not have the burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt. Remember that proof of mere negligence or incompetence is not sufficient. The burden is on the government.

### C.      Third Element: Health Care Benefit Program

The third element that the government must establish beyond a reasonable doubt is that the target of the scheme was a health care benefit program.

The phrase "health care benefit program" means any public or private plan or contract under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.

In order to qualify as a "health care benefit program," the program must affect interstate commerce. This means that the program must have had some effect on the movement, transportation, or flow of goods, merchandise, money and individuals between or among the states.

Authority

Adapted from Sand, Instr. 44-13, 44-15–44-17, the charge given by the Hon. Paul Oetken in *United States v. Gabinskaya*, No. 12-cr-171 (JPO)-24 (S.D.N.Y.), and *United States v. AseraCare, Inc.*, 938 F.3d 1278, 1297 (11th Cir. 2019) ("A properly formed and sincerely held clinical judgment is not untrue even if a different physician later contends that the judgment is wrong.").

## PROPOSED JURY INSTRUCTION NO. 27

### KNOWINGLY AND WILLFULLY

I have discussed the requirement that a defendant's conduct must be knowing and willful.

An act is done "knowingly" if it is done voluntarily and deliberately rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law. The defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake, or was the result of a good faith misunderstanding of the requirement of the law. In this connection, it is for you to decide whether the defendant acted in good faith, that is, whether he sincerely misunderstood the requirements of the law, or whether he knew what he was required to do and deliberately did not do so.

### Authority

Adapted from Sand, Instr. 44-13, 44-15–44-17; *United States v. Homa Int'l Trading Corp.*, 387 F.3d 144 (2d Cir. 2004); *United States v. Droge*, 961 F.2d 1030 (2d Cir. 1992).

## PROPOSED JURY INSTRUCTION NO. 28

### CONSPIRACY TO COMMIT HEALTHCARE FRAUD

Now I'm going to turn to Count One, which is conspiracy to commit healthcare fraud. Count One charges Dr. Weiner with conspiring with Bradley Pierre and Marvin Moy to commit healthcare fraud from in or about 2015 through about 2021. Because this is the first time that I'm instructing on the law of conspiracy, I will begin with some general instructions on the concept of conspiracy.

A conspiracy is a kind of criminal partnership, combination or agreement of two or more persons to join together to accomplish some unlawful purpose. The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as the substantive crimes. Healthcare fraud is the substantive crime in this case.

You may find Dr. Weiner guilty of the crime of conspiracy to commit an offense even though the substantive crime which was the object of the conspiracy was not actually committed. Conspiracy, standing alone, is a separate crime even if the conspiracy is not successful. There are several specific laws for different types of conspiracy. The pertinent law for conspiracy to commit healthcare fraud and conspiracy to commit mail fraud in this case is in Title 18 of the United States Code, Section 1349. That statute says: "Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

To prove a conspiracy charge, the government must establish each of the following two elements beyond a reasonable doubt:

<u>First</u>, that two or more persons entered the unlawful agreement charged in the indictment;

Second, the government must prove beyond a reasonable doubt that Dr. Weiner willfully and knowingly became a member of the conspiracy with the intent to further its illegal purposes, that is, with the intent to commit healthcare fraud.

Now let's separately discuss each of those elements. The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more people entered the unlawful agreement charged in the indictment. To satisfy the first element of a conspiracy, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or in writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that  there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved. In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. Sometimes, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual coconspirators. When taken altogether and considered as a whole, however, these acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof on this issue. You should refer back to my earlier instructions on direct and circumstantial evidence and inferences.

The object of a conspiracy is the illegal agreement that the coconspirators agree or hope to achieve. The conspiracy charged in Count One of the indictment had the alleged object of committing healthcare fraud. I have just instructed on the elements of healthcare fraud, and you should apply those instructions here. You must decide whether the defendant was part of a conspiracy to commit healthcare fraud. You must start by determining whether he entered into an agreement to commit the object of the conspiracy; and for this count I'll remind you, the object was to commit healthcare fraud with at least one other person.

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy charged in Count Two of the indictment is that Dr. Weiner unlawfully, intentionally and knowingly became a member of the conspiracy. If you're satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves: Who were the members of that conspiracy? In deciding whether Dr. Weiner was in fact a member of the conspiracy, you should consider whether the defendant knowingly, willfully and voluntarily joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective?

I defined "knowingly" and "willfully" in my instructions on healthcare fraud, and you should apply those same definitions here, with a few variations which I will explain. To satisfy the burden of proof the defendant willfully and knowingly became a member of a conspiracy to accomplish an unlawful purpose, the government must prove beyond a reasonable doubt that the defendant knew that she was a member of an operation or conspiracy to accomplish that unlawful purpose and that this action of joining such an operation or a conspiracy was not due to carelessness, mistake or negligence.

41

Now, Dr. Weiner's knowledge is a matter of inference from the proven facts. Science has not yet devised a manner of looking into anyone's mind and knowing what he is thinking. However, you do have before you the evidence of acts alleged to have taken place by or with the defendant or in his presence. A defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need she have been apprised of all of their activities. Moreover, Dr. Weiner need not have been fully informed as to all the details or the scope of the conspiracy in order to justify an inference of knowledge on his part.

Furthermore, Dr. Weiner need not have joined in all of the conspiracy's unlawful objectives. The extent and duration of the defendant's participation in the conspiracy have no bearing on the issue of the defendant's guilt. He need not have joined the conspiracy at the outset. The defendant may have joined at any time in its progress and may still be held responsible for all that was done before she joined and all that was done during the conspiracy's existence while she was a member, as long as you find that the defendant joined the conspiracy with knowledge as to its general scope and purpose.

Indeed, each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles while other play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit, or scope, of the conspiracy. I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not by itself make her a member of the conspiracy. Similarly, a person may know, do business with, assemble with, or be friendly with, one or more members of a conspiracy without being a

conspirator himself. Mere similarity of conduct, or the fact that the defendant may have discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. I also want to caution you that mere knowledge or acquiescence without participation in the unlawful plan is not sufficient.

Moreover, the fact that the acts of the defendant without knowledge merely happen to further the purposes or objectives of the conspiracy does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the unlawful purposes or objects of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

Once a conspiracy is formed, it is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by the members. So, too, once a person is found to be a member of a conspiracy, she is presumed to continue as a member in the conspiracy until the conspiracy is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated herself from it.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement – that is to say, a conspirator.

<u>Authority</u>

Adapted from Sand, Instr. 44-13, 44-15–44-17, and the charge given by the Hon. Paul Oetken in *United States v. Gabinskaya*, No. 12-cr-171 (JPO)-24 (S.D.N.Y.),

## PROPOSED JURY INSTRUCTION NO. 29

## MONEY LAUNDERING (HEALTH CARE FRAUD)

Count Three charges Dr. Weiner with conspiring with Bradley Pierre to violate the money laundering statute.  I will again begin by instructing you on the substantive offense of money laundering, because you need to understand that law before you consider whether the defendant conspired or agreed with others to violate that law.

Section 1956 of Title 18, United States Code, deals with participation in a financial transaction that involves property constituting the proceeds of specified unlawful activity. Specifically, section 1956(a)(1)(B) provides:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—
>
> (B)     knowing that the transaction is designed in whole or in part-
>
> (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity [is guilty of a crime].

In order to prove the crime of money laundering in violation of section 1956(a)(1)(B), the government must establish beyond a reasonable doubt each of the following elements:

First, that Dr. Weiner conducted (or attempted to conduct) a financial transaction involving property constituting the proceeds of healthcare fraud.

Second, that Dr. Weiner knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

Third, that Dr. Weiner knew that the transaction was designed in whole or in part either to conceal or disguise the nature, location, source, ownership or control of the proceeds of specified unlawful activity.

### A.      First Element: Financial Transaction Involving Proceeds of Unlawful Activity

The first element that the government must prove beyond a reasonable doubt is that Dr. Weiner conducted (or attempted to conduct) a financial transaction involving property constituting the proceeds of specified unlawful activity. A number of these terms require definition.

The term "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.

The term "financial transaction" means a transaction involving a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or a transaction that in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments, or involves the transfer of title to any real property, vehicle, vessel or aircraft.

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase of sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

The term "monetary instrument" includes, among other things, coin or currency of the United States or any other country, personal checks, traveler's checks, cashier's checks, bank checks, money orders, and investment securities or negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.) Proceeds can be any kind of property, not just money.

The term "specified unlawful activity" means any one of a variety of offenses defined by the statute. In this case, the government has alleged that the funds in question were the proceeds of Health Care Fraud. I instruct you that, as a matter of law, that these offenses fall within that definition. However, it is for you to determine whether the funds were the proceeds of that unlawful activity.

### B.    Second Element: Knowledge That Property Was Proceeds of Unlawful Activity

The second element that the government must prove beyond a reasonable doubt is that the Dr. Weiner knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

To satisfy this element, the government must prove that the defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state, federal, or foreign law. Thus, the government does not have to prove that the defendant specifically knew that the property involved in the transaction represented the proceeds of Health Care Fraud or any other specific offense. The government only has to prove that the defendant knew it represented the proceeds of some

illegal activity that was a felony. I instruct you as a matter of law that Health Care Fraud is a felony under the law of the United States.

### C.    Third Element: Knowledge That Transaction Was Designed to Conceal Origin of Property

The third element that the government must prove beyond a reasonable doubt is that Dr. Weiner acted with knowledge that the transaction was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of healthcare fraud.

If you find that the evidence establishes beyond a reasonable doubt that the defendant knew of the purpose of the particular transaction in issue, and that he knew that the transaction was either designed to conceal or disguise the true origin of the property in question (or to avoid a requirement of reporting the transaction), then this element is satisfied.

However, if you find that the defendant knew of the transaction but did not know that it was either designed to conceal or disguise the true origin of the property in question (or to avoid a requirement to report the transaction), but instead thought that the transaction was intended to further an innocent transaction, you must find that this element has not been satisfied and find the defendant not guilty.

Authority

Adapted from Sand, Instr. 50A-6–50A-10.

## PROPOSED JURY INSTRUCTION NO. 30

## CONSPIRACY TO COMMIT MONEY LAUNDERING (HEALTH CARE FRAUD)

Count Three charges defendant Weiner with conspiring with Bradley Pierre, from approximately 2015 through 2021, to launder criminal proceeds – specifically, proceeds from health care fraud.

The law on conspiracy to commit money laundering is in Title 18 of the United States Code, Section 1956(h).  Specifically, that statute provides, in part, that:  "Any person who conspires to commit [money laundering] shall be subject to the same penalties as those prescribed for the offense…."  Here, the government alleges that the defendants conspired to conduct financial transactions knowing that the transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the criminal proceeds in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

Thus, the Government must prove two elements beyond a reasonable doubt.

First, that two or more persons entered the unlawful agreement charged in the indictment;

Second, the government must prove beyond a reasonable doubt that Dr. Weiner willfully and knowingly became a member of the conspiracy with the intent to further its illegal purposes, that is, with the intent to commit money laundering.

I have already instructed you on these elements and you should apply those instructions here.  Let me remind you that I instructed you previously that the Government must prove beyond a reasonable doubt that Dr. Weiner knew that the funds or property involved in the financial transaction represented the proceeds of some form of unlawful activity.

### Authority

Adapted from Sand, Instr. 50A-4.

48

<u>**PROPOSED JURY INSTRUCTION NO. 31**</u>

**DEFRAUD BY OBSTRUCTING THE LAWFUL FUNCTIONS OF THE IRS**

Dr. Weiner is charged in Count Seven with conspiring with Bradley Pierre and Jean

Pierre to defraud the United States. The relevant statute on this subject is 18 U.S.C. § 371. It

provides:

> If two or more persons conspire . . . to defraud the United States, or any agency
> thereof in any manner or for any purpose, and one or more of such persons do any
> act to effect the object of the conspiracy, each [is guilty of a crime].

It is a federal crime to defraud the United States or any of its agencies. I instruct you that

the Internal Revenue Service is an agency of the United States government.  One of the lawful

functions of the Internal Revenue Service is to accurately determine the tax liability of

individuals and corporations. Willfully underreporting income would obstruct or interfere with

that function, as would willfully overstating deductions or mischaracterizing expenses as

deductible.

In order to satisfy its burden of proof, the government must establish each of the

following four essential elements beyond a reasonable doubt:

<u>First</u>, that two or more persons entered the unlawful agreement charged in the indictment;

<u>Second</u>, that Dr. Weiner knowingly and willfully became a member of the conspiracy;

<u>Third</u>, that one of the members of the conspiracy knowingly committed at least one of the

overt acts charged in the indictment; and

<u>Fourth</u>, that the overt act(s) that you find to have been committed was (were) committed

to further some objective of the conspiracy.

I have already instructed you as to the first two elements.  I will now instruct you as to

the third and fourth elements.  To sustain its burden of proof, the Government must show beyond

a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy by

at least one of the co-conspirators – but not necessarily Dr. Weiner – in the Southern District of New York.

The effect of the overt act requirement is clear.  There must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.  The Government must prove beyond a reasonable doubt that one of the members of the conspiracy – against, either Dr. Weiner or any other individual you find to have been a co-conspirator – took some step or action in furtherance of the conspiracy in the Southern District of New York during the life of the conspiracy.

In order for the Government to satisfy the overt act requirement, it is not necessary for it to prove any particulate overt act, or even that Dr. Weiner committed an overt act.  It is sufficient for the Government to show that Dr. Weiner or one of his alleged co-conspirators knowing committed an overt act in furtherance of the conspiracy.

You should also bear in mind that the overt act may be a lawful act.  What matters is whether the over act is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.

<u>Authority</u>

Adapted from Sand, Instr. 19-1, 19-3–19-4, 19-6–19-8.

## PROPOSED JURY INSTRUCTION NO. 32

### RIGHT TO SEE EXHIBITS AND
### HAVE TESTIMONY READ DURING DELIBERATIONS

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, they will be sent to you in the jury room upon request. If you want any of the testimony read, that can also be done. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony which you may want.

Your requests for exhibits or testimony—in fact any communication with the court—should be made to me in writing, signed by your foreperson, and given to one of the marshals. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. In any event, do not tell me or anyone else how the jury stands on the issue of the defendant's guilt until after a unanimous verdict is reached.

Authority

Adapted from Sand, Instr. 9-3.

## PROPOSED JURY INSTRUCTION NO. 33

### USE OF NOTES

If you took notes during the trial, those notes are only an aid to recollection—they are not a substitute for your recollection of the evidence in the case. Your notes are not evidence. They are not entitled to any greater weight than your actual recollection or the impression of each juror as to what the evidence actually is. If you took notes, you must not show your notes to any other juror during your deliberations.

If you did not take notes during the trial, you should not be influenced by the notes of another juror, but instead rely upon your own recollection of the evidence. The fact that a particular juror has taken notes does not entitle that juror's views to any greater weight.

If, during deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official transcript be read to you.

### Authority

Adapted from Sand, Instr. 1-3.

## PROPOSED JURY INSTRUCTION NO. 34

### DUTY TO DELIBERATE AND REACH A UNANIMOUS VERDICT

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions. The verdict must be unanimous with respect to each defendant.

Your function is to weigh the evidence in the case and determine whether or not each defendant is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence—if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.  But you should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous as to each defendant and as to each count.

Authority

Adapted from Sand, Instr. 9-7.

**PROPOSED JURY INSTRUCTION NO. 35**

**COMMUNICATION WITH COURT AND VERDICT FORM**

You should by your own vote select one of your members to sit as your foreperson. The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal outside your door that the jury has reached a verdict, and when you come into open court, the foreperson will be asked to state what the verdict is. Again, notes should be signed and should include the date and time they were sent. They should also be as clear and precise as possible. Any notes from the jury will become part of the record in this case. So please be as clear and specific as you can be in any notes you send.

We have prepared a verdict form for you to use in recording your decisions. After you have reached a verdict, the foreperson should fill in the verdict sheet, sign it noting the date and time, and then give a note to the marshal outside your door stating that you have reached a verdict. Do not specify what the verdict is in your note. Instead, the foreperson should retain the verdict sheet, and hand it to me in open court when you are all called in.

I will stress again that each of you must be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

Authority

Adapted from Sand, Instr. 9-5, 9-9, 9-13.

## **CONCLUSION**

Dr. Weiner respectfully requests that the Court include the foregoing in its instructions to the jury. In addition, Dr. Weiner requests the opportunity to submit further instructions or amend those submitted as appropriate.


Dated:  December 15, 2023                    Respectfully Submitted,

                                             **MAYER BROWN LLP**


                                             By:   /s/ Kelly B. Kramer
                                                   Kelly B. Kramer, Esq.
                                                   William Sinnott, Esq.
                                                   1999 K Street NW
                                                   Washington, DC 20006-1101
                                                   (202) 263-3007
                                                   kkramer@mayerbrown.com


                                             **RICHARD BEN-VENISTE PLLC**

                                                   Richard Ben-Veniste, Esq.
                                                   4315 50th Street NW
                                                   Suite 100, Unit 2636
                                                   Washington, D.C. 20016
                                                   (202) 631-1901
                                                   rbvlaw@yahoo.com

                                             *Counsel for Doctor William Weiner*

759174470.6