UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| United States of America, | : | |
| *Plaintiff*, | : | |
| v. | : | [22 Cr. 019 (PGG)] |
| Bradley Pierre, *et al.*, | : | |
| *Defendants*. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT WILLIAM WEINER'S MOTION TO SEVER DEFENDANTS**

As a result of two recent developments, the Court should sever the trials of Defendants William Weiner and Arthur Bogoraz. Specifically, on December 6, 2023, the Government obtained a Second Superseding Indictment (SSI). Then, on December 18, 2023, Defendants Bradley Pierre and Jean Pierre resolved the charges against them through guilty pleas. Accordingly, Dr. Weiner and Mr. Bogoraz are the only defendants who are available for trial. But because these defendants do not face any common charges, and because the SSI does not allege any facts to show that the charges against them arise out of a common plan or scheme, these defendants are misjoined as a matter of law pursuant to Rule 8(b). Moreover, even if that were not so, the Court should exercise its discretion to sever these defendants pursuant to Rule 14.

**LEGAL STANDARD**

In *United States v. Rittweger*, then-Judge Sotomayor explained that efforts to join defendants who are not charged with an "overarching" conspiracy count must be determined on a "case-by-case" basis. 524 F.3d 171, 178 (2d Cir. 2008). She articulated the following standard:

> Rule 8(b) allows joinder of two or more defendants "if they are alleged to have participated in the same act or transaction or in the same series of acts or

> transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). We have interpreted the "same series of acts or transactions" language of Rule 8(b) to mean that "joinder is proper where two or more persons' criminal acts are 'unified by some substantial identity of facts or participants,' or 'arise out of a common plan or scheme.'" *United States v. Cervone*, 907 F.2d 332, 341 (2d Cir.1990) (*quoting Attanasio*, 870 F.2d 809, 815 (2d Cir. 1989)). In this context, we also "apply a 'commonsense rule' to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice to either or both of the defendants resulting from the joinder." *United States v. Shellef*, 507 F.3d 82, 98 (2d Cir. 2007) (*citing United States v. Turoff*, 853 F.2d 1037, 1044 (2d Cir.1988)).

*Id.* at 177.[1]

Accordingly, Dr. Weiner and Mr. Bogoraz may only be tried together if the SSI alleges facts adequate to show that the charges are "based on the same act or transaction" or on the "same series of acts or transactions." *Id.* at 178 ("Under the plain language of Rule 8(b), the decision to join parties turns on what is 'alleged' in the 'indictment.' Fed. R. Crim. P. 8(b)."). "Critically, the 'decision to join parties turns on what is alleged *in the indictment*.'" *United States v. Jordan*, 629 F. Supp. 3d 49, 58 (E.D.N.Y. 2022) (quoting *Rittweger*, 524 F.3d at 177)) (emphasis added).

Crucially for this case, it has been well-settled for decades in this Circuit and elsewhere that "defendants charged with two separate—albeit similar—conspiracies having one common participant are not, without more, properly joined." *See United States v. Belin*, 2000 WL 679138, at *2 (S.D.N.Y. May 24, 2000) (quoting *United States v. Giraldo*, 859 F. Supp. 52, 55 (E.D.N.Y. 1994)); *United States v. Lech*, 161 F.R.D. 255, 256 (S.D.N.Y. 1995) (Sotomayor, J.) ("It is well-settled . . . that two separate transaction do not constitute a 'series' within the meaning of Rule 8(b) merely because they are of a similar character or involve one or more participants.") (quotations omitted); *United States v. Gruttadauria*, 439 F. Supp. 2d 240, 252 (E.D.N.Y. 2006)

---

1 Rule 8(b) provides a "more restrictive test" for joinder than Rule 8(a). That is because Rule 8(a) authorizes the joinder of counts of the "same or similar character" (Fed.R.Crim.P. 8(b)), whereas Rule 8(b) does not. *United States v. Turoff*, 853 F.2s 1037, 1042-43 (2d Cir. 1988).

(same); *see also United States v. Welch*, 656 F.2d 1039, 1049 (5th Cir. 1981) (same); *cf. United States v Halper*, 590 F.2d 422, 429 (2d Cir. 1978) (severing Medicaid fraud and tax evasion counts against single defendant even though Government alleged they "arose out of 'connected' transactions."). "This is true even if there are allegations of proximate or simultaneous conspiracies with one common conspirator." *United States v. Moon*, 1988 WL 88056, at *3 (N.D.N.Y. Aug. 23, 1988) (quotations omitted).

Moreover, the Court must also find, applying its own common sense, whether there is sufficient factual overlap between the charges to justify prejudicing either or both defendants. *See Rittweger*, 524 F.3d at 177.

## ARGUMENT

### I. THE DEFENDANTS MUST BE SEVERED UNDER RULE 8

The charges against Dr. Weiner and Mr. Bogoraz are misjoined.

Dr. Weiner is charged in Counts One, Two, and Three (alleging healthcare fraud and the laundering of the proceeds of healthcare fraud against Dr. Weiner, Bradley Pierre and Marvin Moy) and Count Seven (allege tax violations involving Dr. Weiner, Bradley Pierre and Jean Pierre) (collectively, the "Healthcare Charges").

Mr. Bogoraz is not charged in any of the Healthcare Charges. Instead, he is charged with Bradley Pierre in Counts Four and Five with Travel Act bribery and laundering the proceeds of Travel Act bribery (collectively, the "Travel Act Charges"). Dr. Weiner is not charged in any of the Travel Act Charges. Clearly, then, the Healthcare Charges against Dr. Weiner and the Travel Act Charges against Bogoraz are not based on the "same act or transaction." Fed. R. Crim. P. 8(b).

Nor are they based on the same "series of acts or transactions." *Id.* The first half of the Second Circuit's test asks whether, as alleged, the Healthcare and Travel Act Charges are "unified

by some substantial identity of facts or participants." *Rittweger*, 524 F.3d at 177. They are not. To start, there is no "substantial identity of facts." *Id.* According to the SSI, the charges against Mr. Bogoraz relate to a scheme to bribe state and local officials to obtain information about "motor vehicle accident victims . . . ." SSI ¶ 9. That is as detailed as the SSI gets. There is not a single allegation that would permit the Court to conclude that the Travel Act Charges are factually related, in any way (let alone in a substantial way), to the Healthcare Charges.

Next, nothing in the SSI shows a "substantial identity of … participants" between the two sets of charges. Indeed, from the face of the SSI, the *only* common participant in the Healthcare and Travel Act charges is Bradley Pierre. But, as explained in more detail below, the fact that *one person*—particularly a person who will not be on trial—is charged in both sets of charges does not establish a "*substantial identity* of participants." *Id.* (emphasis added).

In fact, numerous courts have held that joinder of two defendants under Rule 8(b) is improper where the only link between defendants charged in separate conspiracies is a common co-defendant. *See Giraldo*, 859 F. Supp at 55 ("The existence of a single, common participant . . . does not satisfy the requirements of Rule 8(b)."). This is true even where the government represents that the conspiracies are connected. *See, e.g.*, *United States v. Rajaratnam*, 753 F. Supp. 2d 299, 309 (S.D.N.Y. 2010) (granting severance as to defendant Chiesi because the "government [could] point to no language in the Indictment that suggest[ed] that Counts One and Six have anything more in common than that they both charge Rajaratnam"); *Giraldo*, 859 F. Supp. at 55 (severing defendants charged in different counts where the "only individual . . . charged in both of the conspiracies [was] Defendant Giraldo).

Here, the only apparent connection between Bogoraz and Dr. Weiner is that Bradley Pierre is a co-defendant to each of them in distinct and separate counts. There are no factual allegations

in the SSI linking the counts against either Bogoraz or Dr. Weiner and no factual allegations that either had anything to do with the actions of the other. Nor are there any allegations of a common scheme beyond Bradley Pierre's involvement in the separate charges against Bogoraz and Dr. Weiner. This would make joinder improper under Rule 8(b) even if Pierre was slated to be a defendant at trial. He is not, further underscoring that severance of the trials of Bogoraz and Dr. Weiner is required by Rule 8(b).

The second half of the Second Circuit's test looks to whether the charges "arise out of a common plan or scheme." Here, they do not. Again, there is not one factual allegation in the SSI that would allow the Court to conclude that Travel Act Charges and the Healthcare Charges are part of a common plan or scheme. To be sure, the Government may *argue* that there is some connection between the schemes, but Rule 8(b) is a pleading rule, and determining whether joinder is proper "turns on what is 'alleged' in the 'indictment'"—not what the Government argues. *Rittweger*, 524 F.3d at 178; *United States v. Jones*, No. 15-CR-153 (VSB), 2017 WL 11368368, at *3 (S.D.N.Y. Jan. 11, 2017) ("The plain language of Rule 8(b) does not appear to allow for consideration of pre-trial representations not contained in the indictment, just as the language of the Rule does not allow for the consideration of evidence at trial.") (quoting *Rittweger*, 524 F.3d at 178 n.3); *see also Jordan*, 629 F. Supp. 3d at 59 ("The Government's focus on evidence, rather than the Indictment, disregards all together the longstanding rule that in assessing the propriety of joinder, district courts are to look only at the facts alleged in an indictment. In other words, district courts are to ignore what the facts will or are expected to show at trial.").

The final step in assessing the propriety of joinder is for the Court to use its common sense to decide whether, in light of the factual overlap among the charges, joint proceedings would produce "sufficient efficiencies such that joinder is proper notwithstanding the possibility of

prejudice to either or both of the defendants resulting from the joinder." *Id.* at 177. Here, it is difficult to see how joint proceedings would produce *any* material efficiencies. The Government's proof against Bogoraz presumably will relate to his interactions with or knowledge of call center operators, 911 operators, and local police. Dr. Weiner knew nothing of this conduct (and the SSI does not allege otherwise). Similarly, the Government's proof against Dr. Weiner will be entirely irrelevant to its case against Bogoraz (and the SSI does not allege otherwise). As a matter of common sense, the lack of any allegations of a factual nexus between Dr. Weiner's conduct and Bogoraz's conduct requires the conclusion that these defendants are misjoined.

## II. THE DEFENDANTS SHOULD BE SEVERED UNDER RULE 14

Even if the Court concludes that Dr. Weiner and Bogoraz are not misjoined as a matter of law, it should still grant a discretionary severance under Rule 14 because there the benefits of a joint trial are *de minimis* and the potential for prejudice is high. Even a cursory glance at the Government's Motion *in Limine* illustrates some of the many problems that will result from a joint trial. The Government seeks to admit, for example, Bogoraz's post-arrest statements to law enforcement and, more problematically, evidence of his prior conviction. Under these circumstances, a limiting instruction would not insulate Dr. Weiner from "guilt by association."

## CONCLUSION

For the foregoing reasons, the Court should grant Dr. Weiner's motion to sever defendants pursuant to Rules 8(b) or 14.

Dated: December 19, 2023

Respectfully Submitted,

**MAYER BROWN LLP**

*/s/ Kelly B. Kramer*
Kelly B. Kramer, Esq.
William Sinnott, Esq. (*pro hac vice*)
1999 K Street NW
Washington, DC 20006-1101
(202) 263-3007
kkramer@mayerbrown.com
wsinnott@mayerbrown.com

**RICHARD BEN-VENISTE PLLC**

Richard Ben-Veniste, Esq.
4315 50th Street NW
Suite 100, Unit 2636
Washington, D.C. 20016
(202) 631-1901
rbvlaw@yahoo.com

*Counsel for Doctor William Weiner*