

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 6, 2024

**VIA ECF**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *United States v. William Weiner,*
22 Cr. 19 (PGG)

Dear Judge Gardephe:

The Government writes to quash an improper trial subpoena served on Liberty Mutual by defendant William Weiner for the testimony of James Beadle. Liberty Mutual notified the Government of the subpoena yesterday evening, January 5, 2024, and a copy of the trial subpoena is incorporated as <u>Exhibit A</u>. The subpoena is a transparent violation of the Court's order denying Weiner's request to call Mr. Beadle to testify at a *Kastigar* hearing. (*See* Dkt. 287 (the "Denial Order")). As the Court has previously ruled:

> Weiner complains that he "has not been permitted to call the witnesses of his choosing," and that he now should be permitted to call James Beadle who – like Di Minno – is an investigator in Liberty Mutual's Special Investigations Unit. (Weiner Br. (Dkt. No. 260) at 2-3; Weiner Reply Br. (Dkt. No. 266) at 2 n.2 ("Dr. Weiner was not given an opportunity to call witnesses of his choosing") But this Court set no limits on who could be called at the evidentiary hearing, and was never asked to consider whether Beadle should be called to testify, because Weiner never expressed any interest in calling Beadle to testify. (Apr. 28, 2023 Tr. (Dkt. No. 164) at 9; May 19, 2023 Tr. (Dkt. No. 187) at 133-34 ("THE COURT: I asked if the defense had any additional evidence. MR. KRAMER: No[] additional evidence today."))

> The reason for that appears obvious. It was clear from correspondence and other material produced as part of Rule 16 discovery, as well as from the testimony at the evidentiary hearing, that Di Minno was the Government's primary if not exclusive Liberty Mutual contact with respect to its investigation of Weiner and Nexray Medical. Di Minno dealt with and fulfilled the Government's subpoena requests, and he was the Liberty Mutual employee who spoke with the AUSAs and the case agent about the subpoenas, the subjects of the subpoenas, and the material that Liberty Mutual produced both before and in response to the subpoenas. (May 19, 2023 Tr. (Dkt. No. 187) at 8, 10-11, 14-18, 101, 113-14)

Accordingly, if the Government had sought to influence Liberty Mutual's investigative steps, Di Minno would have been the recipient of any such approach. As discussed above and in the October 24, 2023 Memorandum Opinion & Order, the testimony at the evidentiary hearing demonstrates that the Government did not seek to direct or influence Liberty Mutual's investigation of Weiner and Nexray Medical. *Pierre*, 2023 WL 7004460, *9-13, *25-27.

Weiner now seeks permission to call Liberty Mutual investigator Beadle at a Kastigar hearing, and to serve a Rule 17(c) subpoena on Liberty Mutual for Beadle's full "investigative log" concerning Weiner and Nexray Medical; his "investigative plan" for Weiner and Nexray Medical; and any notes or communications "involving Beadle that mention or refer to the Government's investigation of Dr. Weiner." (See Weiner Br. (Dkt. No. 260) at 2-3, 5) In support of these requests, Weiner notes that on June 2, 2020, Liberty Mutual's Special Investigations Unit opened a new investigation of Weiner and Nexray Medical, and Beadle was assigned to conduct that investigation. (Id. at 3-4; see also Pierre, 2023 WL 7004460, at *9) Weiner also complains that the Court erred in stating that Beadle's investigative notes "'make[] no mention of the Government,'" because Beadle's notes indicate that he was aware that the U.S. Attorney's Office had served a subpoena on Liberty Mutual for information regarding Weiner and Nexray Medical. (Weiner Br. (Dkt. No. 260) at 4)

What is relevant to Weiner's claimed Kastigar violation, however, is not whether Beadle was aware that the U.S. Attorney's Office had served a grand jury subpoena seeking information concerning Weiner and Nexray Medical. He clearly was aware of the subpoena, as a Government exhibit offered at the evidentiary hearing demonstrates. (See May 19, 2023 Tr. (Dkt. No. 187) at 34-35; GX 7A Beadle Investigative Notes (Dkt. No. 190-9) at 9) (noting that "John Di Minno advised he received a federal grand jury subpoena requesting info on . . . Nexray [and] Weiner") Instead, what would be relevant to Weiner's Kastigar claim is references in Beadle's notes – or in other material in the record – showing interactions between him and the Government, including interactions that could be viewed as Government efforts to direct, influence, or shape Liberty Mutual's internal investigation of Weiner and Nexray Medical. But Weiner has never proffered any such evidence to this Court. It thus appears that Weiner's expressed desire to call Beadle is nothing more than the sort of "general fishing expedition" precluded by *Nixon* and Judge Weinfeld's decision in *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952) – a "fishing expedition" that Weiner seeks to pursue in the hope that something "'may turn up.'" *United States v. Avenatti*, No. 19 Cr. 373 (PGG), 2020 WL 86768, at *4 (S.D.N.Y. Jan. 6, 2020) (quoting *United States v. Libby*, 432 F. Supp. 2d 26, 32 (D.D.C. 2006)).

What Weiner has largely ignored throughout these proceedings, however, is the "ample evidence . . . of Liberty Mutual's independent interest in investigating Weiner." *Pierre*, 2023 WL 7004460, at *22. As discussed at length in the Memorandum Opinion & Order, Liberty Mutual's Special Investigations Unit

first opened an investigation of Weiner and Nexray Medical in 2010 – six or seven years before the Government initiated its investigation. *Id.* at *4, 6. And as discussed above, Di Minno participated in that investigation. In November 2011, Liberty Mutual "took an [examination under oath ('EUO')] of Dr. Weiner in regard[] to who controlled that Nexray facility," and also conducted "numerous [examinations under oath] of claimants [who had undergone] MRIs at Nexray." (May 19, 2023 Tr. (Dkt. No. 187) at 11-12) Di Minno also prepared a "Project Plan" for the Weiner and Nexray Medical investigation at that time. *Pierre*, 2023 WL 7004460, at *5. And on November 16, 2012, Liberty Mutual filed a lawsuit against Weiner, Nexray Medical, and others seeking a declaration that it did not have to pay the defendants' claims and seeking the return of payments it had already made. *Id.* In that lawsuit, Liberty Mutual alleged that "Weiner lied at his November 2011 examination under oath regarding his relationship with the clinic controllers, and that he entered into 'sham agreements' to conceal the clinic controllers' ownership and control of Nexray." *Id.* (quoting Cmplt. ¶¶ 50-63, Liberty Mutual Ins. Co. v. Nexray Medical Imaging, P.C., Cmplt., 12 Civ. 5666 (E.D.N.Y. Nov. 16, 2012), Dkt. No. 1) On December 30, 2015, Liberty Mutual, Weiner, and Nexray Medical entered into a confidential settlement agreement and stipulation of dismissal resolving the EDNY case. *Pierre*, 2023 WL 7004460, at *6.

Given Liberty Mutual's long history with Weiner and its allegations of misconduct against him and Nexray Medical, there is no reason to distrust the testimony from Di Minno and Agent Infusino that the Government did not influence or seek to influence Liberty Mutual's new investigation of Weiner and Nexray. Liberty Mutual had ample cause to investigate Weiner on its own. For all these reasons, Weiner's request to call Liberty Mutual investigator Beadle at a Kastigar hearing, and for a Rule 17(c) subpoena directed to Liberty Mutual, will be denied.

(Denial Order at 13-17).

The Court's Denial Order applies with full force here. "Generally, Rule 17(a) subpoenas may issue where a defendant seeks testimony that is relevant and material to the issue being litigated." *United States v. Bebris*, 4 F.4th 551, 559–60 (7th Cir. 2021) (citing *Stern v. U.S. Dist. Ct. for Dist. of Mass.*, 214 F.3d 4, 17 (1st Cir. 2000)). "Where the sought testimony is cumulative or immaterial, a court does not abuse its discretion by quashing a Rule 17(a) subpoena." *Id.* (citing *United States v. Beasley*, 479 F.2d 1124, 1128 (5th Cir. 1973)). Moreover, "[a]lthough Rule 17(a), unlike Rule 17(c) (which governs subpoenas duces tecum), does not explicitly address the quashal or modification of a Rule 17(a) subpoena, courts 'routinely have entertained motions seeking such relief and decided them by reference to comparable principles [to those governing Rule 17(c) subpoenas].'" *Id.* at n.5 (quoting *Stern*, 214 F.3d at 17). "Rule 17 may not be used to conduct a 'fishing expedition.'" *Id.* (quoting *United States v. Nixon*, 418 U.S. 683, 699–700 (1974) (analyzing Rule 17(c))).

The Court has already ruled that Weiner's request to subpoena the testimony of Mr. Beadle is an improper fishing expedition. Weiner's transparent attempt to evade the Court's ruling by now calling Mr. Beadle as a trial witness should be denied and the subpoena should be quashed.

Respectfully submitted,
DAMIAN WILLIAMS
United States Attorney

By:              /s/
            MATHEW ANDREWS
            MICHAEL LOCKARD
            QAIS GHAFARY
            Assistant United States Attorney
            Tel.    (212) 637-6526

# Exhibit A

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Bradley Pierre, et al. | ) | Case No.   22 cr. 019 |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   James Beadle
        2105 Seaford Ave.
        Seaford, NY 11783-2728

   **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | 40 Foley Square<br>New York, New York 10007 | Courtroom No.:   705 |
|---|---|---|
| | | Date and Time:   01/17/2024 9:00 am |

   You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Date: _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Dr. William Weiner
_____ , who requests this subpoena, are:

Kelly Kramer, 1999 K Street NW, Washington, DC 20006-1101, KKramer@mayerbrown.com, (202) 263-3007