UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
United States of America,                    :

            Plaintiff,                              :

      v.                                            :   [22 Cr. 019 (PGG)]

Bradley Pierre, *et al.*,                        :

           Defendants.                          :
------------------------------------------------------------- X

# REPLY MEMORANDUM IN SUPPORT OF DEFENDANT WILLIAM WEINER'S AND NON-PARTY NEXRAY MEDICAL IMAGING, P.C.'S MOTION TO QUASH RULE 17 SUBPOENA

Nexray Medical Imaging, P.C. ("Nexray") is attempting to locate responsive documents in response to all the Government's requests, as narrowed by the meet-and-confer process.[1] In the Motion to Quash, Dr. Weiner and Nexray objected only to Requests 2 and 7 of the Subpoena. However, given the Government's representations, the objection to Request 2 is moot as a practical matter.[2] Dr. Weiner and Nexray's objection to Request 7 remains valid.

"When faced with a motion to quash, the party seeking compliance must make a preponderance showing that the materials requested are relevant, specifically identified, admissible, and not otherwise procurable by the exercise of due diligence." *United States v. Nix*,

---

[1] Through an e-mail meet and confer process, the Government agreed to narrow Request 1 because Nexray's systems do not allow it to identify MRI reports with addenda. Nexray is working to export and review the data for the Government's narrowed request as we speak.

[2] Dr. Weiner and Nexray objected to Request 2 because it sought documents that pre-date the charged conspiracy and because Nexray does not have any non-burdensome method to obtain documents from that era.

251 F. Supp. 3d 555, 564 (W.D.N.Y. 2017).  The Government has not satisfied this burden as to Request 7.

To start, the Government already has many of these texts.  The discovery materials produced to us contain text messages between Dr. Weiner, on the one hand, and Bradley Pierre, Barbara Moriarty, and Mark Decker (and perhaps others).  (The Government asserts that these materials did not come from the subpoena to Apple.  Regardless of how they were obtained, they undoubtedly exist.)  So not only were text messages procurable in the exercise of due diligence, many of the messages now at issue are already in the hands of the prosecution.  *United States v. Bergstein*, No. 16-cr-746 (PKC), 2017 WL 6887596, at *5 (S.D.N.Y. Dec. 28, 2017) ("When 'many' of the subpoenaed materials are obtainable through the discovery process, a subpoena contravenes *Nixon's* requirement that subpoenaed materials must not be otherwise procurable in advance of trial by the exercise of due diligence.").

Second, and more importantly, a request for every text message that Dr. Weiner sent to or received from eight different people over the course of more than a decade is wildly overbroad.  A criminal subpoena "should not be used as discovery device," but instead should be used only as "a mechanism for obtaining *specific admissible evidence*." *United States v. Skelos*, No. 15-CR-317 (KMW), 2018 WL 2254538, at *2 (S.D.N.Y. May 17, 2018), *aff'd*, 988 F.3d 645 (2d Cir. 2021) (emphasis added) (quoting *United States v. Barnes*, No. S9 04 CR 186 SCR, 2008 WL 9359654, at *2 (S.D.N.Y. Apr. 2, 2008); *accord United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995) (Haight, J.) ("Rule 17(c) is not a method of discovery in criminal cases.").  Yet, here, the Government seeks to use Rule 17 to pore through an unknown number of texts involving an unknown number of topics in the hopes that something useful might turn up.  Despite bearing the burden on this issue, the Government does not even attempt to describe or identify a text or group

of texts that it believes exists.  Thus, Request 7 is exactly the sort of fishing expedition that *Nixon* prohibits. Moreover, it is oppressive because it seeks to impose a substantial burden—both in terms of time and cost—on the defense in the final days of trial preparation.

Accordingly, the Court should Quash Request 7 of the Government's Subpoena because compliance would be unreasonable and oppressive.

Dated:  January 7, 2024                                **MAYER BROWN LLP**

*/s/ Kelly B. Kramer*
Kelly B. Kramer, Esq.
William D. Sinnott, Esq. (*pro hac vice*)
1999 K Street NW
Washington, DC 20006-1101
(202) 263-3007
kkramer@mayerbrown.com
wsinnott@mayerbrown.com

*Counsel for Doctor William Weiner*