NCi5jpiP

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,              New York, N.Y.

 4              v.                          S4 22 Cr. 19 (PGG)

 5   JEAN PIERRE,

 6              Defendant.

 7   ------------------------------x

 8                                          December 18, 2023
                                            3:00 p.m.
 9

10   Before:

11                   HON. PAUL G. GARDEPHE,

12                                          U.S. District Judge

13

14                        APPEARANCES

15   DAMIAN WILLIAMS
          United States Attorney for the
16        Southern District of New York
     BY:  QAIS GHAFARY
17        MICHAEL D. LOCKARD
          Assistant United States Attorneys
18

19   TALKIN, MUCCIGROSSO & ROBERTS
          Attorneys for Defendant
20   BY:  DENIS P. KELLEHER

21

22

23

24

25
```

NCi5jpiP

```
1              (Case called)

2              THE COURT:  Mr. Kelleher, I am told Mr. Pierre wishes

3    to plead guilty to the S4 information; is that correct?

4              MR. KELLEHER:  That's correct, your Honor.

5              THE COURT:  Mr. Ruocco, would you please swear in the

6    defendant?

7              THE DEPUTY CLERK:  Yes, your Honor.

8              Raise your right hand?

9              (Defendant sworn)

10             THE COURT:  Mr. Pierre, you should understand you are

11   now under oath and if you answer any of my questions falsely,

12   your answers may later be used against you in another

13   prosecution for perjury or for making a false statement.

14             Do you understand that?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Have you received a copy of the S4

17   information which reflects the charge against you?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  Have you had an opportunity to read the S4

20   information?

21             THE DEFENDANT:  Yes, your Honor, I have.

22             THE COURT:  And have you discussed the S4 information

23   with Mr. Kelleher?

24             THE DEFENDANT:  Yes, your Honor, I have.

25             THE COURT:  You are charged in the information with a
```

NCi5jpiP

1    felony offense of willfully making and subscribing to false

2    corporate income tax returns.  Do you understand that is the

3    charge against you in the S4 information?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Do you wish me to read the S4 information

6    to you now here in open court?

7              THE DEFENDANT:  No, your Honor.

8              THE COURT:  Mr. Pierre, I have before me a waiver of

9    indictment form that appears to have been signed by you and by

10   Mr. Kelleher.  Is this your signature on the waiver of

11   indictment form?

12             THE DEFENDANT:  That's correct, your Honor.

13             THE COURT:  Before you signed the waiver of indictment

14   form, did you discuss it with Mr. Kelleher?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  You should understand that you have no

17   obligation to waive indictment.  Do you understand that?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  Have any threats been made against you or

20   any promises been made to you to induce you to waive

21   indictment?

22             THE DEFENDANT:  No, your Honor.

23             THE COURT:  You should understand that if you did not

24   waive indictment, the government would be required to present

25   your case to a grand jury which would be asked to determine

NCi5jpiP

1  whether there was probable cause to believe that a crime was

2  committed and that you committed it.

3        Do you understand that?

4        THE DEFENDANT:  Yes, your Honor.

5        THE COURT:  Do you further understand that the grand

6  jury might or might not choose to indict you?

7        THE DEFENDANT:  Yes, your Honor.

8        THE COURT:  And do you realize that by signing this

9  waiver of indictment form, you have given up your right to have

10  your case presented to a grand jury and that, instead, the

11  charge against you will proceed on the basis of the S4

12  information signed by the U.S. Attorney?

13        Do you understand that?

14        THE DEFENDANT:  Yes, your Honor.

15        THE COURT:  I find that Mr. Pierre has knowingly and

16  voluntarily waived his right to have his case presented to a

17  grand jury and, instead, the charge against him will proceed by

18  way of information.  I have also been given an advice of rights

19  form.  It appears to have been signed by you and by

20  Mr. Kelleher.  Mr. Pierre, is this your signature on the advice

21  of rights form?

22        THE DEFENDANT:  Yes, it is, your Honor.

23        THE COURT:  I will mark it as Exhibit 1 to these

24  proceedings.

25        I have also been given a plea agreement.  It appears

NCi5jpiP

1   to have been signed by you and by Mr. Kelleher.  Is this your

2   signature on the plea agreement?

3           THE DEFENDANT:  That's correct, your Honor.

4           THE COURT:  I will mark it as Exhibit 2 to these

5   proceedings.

6           Before deciding whether to accept your guilty plea, I

7   am required to ask you certain questions.  It is important you

8   answer these questions honestly and completely.  The purpose of

9   today's proceedings is to make sure you understand your rights

10  and for me to make certain that you are pleading guilty of your

11  own free will and to make sure that you are pleading guilty

12  because you are in fact guilty and not for some other reason.

13          Do you understand that?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  If you don't understand any of my

16  questions or you want to consult with Mr. Kelleher at any time,

17  please say so, because it is important you understand every

18  question before you answer.

19          Could you please state your full name for the record?

20          THE DEFENDANT:  Jean Pierre.

21          THE COURT:  And how old are you?

22          THE DEFENDANT:  37.

23          THE COURT:  How far did you go in school?

24          THE DEFENDANT:  High school graduate.

25          THE COURT:  Have you ever been addicted to any drugs

NCi5jpiP

1    or alcohol, or been treated for any addiction?

2              THE DEFENDANT:  No, your Honor.

3              THE COURT:  Are you now or have you recently been

4    under the care of any kind of doctor?

5              THE DEFENDANT:  No, your Honor.

6              THE COURT:  In the past 24 hours have you taken any

7    drugs, medicine or pills, or drunk any alcohol?

8              THE DEFENDANT:  No, your Honor.

9              THE COURT:  Is your mind clear today and do you

10   understand what is happening?

11             THE DEFENDANT:  That's correct.  I understand, your

12   Honor.

13             THE COURT:  Mr. Kelleher, do you have any doubt as to

14   Mr. Pierre's competence to plead guilty today?

15             MR. KELLEHER:  I do not.

16             THE COURT:  On the basis of Mr. Pierre's responses to

17   my questions and my observations of his demeanor, I find that

18   he is competent to enter an informed plea.

19             Mr. Pierre, have you had enough time to discuss your

20   case with Mr. Kelleher?

21             THE DEFENDANT:  Yes, I have, your Honor.

22             THE COURT:  Have you discussed with him the charge

23   against you including your intention to plead guilty to the S4

24   information?

25             THE DEFENDANT:  Yes, I have, your Honor.

NCi5jpiP

1          THE COURT:  Have you discussed with Mr. Kelleher any

2     possible defenses you might have to this charge, as well as all

3     the facts about your involvement in these matters?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Has Mr. Kelleher told you about the

6     consequences of pleading guilty?

7          THE DEFENDANT:  Yes, he has, your Honor.

8          THE COURT:  And are you satisfied with Mr. Kelleher's

9     representation of you?

10          THE DEFENDANT:  Yes, I am, your Honor.

11          THE COURT:  I must now explain certain constitutional

12     rights that you have.  These are rights you will be giving up

13     if you enter a guilty plea.  Please listen carefully to what I

14     am about to say.  If you don't understand something, stop me,

15     and either myself or Mr. Kelleher will explain the matter to

16     you more fully.

17          Under the Constitution and Laws of the United States,

18     you have a right to a speedy and public trial by a jury on the

19     charge against you contained in the S4 information.  Do you

20     understand that?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  If there were a trial, you would be

23     presumed innocent and the government would be required to prove

24     your guilt by competent evidence and beyond a reasonable doubt.

25     You would not have to prove you were innocent at a trial.

NCi5jpiP

1          Do you understand that?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  If there were a trial, a jury composed of

4     12 people selected from this district would have to agree

5     unanimously before you could be found guilty.

6          Do you understand that?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  If you decide to go to trial, at that

9     trial and at every stage of your case you would have the right

10    to be represented by an attorney, and if you could not afford

11    one, an attorney would be appointed to represent you at

12    government expense and at no cost to you.

13          If you retained a lawyer and you ran out of money, an

14    attorney would be appointed to continue to represent you to

15    handle your case all the way through trial and not just for

16    purposes of a guilty plea, so your decision to plead guilty

17    should not depend on whether you can afford a lawyer.

18          Do you understand that?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  If there were a trial, you would have the

21    right to see and hear all the witnesses against you and your

22    attorney could cross-examine them.  You would have a right to

23    have your attorney object to the government's evidence and to

24    offer evidence on your behalf, if you so desired.  You would

25    have the right to have subpoenas issued to compel witnesses to

NCi5jpiP

1      testify in your defense.

2                Do you understand that?

3                THE DEFENDANT:  Yes, your Honor.

4                THE COURT:  If there were a trial, you would have the

5      right to testify if you wanted to, but no one could force you

6      to testify if you did not want to.  Furthermore, no inference

7      or suggestion of guilt could be drawn if you chose not to

8      testify at a trial.

9                Do you understand that?

10               THE DEFENDANT:  Yes, your Honor.

11               THE COURT:  If you were convicted at trial, you would

12     have the right to appeal that verdict to a higher court.

13               Do you understand that?

14               THE DEFENDANT:  Yes, your Honor.

15               THE COURT:  Even now, as you are entering this plea,

16     you have the right to change your mind, plead not guilty, and

17     go to trial on the charge contained in the S4 information.

18               Do you understand that?

19               THE DEFENDANT:  Yes, your Honor.

20               THE COURT:  If you plead guilty and I accept your

21     plea, you will give up your right to a trial and the other

22     rights I just discussed other than the right to a lawyer, which

23     you have regardless of whether or not you plead guilty.  If you

24     plead guilty, I will enter a judgment of guilty and sentence

25     you on the basis of your plea after I have considered a

NCi5jpiP

1    presentence report and whatever submissions I receive from your

2    lawyer and from the prosecutors.

3              Do you understand that?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  If you plead guilty, you will have to give

6    up your right not to incriminate yourself because I will ask

7    you questions about what you did in order to satisfy myself

8    that you were guilty as charged and you will have to admit and

9    acknowledge your guilt.

10             Do you understand that?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  As I said earlier, the S4 information

13   charges you with willfully making and subscribing to false

14   corporate income tax returns for two corporations, JAP

15   Multi-Services, Inc., and Tort Cash, for the calendar years

16   2016 to 2019.  I will now tell you the elements of that

17   offense.  This is what the government would have to prove

18   beyond a reasonable doubt if you were to go to trial.

19             First, the government would have to prove that you

20   made and subscribed to the corporate income tax returns in

21   question.

22             Second, the government would have to prove that the

23   return in question contained a written declaration that it was

24   made under penalty of perjury.

25             Third, the government would have to prove that you did

NCi5jpiP

1    not believe at the time that the tax return was true and

2    correct as to every material matter, in other words the

3    government would have to prove that the tax return was

4    materially false and that you knew it was materially false at

5    the time.

6          Fourth, the government would have to prove that you

7    acted willfully, that is, that you acted voluntarily and

8    intentionally with a specific intent to make a statement that

9    you knew was false when it was your legal duty to answer

10   truthfully, and that you knew it was your legal duty to answer

11   truthfully at the time.

12         Mr. Pierre, do you understand that these are the

13   elements of the offense you have been charged with in the S4

14   information and that these are the elements that the government

15   would have to prove beyond a reasonable doubt?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  I must now tell you the maximum and any

18   minimum possible penalty for this crime.  The maximum means the

19   most punishment that could possibly be imposed.  It does not

20   necessarily mean that is what you will receive, but you have to

21   understand that by pleading guilty you are exposing yourself to

22   the possibility of receiving any combination of punishments up

23   to the maximum I am about to describe.

24         Do you understand that?

25         THE DEFENDANT:  Yes, your Honor.

NCi5jpiP

1          THE COURT:  The crime that you are pleading guilty to

2     carries a maximum sentence of three years' imprisonment.  Any

3     term of imprisonment could be followed by as much as one year

4     of supervised release.  Supervised release means that if you

5     are sentenced to prison, after you are released from prison you

6     will be subject to supervision by the U.S. Probation Office.

7     There will be rules of supervised release that you will have to

8     follow and if you violate those rules, you could be returned to

9     prison without a jury trial to serve additional time even

10    beyond your original sentence.

11         In addition, the crime that you are pleading guilty to

12    carries a maximum fine of the greatest of $250,000 or twice the

13    gross pecuniary gain derived from the offense or twice the

14    gross pecuniary loss resulting from the offense.

15         Do you understand these penalties as I have explained

16    them to you?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  Parole has been abolished in our federal

19    system and if you are sentenced to prison, you will not be

20    released early on parole.  There is a limited opportunity to

21    earn credit for good behavior but you will have to serve at

22    least 85 percent of the time you are sentenced to.

23         Do you understand that?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  There is also a mandatory minimum fine or

NCi5jpiP

1    special assessment of $100 that I am required to impose.

2              Do you understand that?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  As part of your sentence I can also order

5    you to make restitution to any person or entity injured as a

6    result of your criminal conduct and I can also order you to

7    forfeit certain property to the government.

8              Do you understand that?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Being convicted of a felony may have other

11   consequences such as the loss of licenses or the right to

12   possess a firearm.  If you are a citizen of the United States

13   you could lose your right to vote.  If you are not a citizen of

14   the United States you will likely lose your right to remain in

15   the United States.  And, you may be deported.

16             This is not a full list of the consequences of a

17   felony conviction, these are only examples.  Do you understand

18   that?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  There are sentencing guidelines I am

21   required to consult in order to determine an appropriate

22   sentence in your case.  Have you spoken with Mr. Kelleher about

23   the sentencing guidelines?

24             THE DEFENDANT:  Yes, I have, your Honor.

25             THE COURT:  You should understand I will not be able

NCi5jpiP

1   to determine what the sentencing guidelines recommend until

2   after a presentence report has been prepared and you and the

3   government have had a chance to comment on that report.

4          Do you understand that?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  You should also understand that after I

7   determine what the appropriate guidelines range is, and after I

8   have determined whether a departure whether upwards or

9   downwards from that range is called for, I will then determine

10  what an appropriate sentence is in your case having in mind not

11  only the sentencing guidelines but all the factors set forth in

12  the sentencing statute including the need for the sentence

13  imposed to reflect the seriousness of your offense, the need to

14  promote respect for the law, to provide just punishment, and to

15  afford adequate deterrence to criminal conduct.

16         Do you understand that?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  You should also understand that if your

19  attorney or anyone else has attempted to estimate or to predict

20  what your sentence will be, their estimate or prediction could

21  be wrong.

22         Do you understand that?

23         THE DEFENDANT:  Yes, your Honor.

24         THE COURT:  No one, not even your attorney or the

25  prosecutors can give you any assurance of what your sentence

NCi5jpiP

1    will be.  Your sentence cannot be determined until after the

2    presentence report has been prepared and I have ruled on any

3    challenges to the report to determine whether I believe there

4    are grounds to depart, whether upwards or downwards from the

5    guidelines range, and otherwise determine what an appropriate

6    sentence is in your case.

7              Do you understand that?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  You should fully understand that even if

10   your sentence is different from what your attorney or anyone

11   else told you it might be, or if it is different from what you

12   expect, you will still be bound by your guilty plea and you

13   will not be allowed to withdraw your plea of guilty.

14             Do you understand that?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Mr. Pierre, I have marked your plea

17   agreement as Exhibit 2 to these proceedings.  You told me a

18   moment ago that the plea agreement bears your signature.  Did

19   you read the plea agreement before you signed it?

20             THE DEFENDANT:  Yes, I did.

21             THE COURT:  Did you discuss the plea agreement with

22   Mr. Kelleher before you signed it?

23             THE DEFENDANT:  Yes, I did, your Honor.

24             THE COURT:  And did you fully understand all of the

25   terms of the plea agreement before you signed it?

NCi5jpiP

1          THE DEFENDANT:  Yes, I did, your Honor.

2          THE COURT:  Does this agreement constitute your

3    complete and total understanding of the entire agreement

4    between you and the United States government as to this matter?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Has anyone offered you any inducements or

7    threatened you forced you to plead guilty or to enter into this

8    plea agreement?

9          THE DEFENDANT:  No, your Honor.

10          THE COURT:  The plea agreement provides that you are

11   waiving your right to appeal your sentence or to challenge your

12   sentence at any time for any reason, so long as I sentence you

13   to 18 months' imprisonment or less.

14          Do you understand that?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  The plea agreement further provides that

17   you are waiving your right to appeal a fine or to challenge the

18   fine at any time for any reason, so long as the fine is $55,000

19   or less.

20          Do you understand that?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  The plea agreement further provides that

23   you are waiving your right to appeal any order of restitution

24   or to challenge any order of restitution at any time for any

25   reason, so long as the restitution amount is $250,000 or less.

NCi5jpiP

 1              Do you understand that?

 2              THE DEFENDANT:  Yes, your Honor.

 3              THE COURT:  Mr. Kelleher, do you know of any valid

 4    defense that would prevail at trial or any other reason why

 5    Mr. Pierre should not be permitted to plead guilty?

 6              MR. KELLEHER:  I do not.

 7              THE COURT:  Do you believe there is an adequate

 8    factual basis to support a guilty plea?

 9              MR. KELLEHER:  I do.

10              THE COURT:  Does the government represent that there

11    is an adequate factual basis for a guilty plea?

12              MR. GHAFARY:  Yes, your Honor.

13              THE COURT:  Mr. Pierre, we have reached the point in

14    the proceedings where I need you to tell me what you did that

15    makes you believe that you are guilty of the crime charged at

16    the S4 information.

17              THE DEFENDANT:  Between 2016 and 2020 I filed and

18    signed false tax returns for my business including false

19    business expenses and personal income.

20              THE COURT:  Now, these tax returns that you made and

21    signed, were these income tax returns for companies called JAP

22    Multi-Services, Inc. and Tort Cash?

23              THE DEFENDANT:  Yes.  That's correct.

24              THE COURT:  And were those returns for calendar years

25    2016 through 2019?

NCi5jpiP

<table>
<tbody>
<tr><td>1</td><td>THE DEFENDANT:  Correct.</td></tr>
</tbody>
</table>

1          THE DEFENDANT:  Correct.

2          THE COURT:  Now, the returns that you have signed, did

3     they say on them that the statements made in the returns were

4     being made under penalty of perjury?

5          THE DEFENDANT:  I believe so.

6          THE COURT:  And were you aware at the time that you

7     signed these tax returns that they contained statements that

8     were materially false?

9          THE DEFENDANT:  Yes.

10         THE COURT:  And at the time that you signed these

11    income tax returns that contained the materially false

12    statements, did you act with a specific intent to make a

13    statement that you knew was false?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  And did you do so knowing at the time that

16    you had a legal duty to provide truthful information?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  And where were you, Mr. Pierre, when you

19    prepared and signed these false income tax returns?

20         THE DEFENDANT:  Well, I signed them --

21         MR. KELLEHER:  Your Honor, I don't know if he knows

22    specifically where he was.

23         THE COURT:  Well, what I would say specifically as to

24    Mr. Pierre, let me explain.  There is a concept called venue.

25         THE DEFENDANT:  OK.

NCi5jpiP

1          THE COURT:  It matters what county you were in, where

2     you were when you engaged in the criminal conduct that you have

3     just admitted.  So what I am asking you generally is whether

4     you know what county you were in or where you were at the time

5     that you engaged in this criminal conduct.

6          THE DEFENDANT:  I think I signed it in Long Island.

7          MR. KELLEHER:  Your Honor, similar to Bradley and the

8     venue issue that came up, we are waiving venue.  This is on

9     page 1 of the plea agreement but we have -- I have discussed

10    this with him and you can inquire about it.  We are prepared to

11    waive venue as to the count in the information.

12         THE COURT:  Does the government have any theory for

13    venue for this count or not.

14         MR. GHAFARY:  No, your Honor.  The S4 information

15    charges the conduct had taken place in the Eastern District,

16    and as Mr. Kelleher just noted, the plea agreement provides

17    that the defendant waives venue in this district.

18         THE COURT:  So, Mr. Pierre, were you here when your

19    brother pled guilty?

20         THE DEFENDANT:  Yes, I was.

21         THE COURT:  So you heard what I had to say about the

22    concept of venue; right?

23         THE DEFENDANT:  That's correct, your Honor.

24         THE COURT:  So basically the concept is that a

25    defendant has the right to be prosecuted in the district in

NCi5jpiP

1    which their criminal conduct took place.  We are sitting in the

2    Southern District of New York which covers Manhattan, the

3    Bronx, Westchester, and a few counties north of there.  That's

4    the Southern District of New York.  You mentioned Long Island.

5    Long Island is in the Eastern District of New York.  So,

6    because your criminal conduct took place on Long Island, which

7    is in the Eastern District of New York, you would have a right

8    to insist that the prosecution against you go forward in the

9    Eastern District of New York and not here in the Southern

10   District of New York.  However, as Mr. Kelleher just said, the

11   right of venue is one that can be waived and a defendant can

12   say I understand that I have a right to be prosecuted in the

13   Eastern District of New York but I am waiving that right and it

14   is my wish that the prosecution go forward against me here in

15   the Southern District of New York.

16          Now, have you spoken with Mr. Kelleher about this

17   concept of venue?

18          THE DEFENDANT:  Yes, I have.

19          THE COURT:  Have you spoken with him about whether you

20   want the prosecution to go forward against you here in the

21   Southern District of New York or in the Eastern District of New

22   York?

23          THE DEFENDANT:  This venue is fine, your Honor.

24          THE COURT:  So you have spoken with Mr. Kelleher, and

25   after consulting with him it is your desire that the

NCi5jpiP

1    prosecution against you go forward here in the Southern

2    District of New York?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  I find as to venue that Mr. Pierre has

5    knowingly and voluntarily waived his right to have the case

6    against him proceed in the Eastern District of New York and,

7    accordingly, the charge will proceed here in the Southern

8    District of New York.

9              Before I ask Mr. Pierre final questions, any other

10   questions the government wants me to ask Mr. Pierre about the

11   tax charges that he is pleading guilty to?

12             MR. GHAFARY:  No thank you, your Honor.

13             THE COURT:  Mr. Pierre, are you pleading guilty

14   because you are in fact guilty?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  And are you pleading guilty voluntarily

17   and of your own flee will?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  I ask you now, how do you plead as to the

20   charge in the S4 information; guilty or not guilty?

21             THE DEFENDANT:  Guilty.

22             THE COURT:  Mr. Pierre, because you acknowledge that

23   you are guilty as charged in the S4 information, because I find

24   that you know your rights and you are waiving them knowingly

25   and voluntarily, and because I find your plea is entered

NCi5jpiP

1    knowingly and voluntarily and is supported by independent basis

2    in fact containing each of the essential elements of the

3    offense, I accept your guilty plea and adjudge you guilty of

4    the offense to which you have pled guilty.

5           I will order a presentence report.  Mr. Pierre, I ask

6    you to cooperate with the people who prepare the report because

7    it will be important to me in making my decision as to what

8    your sentence will be.  You and Mr. Kelleher will have an

9    opportunity to review the presentence report before sentencing.

10   I urge you to review it carefully with him and discuss it with

11   him before sentencing.  If there are any mistakes in the

12   report, please point them out to Mr. Kelleher so that he can

13   point them out to me before sentencing so that I don't proceed

14   on the basis of mistaken information.

15          I am going to schedule sentencing for May 8, 2024 at

16   2:00.  The defendant's sentencing submission will be due on

17   April 24, 2024; and the government's submission will be due on

18   May 1.

19          Is the government seeking any change in Mr. Pierre's

20   bail conditions?

21          MR. GHAFARY:  No, your Honor.

22          THE COURT:  Mr. Pierre, you will continue on pretrial

23   release pending sentencing.  I do want you to be aware that in

24   the event you did not appear for sentencing on the date and at

25   the time that I just specified, you would be committing a

NCi5jpiP

1   separate federal offense for which you could receive a separate

2   and consecutive sentence.

3           Is there anything else on behalf of the government?

4           MR. GHAFARY:  No thank you, your Honor.

5           THE COURT:  Anything else on behalf of the defense?

6           MR. KELLEHER:  Just double checking, you said May 8 at

7   2:00 for sentencing?

8           THE COURT:  I did.

9           MR. KELLEHER:  With that, nothing else, your Honor.

10          THE COURT:  Thank you.

11          MR. KELLEHER:  Thank you have a great holiday.

12          THE COURT:  Thank you.  You too.

13                              o0o

14

15

16

17

18

19

20

21

22

23

24

25