O1GRWEIp

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                             22-cr-19-PGG

5   WILLIAM WEINER,

6              Defendant.

7   ------------------------------x

8                                       New York, N.Y.
                                        January 16, 2024
9                                       10:30 a.m.

10  Before:

11                 HON. PAUL G. GARDEPHE,

12                                      District Judge

13                      APPEARANCES

14  DAMIAN WILLIAMS
         United States Attorney for the
15       Southern District of New York
    MATTHEW ANDREWS
16  MICHAEL LOCKARD
    QAIS GHAFARY
17       Assistant United States Attorney

18  MAYER BROWN, LLP
         Attorneys for Defendant
19  BY:  KELLY BAIN KRAMER

20

21

22

23

24

25

O1GRWEIp

1          (Case called)

2          MR. ANDREWS:  Good morning, your Honor.  Matthew

3     Andrews, Michael Lockard and Qais Ghafary for the government.

4          MR. KRAMER:  Good morning, your Honor.  Kelly Kramer

5     on behalf of the defendant Dr. Weiner.

6          THE COURT:  Mr. Kramer, I am told that Mr. Weiner

7     wishes to plead guilty to the S5 information; is that correct?

8          MR. KRAMER:  I'll take your word on S5, but that's

9     correct, your Honor, yes.

10          THE COURT:  Okay.  Mr. Ruocco, please swear in the

11     defendant.

12          (Defendant sworn)

13          THE COURT:  Mr. Weiner, you should understand you are

14     now under oath, and if you answer any of my questions falsely,

15     your answers may later be used against you in another

16     prosecution for perjury or for making a false statement.  Do

17     you understand that?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  Have you received a copy of S5 information

20     which reflects the charge against you?

21          THE DEFENDANT:  Yes, I have.

22          THE COURT:  Have you had a chance to read the S5

23     information?

24          THE DEFENDANT:  Yes, sir, I have.

25          THE COURT:  And have you discussed the S5 information

O1GRWEIp

1   with Mr. Kramer?

2          THE DEFENDANT:  Yes, I have.

3          THE COURT:  You are charged in the S5 information with

4   a felony offense of conspiracy to commit offenses against the

5   United States.  Those offenses being health care fraud and the

6   defrauding of the United States through the device of tax

7   fraud.  Do you understand that as the charge against you in the

8   S5 information?

9          THE DEFENDANT:  Yes, your Honor, I do.

10          THE COURT:  Do you wish me to read the S5 information

11   to you now here in open court?

12          THE DEFENDANT:  No, sir.

13          THE COURT:  Mr. Weiner, I have before me a waiver of

14   indictment form.  It appears to have been signed by you, by

15   Mr. Kramer and by Lois M. Weiner.  Is this your signature on

16   the waiver of indictment form?

17          THE DEFENDANT:  Yes, sir, it is.

18          THE COURT:  Before you signed it, did you discuss it

19   with Mr. Kramer?

20          THE DEFENDANT:  Yes.

21          THE COURT:  You should understand that you have no

22   obligation to waive indictment.  Do you understand that?

23          THE DEFENDANT:  I do, sir.

24          THE COURT:  Have any threats been made against or any

25   promises been made to you to induce you to waive indictment?

O1GRWEIp

1           THE DEFENDANT:  No, sir.

2           THE COURT:  You should understand that if you did not

3    waive indictment, the government would be required to present

4    your case to a grand jury which would be asked to determine

5    whether there was probable cause to believe this the crime set

6    forth in the information was committed and that you committed

7    it.  Do you understand that?

8           THE DEFENDANT:  Yes, sir.

9           THE COURT:  Do you further understand that the grand

10   jury might or might not choose to indict you?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  And do you realize that by signing this

13   waiver of indictment form, you have given up your right to have

14   your case presented to a grand jury, and that instead, the case

15   against you will proceed on the basis of the S5 information

16   signed by the U.S. Attorney?

17          THE DEFENDANT:  Yes, sir, I do.

18          THE COURT:  I find that Mr. Weiner has knowingly and

19   voluntarily waived his right to have the charge in the S5

20   information presented to a grand jury and that instead the case

21   against him will proceed by information.  I have been given an

22   Advice to Rights form.  It appears to have been signed by

23   Mr. Weiner and Mr. Kramer.  Mr. Weiner, is this your signature

24   on the Advice to Rights form?

25          THE DEFENDANT:  Yes, your Honor, it is.

O1GRWEIp

| | |
|---|---|
| 1 | THE COURT:  I will mark as Exhibit 1 to these |
| 2 | proceedings.  I also have been given a plea agreement.  It |
| 3 | appears to have been signed by Mr. Weiner, by Mr. Kramer and by |
| 4 | representatives of the United States Attorney's Office. |
| 5 | Mr. Weiner, is that your signature on the plea agreement? |
| 6 | THE DEFENDANT:  Yes, your Honor, it is. |
| 7 | THE COURT:  I will mark the plea agreement as Exhibit |
| 8 | 2 to these proceedings. |
| 9 | Before deciding whether to accept your guilty plea, I |
| 10 | am required to ask you certain questions.  It is important that |
| 11 | you answer these questions honestly and completely.  The |
| 12 | purpose of today's proceedings is to make sure that you |
| 13 | understand your rights and for me to make certain that you are |
| 14 | pleading guilty of your own free will and to make sure that you |
| 15 | are pleading guilty because you are in fact guilty and not for |
| 16 | some other reason.  Do you understand that? |
| 17 | THE DEFENDANT:  Yes, your Honor, I do. |
| 18 | THE COURT:  If you don't understand any of my |
| 19 | questions or you want to consult with Mr. Kramer at any time, |
| 20 | please say so, because it is important that you understand |
| 21 | every question before you answer. |
| 22 | Could you please state your full name for the record. |
| 23 | THE DEFENDANT:  William Allen Weiner. |
| 24 | THE COURT:  And how old are you, sir? |
| 25 | THE DEFENDANT:  Sixty-seven years old. |

O1GRWEIp

1          THE COURT:  How far did you go in school?

2          THE DEFENDANT:  To a medical degree.

3          THE COURT:  Have you ever been addicted to any drugs

4    or alcohol or been treated for any addiction?

5          THE DEFENDANT:  No, sir, I have not.

6          THE COURT:  Are you now or have you recently been

7    under the care of any kind of doctor?

8          THE DEFENDANT:  No, sir.

9          THE COURT:  In the past 24 hours, have you taken any

10   drugs, medicine or pills or drunk any alcohol?

11         THE DEFENDANT:  Just the prescribed blood pressure

12   pills that I take.

13         THE COURT:  Okay.  I take it that your blood pressure

14   medication doesn't affect your thinking in anyway?

15         THE DEFENDANT:  That's correct, sir.

16         THE COURT:  So is your mind clear today, and do you

17   understand what is happening?

18         THE DEFENDANT:  It is and I do, sir.

19         THE COURT:  Mr. Kramer, do you have any doubt as to

20   Mr. Weiner's competency to plead guilty this morning?

21         MR. KRAMER:  No, your Honor.

22         THE COURT:  On the basis of Mr. Weiner's answers to my

23   questions and the observations of his demeanor, I do find that

24   he is competent to enter an informed plea.

25         Mr. Weiner, have you had enough time to discuss your

O1GRWEIp

1  case with Mr. Kramer?

2          THE DEFENDANT:  Yes, sir, I have.

3          THE COURT:  Have you discussed with him the charges

4  against you as well as your intention to plead guilty to the S5

5  information?

6          THE DEFENDANT:  Yes, I have, your Honor.

7          THE COURT:  And have you discussed with Mr. Kramer,

8  any possible defenses you might have against these charges and

9  all of the facts about your involvement in these matters?

10          THE DEFENDANT:  Yes, sir, we have.

11          THE COURT:  And has Mr. Kramer told you about the

12  consequences of pleading guilty?

13          THE DEFENDANT:  Yes, sir, he has.

14          THE COURT:  And are you satisfied with Mr. Kramer's

15  representation of you?

16          THE DEFENDANT:  Extremely satisfied, yes, sir.

17          THE COURT:  I'll explain to you certain constitutional

18  rights that you have.  These are rights you'll be giving up if

19  you enter a guilty plea.  Mr. Weiner, listen carefully to what

20  I'm about to say.  If you don't understand anything, stop me

21  and either myself or Mr. Kramer will explain the matter to you

22  more fully.  Under the Constitution and laws of the United

23  States, you have the right to a speedy and public trial by a

24  jury on the charges against you contained in the S5

25  information.  Do you understand that?

O1GRWEIp

1          THE DEFENDANT:  Yes, sir, I do.

2          THE COURT:  If there were a trial, you would be

3    presumed innocent and the government would be required to prove

4    your guilt by competent and beyond a reasonable doubt.  You

5    would not have to prove you were innocent at trial.  Do you

6    understand that?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  If there were a trial, a jury composed of

9    12 people selected from this district would have to agree

10   unanimously before you could be found guilty.  Do you

11   understand that?

12         THE DEFENDANT:  Yes, I do.

13         THE COURT:  If you decided to go to trial, at that

14   trial and at every stage of your case, you would have the right

15   to be represented by an attorney, and if you could not afford

16   one, an attorney be would be appointed to represent you at

17   government expense and at no cost to you.  If you retained a

18   lawyer and you ran out of money, an attorney would be appointed

19   to continue to represent you and to handle your case all the

20   way through trial and not just for purposes of a guilty plea.

21   So your decision to plead guilty should not depend on whether

22   you could afford a lawyer.  Do you understand that?

23         THE DEFENDANT:  Yes, sir, I do.

24         THE COURT:  If there were a trial, you would have the

25   right to see and hear all the witnesses against you, and your

O1GRWEIp

1    attorney could cross-examine them.  You would have a right to

2    have your attorney object to the government's evidence and to

3    offer evidence on your behalf if you so desired.  You would

4    have the right to have subpoenas issued to compel witnesses to

5    testify in your defense.  Do you understand that?

6              THE DEFENDANT:  Yes, sir, I do.

7              THE COURT:  If there were a trial, you would have the

8    right to testify if you wanted to, but no one could force you

9    to testify if you did not want to.  Furthermore, no inference

10   or suggestion of guilt could be drawn if you chose not to

11   testify at a trial.  Do you understand that?

12             THE DEFENDANT:  Yes, sir, I do.

13             THE COURT:  If you were convicted at a trial; you

14   would have the right to appeal that verdict to a higher court.

15   Do you understand that?

16             THE DEFENDANT:  Yes, I do.

17             THE COURT:  Even now as you are entering this plea,

18   you have the right to change your mind, plead not guilty and go

19   to trial on the charge contained in the S5 information.  Do you

20   understand that?

21             THE DEFENDANT:  Yes, sir, I do.

22             THE COURT:  If you plead guilty and I accept your

23   plea, you will give up your right to a trial and the other

24   rights I just discussed other than the right to a lawyer, which

25   you have regardless of whether or not you plead guilty.  If you

O1GRWEIp

1    plead guilty, I will enter a judgment of guilty and sentence

2    you on the basis of your plea after I have considered a

3    presentence report and whatever submissions I receive from your

4    lawyer and from the prosecutors.  Do you understand that?

5                THE DEFENDANT:  Yes, sir, I do.

6                THE COURT:  If you plead guilty, you will also have to

7    give up your right to not to incriminate yourself because I

8    will ask you questions about what you did in order satisfy

9    myself that you are guilty as charged, and you will have to

10   admit and acknowledge your guilt.  Do you understand that?

11               THE DEFENDANT:  Yes, sir, I do.

12               THE COURT:  As I said earlier, the S5 information

13   charges you with conspiracy to commit offenses against the

14   United States.  Those offenses being health care fraud and the

15   defrauding of the United States through the device of tax

16   fraud.  I will now tell you the elements of this offense.  This

17   is what the government has to prove beyond a reasonable doubt

18   if you were to go to trial on this charge.

19               First, the government would have to show that the

20   conspiracy charged in the S5 information existed.  The

21   conspiracy alleged in the S5 information has two objects,

22   health care fraud and the defrauding of the United States

23   through tax fraud.  The government would first have to show

24   that a conspiracy to commit health care fraud and to defraud

25   the United States through tax fraud existed.  That is to say

O1GRWEIp

1   that between 2015 and 2021, two or more people entered into an

2   agreement to obtain by means of false and fraudulent pretenses,

3   representations or promises, the delivery of and payment for

4   health care benefits, items and services from a health care

5   benefit program; and that between 2015 and 2021, two or more

6   people entered into an agreement or understanding to defraud

7   the United States and its agency, the Internal Revenue Service,

8   for the purpose of impeding, impairing, obstructing and

9   defeating the lawful governmental functions of the IRS and the

10  ascertainment, computation, assessment and collection of

11  revenue, specifically, federal income taxes.

12         Second, the government would have to show that you

13  knowingly and willfully became a member of the conspiracy that

14  is described this the S5 information.

15         Third, the government would have to show that a member

16  of the charged conspiracy knowingly committed at least one

17  overt act in furtherance of thing charged conspiracy in the

18  Southern District of New York.  Here the S5 information alleges

19  the following two overt acts and I quote, "On or about May 16,

20  2017, and February 10, 2021, William Weiner, the defendant,

21  made materially false statements during examinations under oath

22  with Mid-Century Insurance Company and Liberty Mutual Insurance

23  respectively regarding an individual named Bradley Pierre's

24  role and involvement in Nexray Medical Imaging.  For tax years

25  2017 through 2019, Weiner filed U.S. income tax returns for an

O1GRWEIp

1   S corporation, IRS forms 1120-S, for Nexray Medical Imaging and

2   U.S. individual income tax returns, IRS 1040, for himself and

3   his wife that you knew contained materially false statements."

4        Now you are charged with conspiring or agreeing to

5   commit health care fraud and tax fraud, but I'm also going to

6   instruct you on the elements of actual or substantive health

7   care fraud and actual or substantive tax fraud.  The elements

8   of health care fraud are:  First, that there was a scheme to

9   defraud or a scheme to obtain money or property by means of

10  materially false or fraudulent pretenses, representations or

11  promises in connection with the delivery of or payment for

12  health care benefits, items or services; second, that the

13  defendant knowingly and willfully executed or attempted to

14  execute that scheme with the intent to defraud; and third that

15  the target of the scheme was a health care benefit program.

16       The elements of actual or substantive tax fraud are:

17  First, proof that the defendant made and subscribed to the

18  corporate income tax return in question; second, that that

19  return contained a written declaration that was made under

20  penalty of perjury; third, proof that the defendant did not

21  believe at the time that the tax return was true and correct as

22  to every material matter.  In other words, the government would

23  have to prove that the tax return was materially false and that

24  the defendant knew that it was materially false.  And finally,

25  proof that the defendant acted willfully; that is to say, acted

O1GRWEIp

1   voluntarily and intentionally with a specific intent to make a

2   statement that the defendant knew was false when the defendant

3   had a legal duty to answer truthfully and that he knew that it

4   was his legal duty to answer truthfully.

5            Mr. Weiner, do you understand that these are the

6   elements of the offense you have been charged with in the S5

7   information, and these are elements that the government would

8   have to prove beyond a reasonable doubt if you were to go to

9   trial on the charge in the S5 information?

10            THE DEFENDANT:  Yes, sir, I do understand.

11            THE COURT:  I must now tell you the maximum and any

12   minimum possible penalty for this crime.  The maximum means the

13   most punishment that could possibly be imposed.  It does not

14   necessarily mean that is what you will receive, but you have to

15   understand that by pleading guilty, you are exposing yourself

16   to the possibility of receiving any combination of punishments

17   up to the maximum I'm about to describe.  Do you understand

18   that?

19            THE DEFENDANT:  Yes, sir.

20            THE COURT:  The crime to which you are pleading guilty

21   carries a maximum sentence of five years imprisonment.  Any

22   term of imprisonment could be followed by as much as three

23   years supervised release.  Supervised release means that if you

24   are sentenced to prison, after you are released from prison,

25   you will be subject to supervision by the U.S. Probation

O1GRWEIp

1    Office.  There will be rules of supervised release that you

2    have to follow, and if you violate those rules, you can be

3    returned to prison without a jury trial to serve additional

4    time even beyond your original sentence.

5           In addition, the crime to which you are pleading

6    guilty carries a maximum fine of the greatest of $250,000 or

7    twice the gross pecuniary gain derived from the defense or

8    twice the gross pecuniary loss resulting from the offense.  Do

9    you understand those penalties?

10          THE DEFENDANT:  Yes, sir, I do.

11          THE COURT:  Parole has been abolished in our federal

12   system, and if you are sentenced to prison, you will not be

13   released early on parole.  There's a limited opportunity to

14   earn credit for good behavior, but you will have to serve at

15   least 85 percent of the time you are sentenced to.  Do you

16   understand that?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  There's also a mandatory minimum fine or

19   special assessment of $100 that I'm required to impose.  Do you

20   understand that?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  As part of your sentence, I have the power

23   to require you to make restitution to any person or entity

24   injured as a result of your personal conduct, and I can also

25   order you to forfeit certain property to the government.  Do

O1GRWEIp

1    you understand that?

2           THE DEFENDANT:  Yes, sir.

3           THE COURT:  Being convicted of a felony may have other

4    consequences such as the loss of professional licenses or the

5    right to possess a firearm.  If you are a citizen of the United

6    States, you could lose your right to vote.  If you are not a

7    citizen of the United States, you will likely lose your right

8    to remain in the United States and you may be deported.  This

9    is not a full list of the consequences of a felony conviction.

10   These are only examples.  Do you understand that?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  There are sentencing guidelines that I'm

13   required to consult in order determine an appropriate sentence

14   in your case.  Have you spoken with Mr. Kramer about the

15   sentencing guidelines?

16          THE DEFENDANT:  Yes, sir, I have.

17          THE COURT:  You should understand I will not be able

18   to determine what the sentences guidelines recommend until

19   after a presentence report has been prepared and you and the

20   government have had a chance to comment on the presentence

21   report.  Do you understand that?

22          THE DEFENDANT:  Yes, sir, I do.

23          THE COURT:  You should also understand that after I

24   determine what the appropriate guidelines range is and after

25   I've determined whether a departure, whether upwards our

O1GRWEIp

1   downwards, from that guidelines range is called for, I will

2   then determine what an appropriate sentence is in your case,

3   having in mind not only the sentencing guidelines but all of

4   the factors set forth in the sentencing statute including the

5   need for the sentence imposed to reflect the seriousness of the

6   offense, the need to promote respect for the law, to provide

7   just punishment and to afford adequate deterrence to criminal

8   conduct.  Do you understand that?

9         THE DEFENDANT:  Yes, sir.

10        THE COURT:  You should also understand that if your

11   attorney or anyone else has attempted to estimate or predict

12   what your sentence will be, their estimate or prediction could

13   be wrong.  Do you understand that?

14        THE DEFENDANT:  Yes, sir, I do.

15        THE COURT:  No one, not even your attorney or the

16   prosecutors, could give you any assurance of what your sentence

17   could be.  Your sentence cannot be determined until after the

18   presentence report has been prepared and I have ruled on any

19   challenges to the report and determined whether I believe there

20   are grounds to depart, whether upwards or downwards, from the

21   guidelines range, and otherwise determine what an appropriate

22   sentence is in your case.  Do you understand that?

23        THE DEFENDANT:  Yes, sir.

24        THE COURT:  You should fully understand that even if

25   your sentence is different from what your attorney or anyone

O1GRWEIp

| | |
|---|---|
| 1 | else told you it might be or if it is different from what you |
| 2 | expect, you will still be bound by your guilty plea, and you |
| 3 | will not be allowed to withdraw your plea of guilty.  Do you |
| 4 | understand that? |
| 5 | THE DEFENDANT:  Yes, sir. |
| 6 | THE COURT:  Mr. Weiner, I have marked your plea |
| 7 | agreement as Exhibit 2 to these proceedings.  You told me a |
| 8 | moment ago that it bears your signature.  Did you read the plea |
| 9 | agreement before you signed it? |
| 10 | THE DEFENDANT:  Yes, sir. |
| 11 | THE COURT:  Did you discuss the plea agreement with |
| 12 | Mr. Kramer before you signed it? |
| 13 | THE DEFENDANT:  Yes, I did, sir. |
| 14 | THE COURT:  And did you fully understand all the terms |
| 15 | of the plea agreement before you signed it? |
| 16 | THE DEFENDANT:  Yes, sir. |
| 17 | THE COURT:  Does this agreement constitute your |
| 18 | complete and total understanding of the entire agreement |
| 19 | between you and the United States government as to this matter? |
| 20 | THE DEFENDANT:  Yes, sir, I do. |
| 21 | THE COURT:  Has anyone offered you any inducements or |
| 22 | threatened you or forced you to plead guilty or to enter into |
| 23 | this plea agreement? |
| 24 | THE DEFENDANT:  No, sir. |
| 25 | THE COURT:  In the agreement, the parties agree that |

O1GRWEIp

1   the recommended sentencing range under the sentencing

2   guidelines is 15 to 21-months imprisonment.  You should be

3   aware that the parties agreement as to the guidelines range is

4   not binding on me and that I will do my own calculation of what

5   the applicable range is under the guidelines and that I will

6   reach my own conclusion as to what the applicable guidelines

7   range is.  Do you understand that?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  The plea agreement also provides that you

10   are waiving your right to appeal your sentence or to challenge

11   your sentence at any time for any reason so long as I sentence

12   you to 21-months imprisonment or less.  Do you understand that?

13              THE DEFENDANT:  Yes, sir.

14              THE COURT:  The plea agreement also provides that you

15   are waiving your right to appeal a fine or challenge a fine at

16   any time for any reason so long as the fine is $75,000 or less.

17   Do you understand that?

18              THE DEFENDANT:  Yes, sir.

19              THE COURT:  The plea agreement further provides that

20   you are waiving your right to appeal any order of forfeiture or

21   to challenge the order of forfeiture at any time for any reason

22   so long as the forfeiture amount is $430,000 or less.  Do you

23   understand that?

24              THE DEFENDANT:  Yes, sir.

25              THE COURT:  Mr. Kramer, do you know of any valid

O1GRWEIp

1    defense that would prevail at trial or any other reason why

2    Mr. Weiner should not be permitted to plead guilty?

3            MR. KRAMER:  No, your Honor.  I believe he should be.

4            THE COURT:  And do you believe there's an adequate

5    factual basis to support a guilty plea?

6            MR. KRAMER:  I do, your Honor.

7            THE COURT:  Does the government represent there is an

8    adequate factual basis to support a guilty plea?

9            MR. ANDREWS:  Yes, your Honor.

10           THE COURT:  Mr. Weiner, we've reached the point in the

11   proceedings where you need to tell me what you did that makes

12   you believe you are guilty of the crime charged in S5 of the

13   information.

14           THE DEFENDANT:  During an examination under oath in

15   May of 2017 and during one in February 2021, I falsely

16   minimized Bradley Pierre's role in my medical practice to

17   facilitate the payment of claims.  Separately, I understood

18   that my filed tax returns contained false information regarding

19   deductions.

20           THE COURT:  Now, you said you falsely minimized

21   Bradley Pierre's role in your medical practice, and I think you

22   said to facilitate reimbursement of claims or language to that

23   effect.  So should I understand that these were claims made to

24   insurance companies to obtain reimbursement for claims for

25   medical services?

O1GRWEIp

1          THE DEFENDANT:  That's correct, sir.

2          THE COURT:  And Mr. Weiner, with respect to the

3    minimization of Bradley Pierre's role in your medical practice,

4    did you agree with him to falsely minimize his role in your

5    medical practice in order to facilitate claim reimbursement?

6          MR. KRAMER:  Can we just have one moment to consult?

7    Your Honor, I think that the agreement is perhaps with a

8    different person.

9          THE COURT:  Okay.  What is the government's

10   understanding as to the agreement that underlies the health

11   care fraud?

12         MR. KRAMER:  If I may, I can talk to the government?

13         THE COURT:  Sure.  Go right ahead.

14         (Counsel conferred)

15         THE DEFENDANT:  I'm sorry, sir?

16         THE COURT:  Go ahead, Mr. Weiner.

17         THE DEFENDANT:  I had an overall understanding with

18   Mr. Pierre, but I was in an agreement with my attorney during

19   the examination under oath.

20         THE COURT:  I'm sorry.  Could you say that again?  I

21   missed that.

22         THE DEFENDANT:  I had an overall understanding with

23   Mr. Pierre but a more specific agreement with the attorney

24   representing me during the examination under oath.

25         THE COURT:  And what was the role of the attorney in

O1GRWEIp

1    this?

2           THE DEFENDANT:  He represented me in the collection of

3    funds from the insurance company and represented me during the

4    examination under oath, during the -- with the insurance

5    company.

6           THE COURT:  All right.  So are you saying that the

7    attorney was aware that as a result of Bradley Pierre's role in

8    your medical practice, that it was not lawful to obtain medical

9    reimbursement from the insurance company?

10          THE DEFENDANT:  That's fair to say, your Honor.

11          THE COURT:  Okay.  And so I want to be clear that with

12   respect to their effort to obtain reimbursement from the

13   insurance company, you understood at the time that because of

14   Bradley Pierre's role in your medical practice, you did not

15   have a right to obtain reimbursement for the medical claims?

16          THE DEFENDANT:  I understood that I had the right to

17   make claims to the insurance company but that they would

18   contest his role in my medical practice to deny the payments.

19          THE COURT:  Right.  And because of that, you did not

20   disclose to the insurance companies Bradley Pierre's role in

21   your medical practice?

22          THE DEFENDANT:  That's correct.

23          THE COURT:  Okay.  Now, with respect to the tax fraud,

24   I think you told me that you took deductions on your income tax

25   return that you were not entitled to; is that correct?

O1GRWEIp

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  And you signed corporate income tax

3    returns for the years in question, those being 2017 through

4    2019?

5          THE DEFENDANT:  I'm not certain if I actually signed

6    them or authorized them to be filed, but I authorized them to

7    be filed.

8          THE COURT:  Okay.  And these were income tax returns

9    that were filed on behalf of Nexray Medical Imaging; is that

10   correct?

11         THE DEFENDANT:  Yes, and myself personally.

12         THE COURT:  As well as your individual income tax

13   returns?

14         THE DEFENDANT:  Yes.

15         THE COURT:  And does the government represent that

16   those returns contained a written declaration that they were

17   made under penalty of perjury?

18         MR. ANDREWS:  Yes, your Honor.

19         THE COURT:  And at the time that you filed these

20   returns, Mr. Weiner, you understood that they were materially

21   false in that they claimed deductions that you were not

22   entitled to?

23         THE DEFENDANT:  That's correct, your Honor.

24         THE COURT:  And you understood at the time that you

25   had a legal obligation to answer truthfully?  Or more

O1GRWEIp

1   precisely, you understood that you had a legal obligation at

2   that time not to take deductions that you were not entitled to

3   on these tax returns?

4           THE DEFENDANT:  Yes, your Honor.

5           THE COURT:  What is the government's theory as to

6   venue?

7           MR. ANDREWS:  Judge, if we went to trial, we would be

8   introducing various different pieces of evidence, but for the

9   purposes of these proceedings, there's a venue waiver in the

10  plea agreement, so I don't think we even need go there.

11          THE COURT:  All right.  Mr. Weiner, I want you to

12  understand that you do have a right to have this case

13  prosecuted in the Eastern District of New York, which is where

14  I understand that the underlying events took place.  Is that

15  your position, Mr. Kramer, the underlying events took place in

16  the Eastern District of New York?

17          MR. KRAMER:  Your Honor, we would have contested that

18  at trial, but we waived it for this.  My understanding is that

19  essentially every event took place in the Eastern District.

20  That's correct.

21          THE COURT:  All right.  So, Mr. Weiner, because the

22  events took place in the Eastern District of New York, you do

23  have a right to have the case prosecuted in the Eastern

24  District of New York rather than the Southern District of New

25  York.  Do you understand that?

O1GRWEIp

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  And have you spoken with Mr. Kramer about

3    this venue issue?

4          MR. KRAMER:  Can we pause for one second, your Honor?

5          THE COURT:  Yes.

6          (Counsel and defendant conferred)

7          THE DEFENDANT:  I understand that I have a right to

8    have this done in the Eastern District, but I waive that right,

9    sir.

10         THE COURT:  Okay.  Have any threats been made against

11   you or promises made to you to induce you to waive your right

12   to have the case prosecuted in the Eastern District of New

13   York?

14         THE DEFENDANT:  No, sir.

15         THE COURT:  I find that Mr. Weiner has knowingly and

16   voluntarily waived his right to have the case set forth in the

17   S5 information prosecuted in the Eastern District of the New

18   York; and that accordingly, the case under the S5 information

19   will proceed here in the Southern District of New York.

20         Does the government wish me to ask any additional

21   questions of Mr. Weiner?

22         MR. ANDREWS:  Just one clarifying question, your

23   Honor.  Obviously, this is a tax conspiracy.  The information

24   sets forth an overt fact that he agreed with Mr. Haft.  I just

25   want that to be in the record.

O1GRWEIp

| | |
|---|---|
| 1 | THE COURT:  Yes, much with the health care fraud |
| 2 | aspect of the charge, Mr. Weiner, the S5 information alleges |
| 3 | that there was an agreement between you and another individual |
| 4 | to file false tax returns on behalf of Nexray Medical Imaging |
| 5 | as well as individual income tax returns, Form 1040, on behalf |
| 6 | of you and your wife.  Did you have an agreement with someone |
| 7 | to file false tax returns for Nexray Medical Imaging as well as |
| 8 | false tax returns for you and your wife for tax years 2017 |
| 9 | through 2019? |
| 10 | THE DEFENDANT:  Yes, sir. |
| 11 | THE COURT:  And was that agreement with Mr. Haft? |
| 12 | THE DEFENDANT:  Yes, sir. |
| 13 | THE COURT:  Okay.  Anything else on behalf of the |
| 14 | government? |
| 15 | MR. ANDREWS:  No, your Honor. |
| 16 | THE COURT:  Mr. Weiner, are you pleading guilty |
| 17 | because you are in fact guilty? |
| 18 | THE DEFENDANT:  Yes, sir. |
| 19 | THE COURT:  And are you pleading guilty voluntarily |
| 20 | and of your own free will? |
| 21 | THE DEFENDANT:  Yes, I am. |
| 22 | THE COURT:  I ask you now:  How do you plead on the S5 |
| 23 | information, guilty or not guilty? |
| 24 | THE DEFENDANT:  Guilty. |
| 25 | THE COURT:  Does the government wish me to allocute |

O1GRWEIp

| | |
|---|---|
| 1 | Mr. Weiner as for the forfeiture allegation set forth in the S5 |
| 2 | information? |
| 3 | MR. ANDREWS:  Yes, your Honor. |
| 4 | THE COURT:  Mr. Weiner, the information includes what |
| 5 | is known as a forfeiture allegation in which the government has |
| 6 | put you on notice that it seeks any and all property |
| 7 | constituted or derived from any proceeds that were obtained |
| 8 | directly or indirectly as a result of the charged offense, |
| 9 | including but not limited to a sum of money in the United |
| 10 | States currency representing the amount of proceeds traceable |
| 11 | to the commission of the offense.  Mr. Weiner, do you admit the |
| 12 | forfeiture allegation set forth in the S5 information? |
| 13 | THE DEFENDANT:  Yes, sir. |
| 14 | THE COURT:  I should also say for the record that I |
| 15 | have been given a consent preliminary order of forfeiture in |
| 16 | the amount of $430,000 that appears to have been signed by |
| 17 | Mr. Weiner, by Mr. Kramer and by representatives of the U.S. |
| 18 | Attorney's Office. |
| 19 | Mr. Weiner, is this your signature on the consent |
| 20 | preliminary order of forfeiture? |
| 21 | THE DEFENDANT:  Yes, sir, it is. |
| 22 | THE COURT:  And did Mr. Kramer explain the forfeiture |
| 23 | order to you before you signed it? |
| 24 | THE DEFENDANT:  Yes, sir, he did. |
| 25 | THE COURT:  And did you understand all the terms of |

O1GRWEIp

1      the consent preliminary of forfeiture before you signed it?

2                  THE DEFENDANT:  Yes, I did, sir.

3                  THE COURT:  Mr. Weiner, because you acknowledge that

4      you are guilty as charged in the S5 information; because I find

5      that you know your rights, and you are waiving them knowingly

6      and voluntarily; because I find your plea is entered

7      knowingly and voluntarily and is supported by an independent

8      basis in fact containing each of the essential elements of the

9      offense, I accept your guilty plea and adjudge you guilty of

10     the offense to which you have pled guilty.

11                 I will order a presentence report.  Mr. Weiner, I ask

12     you to cooperate with the people who prepare the report because

13     it will be important to me in making my decision as to what

14     your sentence will be.  You and Mr. Kramer will have an

15     opportunity to review the presentence report before sentencing.

16     I urge you to review it carefully with Mr. Kramer and discuss

17     it with him before the sentencing.  If there any mistakes in

18     the report, please point them to Mr. Kramer so that he can

19     point them out to me before sentencing, so that I do not

20     proceed on the basis of mistaken information.  I am going to

21     schedule the sentencing May 14, 2024, at 10:00 a.m.

22                 MR. KRAMER:  Your Honor, would it be possible to push

23     that until mid January?  I don't expect the trial that I start

24     in February to be finished until the end of May.

25                 THE COURT:  All right.  So we're looking for a date in

O1GRWEIp

1     mid June, Mike.

2           THE DEPUTY CLERK:  Wednesday June 12, 10:00 a.m. is

3     available.

4           THE COURT:  Is that acceptable?

5           MR. KRAMER:  Certainly better for me.  Thank you.  I

6     missed the time though.  June 12?

7           THE COURT:  June 12, 10:00 a.m.

8           I'm going to make defense submissions due on May 28;

9     government submission due on June 4.

10          MR. KRAMER:  When you say "submission," the sort of

11    sentencing memo, sir?

12          THE COURT:  Yes.  Is the government seeking any change

13    in Mr. Weiner's bail conditions?

14          MR. ANDREWS:  No, your Honor.

15          THE COURT:  Mr. Weiner, all of the conditions for your

16    pretrial release remain in effect until sentencing.  Were you

17    not to appear here on June 12 at 10:00 a.m. as directed, you

18    would be committing a separate federal offense for which you

19    could receive a separate and consecutive sentence.

20          Is there anything else on behalf of government?

21          MR. ANDREWS:  No, your Honor.

22          THE COURT:  Anything else on behalf of the defense?

23          MR. KRAMER:  No, your Honor.

24          THE COURT:  Thank you.  We are adjourned.

25          (Adjourned)