UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

WILLIAM WEINER,

              Defendant.

**ORDER**

22 Cr. 19 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

      On January 16, 2024, the Defendant pled guilty to the (S5) Superseding Information, which charges him with conspiracy to commit offenses against the United States, in violation of 18 U.S.C. § 371. The charged conspiracy has two objects: healthcare fraud and defrauding the Internal Revenue Service ("IRS"). ((S5) Information (Dkt. No. 372) ¶¶ 2-3))

      For the healthcare fraud object of the conspiracy, the Government – throughout this prosecution – has relied on a fraudulent incorporation theory premised on State Farm Mut. Auto. Ins. Co. v. Mallela, 4 N.Y.3d 313 (2005). See United States v. Pierre, No. 22 CR. 19 (PGG), 2023 WL 4493511, at *3-10 (S.D.N.Y. July 12, 2023) (describing the basis for a federal healthcare fraud conviction premised on Mallela). In an August 9, 2024 letter, however, the Government states that it "does not contend for sentencing purposes that the defendant committed a substantive Mallela violation." (Govt. Aug. 9, 2024 Ltr. (Dkt. No. 452) at 3)

      Given the Government's recent letter, it appears that there is no longer an appropriate factual basis for this Court to apply the Guidelines fraud provision in § 2B1.1

when calculating the Defendant's offense level. Accordingly, the Guidelines range must be recalculated to reflect that change.

Even assuming that reference to the Guidelines fraud provision is appropriate, neither the Defendant's plea agreement nor the PSR cite to U.S.S.G. § 1B1.2(d), which provides that "[a] conviction on a count charging a conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit." The plea agreement and the PSR both state that the appropriate Guidelines provision for conspiracy to commit healthcare fraud is § 2B1.1. (Plea Agmt at 3; PSR ¶ 39) However, neither the plea agreement nor the PSR acknowledge that § 2T1.9 is the appropriate Guidelines provision for conspiracy to defraud the IRS. (See PSR ¶ 39; U.S.S.G. § 2T1.9) And in calculating loss amount, the plea agreement and the PSR aggregate the total loss for the healthcare fraud and the tax fraud, rather than identify separate loss amounts attributable to each object of the conspiracy. (Plea Agmt. at 3; PSR ¶ 40) Under the Guidelines provisions cited above – if it were appropriate to apply the fraud Guidelines provision – the proper approach would be to (1) identify separate loss amounts attributable to the healthcare fraud and tax fraud; (2) calculate an adjusted offense level for each offense premised on those separate loss amounts; and then (3) group the two offenses together under § 3D1.2(d), as set forth in the plea agreement. (Plea Agmt. at 3)

Accordingly, the Government and the Defendant will make a submission by **September 17, 2024** addressing (1) whether there is an appropriate factual basis to apply the fraud Guideline in § 2B1.1; (2) the appropriate calculation of the Guidelines range in light of the other issues identified above; and (3) whether any amendments

should be made to the offense conduct section of the PSR, in light of the parties' August 9, 2024 letters. (Dkt. Nos. 452, 453)

Dated: New York, New York
September 13, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge