

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 17, 2024

**BY ECF**

Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

> Re:  ***United States v. William Weiner**,*
> **22 Cr. 19 (PGG)**

Dear Judge Gardephe:

The Government has conferred with counsel for the defendant, William Weiner, pursuant to the Court's order dated September 13, 2024 (D.E. 467), and respectfully submits this letter.

The parties agree that there is a factual basis for the defendant's plea to conspiracy to commit healthcare fraud and the application of § 2B1.1 of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). A finding of a substantive *Mallela* violation, *see State Farm Mut. Auto. Ins. Co. v. Mallela*, 4 N.Y.3d 313 (2005), is not necessary to establish the healthcare fraud conspiracy or the application of the fraud Guideline, § 2B1.1. During his guilty plea hearing, the defendant admitted to making false statements under oath during EOUs concerning his relationship with Bradley Pierre and Pierre's role in Weiner's radiology practice in order to receive insurance payments that the insurers, had they known the truth, would not willingly have paid.

> THE DEFENDANT: During an examination under oath in May of 2017 and during one in February 2021, I falsely minimized Bradley Pierre's role in my medical practice to facilitate the payment of claims. . . .
>
> THE COURT: Now, you said you falsely minimized Bradley Pierre's role in your medical practice, and I think you said to facilitate reimbursement of claims or language to that effect. So should I understand that these were claims made to insurance companies to obtain reimbursement for claims for medical services?
>
> THE DEFENDANT: That's correct, sir.
>
> THE COURT: And Mr. Weiner, with respect to the minimization of Bradley Pierre's role in your medical practice, did you agree with him to falsely minimize his role in your medical practice in order to facilitate claim reimbursement?

\* \* \*

THE DEFENDANT: I had an overall understanding with Mr. Pierre but a more specific agreement with the attorney representing me during the examination under oath.

THE COURT: And what was the role of the attorney in this?

THE DEFENDANT: He represented me in the collection of funds from the insurance company and represented me during the examination under oath, during the -- with the insurance company.

THE COURT: All right. So are you saying that the attorney was aware that as a result of Bradley Pierre's role in your medical practice, that it was not lawful to obtain medical reimbursement from the insurance company?

THE DEFENDANT: That's fair to say, your Honor.

THE COURT: Okay. And so I want to be clear that with respect to their effort to obtain reimbursement from the insurance company, you understood at the time that because of Bradley Pierre's role in your medical practice, you did not have a right to obtain reimbursement for the medical claims?

THE DEFENDANT: I understood that I had the right to make claims to the insurance company but that they would contest his role in my medical practice to deny the payments.

THE COURT: Right. And because of that, you did not disclose to the insurance companies Bradley Pierre's role in your medical practice?

THE DEFENDANT: That's correct.

Jan. 16, 2024, Tr. at 19-21.

This constitutes an unlawful agreement with others, namely, Pierre and Weiner's former counsel, to execute and attempt to execute a "scheme or artifice to defraud [a] healthcare program" and "to obtain . . . money or property owned by, or under the custody or control of, [a] health care benefit program," "in connection with the delivery of or payment for health care benefits, items, or services." 18 U.S.C. § 1347. At the time of the plea, the parties agreed that the loss to the insurance companies from this healthcare fraud conspiracy—in other words, the value of reimbursements for medical services that the insurers would not willingly have paid had the defendant not lied under oath—was approximately $430,000. *See* Gov't Sent. Mem. (D.E. 427) at 7.[1] Having stipulated to this loss amount, Dr. Weiner is prepared to proceed to sentencing on that basis.

---

[1] Following the entry of the defendant's guilty plea, insurers identified additional losses totaling nearer to $900,000. *Id*. The Government nonetheless adheres to the Stipulated Guidelines Range

With respect to the grouping analysis, the parties agree that each object in a multi-object conspiracy is treated as a separate count of conviction pursuant to § 1B1.2(d). Pursuant to § 3D1.2, however, both objects are treated as a single Group of closely related counts because "the offense level is determined largely on the basis of the total amount of harm or loss" pursuant to § 3D1.2(d). *See* Plea Agmt. at 3; *see also United States v. Fitzgerald*, 232 F.3d 315, 320 (2d Cir. 2000) (holding that tax evasion and fraud should be grouped under § 3D1.2(d)). Guidelines § 2B1.1 and 2T1.9 (as well as § 2T1.1) are listed as Guidelines covered by this subsection. U.S.S.G. § 3D1.2(d). When counts are grouped under § 3D1.2(d), the Guideline that produces the highest offense level is used for the Group. *See* § 3D1.3(b). Here, the Guideline that produces the highest offense level is § 2B1.1.[2]

Accordingly, the Government respectfully submits that the defendant's guilty plea to healthcare fraud conspiracy had an adequate factual basis and that § 2B1.1 of the Guidelines is correctly applied.

The Government does not propose any amendments to the Presentence Investigation Report. The defense requests the following amendments to reflect either (a) the outcome of the parties' discussions regarding the offense conduct in this case or (b) the defense's suggested resolution of the parties' dispute regarding the loan agreement. The Government's responses to the defense request follow each request.

- PSR ¶ 16:

  o Defense request: Delete "substantial managerial". Delete "by using the Clinics under PIERRE's control, as well as paying other clinics and 'runners' for referrals." Replace last sentence with "PIERRE and WEINER had a common understanding that WEINER would lie under oath by minimizing PIERRE's role in his practice to facilitate insurance payments."

- PSR ¶¶ 17-18:

  o Defense request: Delete as irrelevant, uncharged, and beyond the scope of the parties' agreements.

  o Government response: Object to deletion. The paragraphs are relevant conduct and/or factual background to Pierre's involvement with Nexray Imaging.

---

of 15 to 21 months' imprisonment provided for in the plea agreement, which is based on a loss amount of more than $250,000 but not more than $550,000 pursuant to U.S.S.G. § 2B1.1(b)(1)(G).

[2] The defense argues that, if the Court declines to increase Dr. Weiner's offense level under 2B1.1(b)(1), then the tax Guideline (2T1.1) would likely produce the highest offense level, because the best estimate of the tax loss here is between $50,000 and $70,000. Thus, the tax object would generate a pre-acceptance offense level of 14 points (per §§ 2T1.1(a)(1) and 2T4.1(E)).

Page 4

- PSR ¶ 19:

    o Defense request: Delete first and second sentences.

    o Government response: Object to deletion. The Government does not object to delting "replaced Yan Moshe's role in the practice."

- PSR ¶ 20:

    o Defense request: Delete "PIERRE and WEINER had a non-recourse loan agreement, whereby PIERRE loaned WEINER money and WEINER agreed to repay PIERRE only if insurance companies paid Nexray's claims."

    o Government response: No objection to deletion.

- PSR ¶ 21:

    o Defense request: Delete "he and" in second paragraph.

    o Government response: Object to deletion. The defendant's plea allocution supports the PSR statement.

- PSR ¶ 22:

    o Defense request: Delete second, third, fourth, and fifth sentences.   Add "Unknown to WEINER," prior to last sentence.

    o Government response: No objection to deleting second and third sentences. Object to deletion of fourth and fifth sentences. The sixth sentence supports the prior two sentences. No objection to inserting "Unknown to WEINER."

- PSR ¶ 23:

    o Defense request: Delete "managerial" in first sentence.

    o Government response: Object to deletion. Remainder of paragraph 23 and paragraph 24 support its inclusion.

- PSR ¶ 24:

    o Defense request: Delete.

    o Government response: Object to deletion. Paragraph is relevant conduct and relevant to the defendant's knowledge and intent.

Page 5

- PSR ¶ 25.a:

  - Defense request: Delete "luxury."  Replace "Weiner" with "Haft" in second sentence.

  - Government response: Object to deleting "luxury." No objection to replacing "WEINER" with "HAFT" in the second sentence, and request insertion of the following before the second sentence: "WEINER and HAFT agreed to falsely represent WEINER's country club payments as business expenses of Nexray in order to reduce WEINER's income tax payments."

- PSR ¶ 25.b:

  - Defense request: Delete "luxury."  Replace "Weiner" with "Haft" in second sentence.

  - Government response: Object to deleting "luxury." No objection to replacing "WEINER" with "HAFT" in the second sentence, and request insertion of the following before the second sentence: "WEINER and HAFT agreed to falsely represent WEINER's car lease payments as business expenses of Nexray in order to reduce WEINER's income tax payments."

- PSR ¶¶ 25.c and 25.d:

  - Defense request: Delete

  - Government response: No objection.

Page 6

- PSR ¶ 26:

  - Defense request: Delete.

  - Government response: No objection.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for
the Southern District of New York

By: _____/s/_____
Mathew Andrews / Qais Ghafary /
Michael D. Lockard
Assistant United States Attorneys
(212) 637-6526 / -2534 / -2193

cc: Counsel of record (by ECF)