

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 22, 2024

**BY ECF**

Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:    ***United States v. William Weiner*,**
                **22 Cr. 19 (PGG)**

Dear Judge Gardephe:

      The Government writes in response to defendant William Weiner's letter dated October 10, 2024 disputing restitution to Mid-Century Insurance Company ("Mid-Century") and the Internal Revenue Service ("IRS"). (D.E. 480).

      Mid-Century has submitted a letter responding to Weiner's claims, which is incorporated herein as <u>Exhibit A.</u>

      Weiner is further incorrect that he "has already paid the IRS." (D.E. 480 at 3). As part of his plea agreement, Weiner elected to file amended returns with the IRS rather than have the IRS prepare a form 870. Weiner submitted the amended returns to the IRS but did not inform the IRS service center that the amended returns were a requirement of a criminal plea agreement for fraud. As a result, the IRS rejected or refunded several of the checks including check no. 223 ($7,022), check no. 224 ($60,715), and check no. 225 ($7,917). To remedy the situation, the IRS Special Agent assigned to the case has provided a form 870, incorporated herein as Exhibit B, which will allow the tax assessments from the amended returns to process and for the applicable civil fraud penalties to be added. Since the returns were filed jointly, Dr. Weiner and wife must sign the form

870 and return it to the IRS Special Agent assigned. Afterwards, they should write new checks for the amounts set forth in the form 870.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for
the Southern District of New York


By: _____/s/_____
Mathew Andrews / Qais Ghafary /
Michael D. Lockard
Assistant United States Attorneys
(212) 637-6526 / -2534 / -2193

cc: Counsel of record (by ECF)

# Exhibit A



October 22, 2024

**Via ECF**

The Honorable Paul G. Gardephe
United States Disctrict Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    **United States of America v. William Weiner**
          **Docket No.: 22CR19 (PGG)**

Dear Judge Gardephe:

We represent Mid-Century Insurance Company and its parent company Farmers Insurance Exchange (collectively, "Farmers"). The foregoing is submitted in response to defendant William Weiner's letter dated October 10, 2024 wherein Weiner argues that he need not make any further restitution to Farmers because any losses should be offset by any amount that the insurer would have paid had the Weiner not committed the fraud. *United States v. Mahmood*, 820 F.3d 177, 196 (5th Cir. 2016).

Weiner acknowledges that if there is evidence Nexray was fraudulently incorporated (also known as a *Mallela* violation), then restitution would be appropriate. *United States v. Israilov*, 2024 WL 3888773 (S.D.N.Y. August 20, 2024). Weiner argues that there is no need to make restitution in this case because there was no *Mallela* violation in Nexray.

In fact, there is ample evidence that Nexray was fraudulently incorporated. Weiner pleaded guilty to making false statements regarding the involvement of layperson Bradley Pierre in the operation and management of Nexray and that Pierre had a non-recourse loan and was to be repaid in Nexray insurance claims.

Specifically, during his January 16, 2024 allocution, Weiner admitted that his relationship with Pierre constituted a *Mallela* violation:

> THE COURT: All right. So are you saying that the attorney was aware that as a result of Bradley Pierre's role in your medical practice, that it was not lawful to obtain medical reimbursement from the insurance company?
>
> THE DEFENDANT: That's fair to say, your Honor.
>
> THE COURT: Okay. And so I want to be clear that with respect to their effort to obtain reimbursement from the insurance company, you understood at the time that because of Bradley Pierre's role in your medical practice, you did not have a right to obtain reimbursement for the medical claims?
>
> THE DEFENDANT: I understood that I had the right to make claims to the insurance company but that they would contest his role in my medical practice to deny the payments.
>
> THE COURT: Right. And because of that, you did not disclose to the insurance companies Bradley Pierre's role in your medical practice?
>
> THE DEFENDANT: That's correct.

See ECF Docket 385 at p.21.

Weiner's false testimony directly resulted in Farmers making $334,612.22 in payments that would have been properly denied. Accordingly, it is appropriate that Weiner should be ordered to make restitution to Farmers as a result of the false statements that are the subject of this criminal proceeding.

Respectfully submitted,

Harlan R. Schreiber

CC: All Counsel (Via ECF)

# Exhibit B

| Form **870** (June 2022) | Department of the Treasury - Internal Revenue Service<br>**Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment** | Date received by Internal Revenue Service |
|---|---|---|

| Names and address of taxpayers (number, street, city or town, state, ZIP code) | Taxpayer identification number |
|---|---|
| William & Lois Weiner | |

## Increase (Decrease) in Tax and Penalties

| Tax Year Ended | Tax | Penalties | | | |
|---|---|---|---|---|---|
| 12/31/2016 | 7,022.00 | IRC 6663 | 5,266.50 | | |
| 12/31/2017 | 61,188.00 | IRC 6663 | 45,891.00 | | |
| 12/31/2018 | 7,917.00 | IRC 6663 | 5,937.75 | | |
| | | | | | |
| | | | | | |
| | | | | | |

For additional provisions and instructions, see page 2

## Consent to Assessment and Collection

I consent to the immediate assessment and collection of any deficiencies (increase in tax and penalties) and accept any overassessment (decrease in tax and penalties) shown above, plus any interest provided by law. I understand that by signing this waiver, I will not be able to contest these years in the United States Tax Court, unless additional deficiencies are determined for these years.

| Your signature | Date |
|---|---|
| | |

| Spouse's signature | Date |
|---|---|
| | |

| Taxpayer's Representative signature | Date |
|---|---|
| | |

Corporate name

| Corporate Officer name *(print/type)* | Corporate Officer signature | Title | Date |
|---|---|---|---|
| Corporate Officer name *(print/type)* | Corporate Officer signature | Title | Date |

| Catalog Number 16894U | www.irs.gov | Form **870** (Rev. 6-2022) |
|---|---|---|

| Form **870**<br>(June 2022) | Department of the Treasury - Internal Revenue Service<br>**Waiver of Restrictions on Assessment and Collection of<br>Deficiency in Tax and Acceptance of Overassessment** | Date received by<br>Internal Revenue Service |
|---|---|---|

| Names and address of taxpayers (number, street, city or town, state, ZIP code)<br><br>William & Lois Weiner<br><br>████████████ | Taxpayer identification number<br><br>████████ |
|---|---|

## Increase (Decrease) in Tax and Penalties

| Tax Year Ended | Tax | Penalties | | | |
|---|---|---|---|---|---|
| 12/31/2019 | 38,890.00 | IRC 6663<br>29,167.50 | | | |
| 12/31/2020 | (55,621.00) | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

For additional provisions and instructions, see page 2

## Consent to Assessment and Collection

I consent to the immediate assessment and collection of any deficiencies (increase in tax and penalties) and accept any overassessment (decrease in tax and penalties) shown above, plus any interest provided by law. I understand that by signing this waiver, I will not be able to contest these years in the United States Tax Court, unless additional deficiencies are determined for these years.

| Your signature | Date |
|---|---|

| Spouse's signature | Date |
|---|---|

| Taxpayer's Representative signature | Date |
|---|---|

Corporate name

| Corporate Officer name *(print/type)* | Corporate Officer signature | Title | Date |
|---|---|---|---|
| Corporate Officer name *(print/type)* | Corporate Officer signature | Title | Date |

## Instructions for Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment

### General Information

If you consent to the assessment of the deficiencies shown in this waiver, please sign and return the form in order to limit any interest charge and expedite the adjustment to your account. Your consent will not prevent you from filing a claim for refund *(after you have paid the tax)* if you later believe you are so entitled. It will not prevent us from later determining, if necessary, that you owe additional tax; nor extend the time provided by law for either action.

We have agreements with State tax agencies under which information about Federal tax, including increases or decreases, is exchanged with the States. If this change affects the amount of your State income tax, you should file the required State form.

If you later file a claim and the Service disallows it, you may file suit for refund in a district court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

We will consider this waiver a valid claim for refund or credit of any overpayment due you resulting from any decrease in tax and penalties shown above, provided you sign and file it within the period established by law for making such a claim.

### Who Must Sign

If you filed jointly, both you and your spouse must sign. If this waiver is for a corporation, it should be signed with the corporation name, followed by the signatures and titles of the corporate officers authorized to sign. An attorney or agent may sign this waiver provided such action is specifically authorized by a power of attorney which, if not previously filed, must accompany this form.

If this waiver is signed by a person acting in a fiduciary capacity *(for example, an executor, administrator, or a trustee)* Form 56, Notice Concerning Fiduciary Relationship, should, unless previously filed, accompany this form.

Page:  1

Continuation Sheet

| NAME:   William & Lois Weiner | TIN: ████████ |
|---|---|

Interest on Deficiencies

Interest on Deficiencies will accrue from the due date of the return until paid.


IRC section 6663

It is determined that all or part of the underpayment of tax for the taxable year(s) is due to fraud. There is added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud.  In addition, interest is computed on this penalty from the due date of the return (including any extensions).

Page:  2

Continuation Sheet

| NAME:   William & Lois Weiner | TIN: ▮▮▮▮▮ |
|---|---|

IRC section 6663

It is determined that all or part of the underpayment of tax for the taxable year(s) is due to fraud. There is added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud.  In addition, interest is computed on this penalty from the due date of the return (including any extensions).

Page: 3

Continuation Sheet

| NAME: William & Lois Weiner | TIN: ████████ |
| --- | --- |

IRC section 6663

It is determined that all or part of the underpayment of tax for the taxable year(s) is due to fraud. There is added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud. In addition, interest is computed on this penalty from the due date of the return (including any extensions).

Page:  4

Continuation Sheet

NAME:   William & Lois Weiner                    TIN: █████████

IRC section 6663

It is determined that all or part of the underpayment of tax for the taxable year(s) is due to fraud. There is added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud.  In addition, interest is computed on this penalty from the due date of the return (including any extensions).