

40 Exchange Place, 18th Floor
New York, New York 10005
646-741-0229

**maxnicholasllc.com**

October 31, 2024

**BY ECF**

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *United States v. Arthur Bogoraz*, 22 Cr. 19 (PGG)

Dear Judge Gardephe:

     My firm represents defendant Arthur Bogoraz in the above-captioned matter. I respectfully write to request a modification to the conditions of Mr. Bogoraz's release between now and the date that he surrenders to the custody of the BOP to serve the sentence that will be imposed by the Court on December 11, 2024. I have reached out to Mr. Bogoraz's Pretrial Services Officer about this request, and he consents to the request. I reached out to the Government about this request on October 24, 2024, but have not received a response.

     On January 16, 2024, Mr. Bogoraz pleaded guilty to charges that subjected him to a possible sentence of 25 years' imprisonment. Following that plea proceeding, at the Government's request, the Court tightened the conditions of Mr. Bogoraz's release to include home detention enforced by GPS monitoring, which had not been part of Mr. Bogoraz's conditions of release since June 10, 2022. (*See* Docket Nos. 375, 74). In granting the Government's request, the Court noted the following:

> [F]or two years, Mr. Bogoraz was facing a count with a five-year max. In December, the government superseded to add a money laundering count that has a 20-year max. So now, instead of the five-year max, Mr. Bogoraz faces a total statutory amount of imprisonment of 25 years. That's a quite significant change, and, as we know from the Pimentel letter, the government will be contending that Mr. Bogoraz faces, under the sentencing guidelines, a recommended sentence under the guidelines of 300 months, which is to say, 25 years. So I agree with the government that that gives him a powerful motive to flee.



(Docket 383 at 33-34).

While the increase in Mr. Bogoraz's sentencing exposure from 5 years' imprisonment to 25 years' imprisonment was not the only reason that the Court cited in imposing the condition of home detention enforced by GPS monitoring in January 2024 (*see id.*, noting Mr. Bogoraz's prior conviction and his ties to Ukraine), that difference in sentencing exposure, and the fact that Mr. Bogoraz had now been convicted through his guilty plea, were the only circumstances that changed between the period of time that Mr. Bogoraz was not subject to home detention enforced by GPS monitoring, and the time that this condition was imposed.

On October 24, 2024, Mr. Bogoraz withdrew the guilty plea that he had entered into on January 16, 2024, which subjected him to a potential 25-year sentence, and entered into a guilty plea that subjects him to a potential five year sentence.  This change in circumstances is such that the risk of flight posed by Mr. Bogoraz's looming sentence is dramatically lower than it was following his January 16, 2024 plea.  Indeed, it is lower than it has ever been since his arrest in this case, because there is now a track record of nearly three years of Mr. Bogoraz attending every court appearance. Removing the condition of home detention enforced by GPS monitoring would also bring Mr. Bogoraz into line with the other defendants in this case, who, based on counsel's review of the docket, were not subject to the condition of home detention enforced by electronic monitoring following their guilty pleas.

Although the period of time between now and the date of Mr. Bogoraz's surrender is almost certain to be measured in months, rather than years, the removal of the condition of home detention enforced by GPS monitoring for this period of time is deeply important to him.  Pursuant to the plea agreement, I will not be asking the Court to impose a sentence of less than the five-year maximum term for Mr. Bogoraz, or advocating that the Court should do so.  The months between now and the date of his surrender are precious for him to be able to engage in activities with his family unencumbered by an ankle bracelet, travel domestically (subject to prior authorization from Pretrial) to spend time with his family, and – put plainly – to live as much as possible like a normal person among those he cares about before he goes to prison.  These months are a critical period in his life and the restriction of home detention is a significant one.

In light of the significant change of circumstances between the period of time following the January 16, 2024 guilty plea and the period of time following the October 24, 2024 guilty plea, which has drastically reduced the risk of flight posed by an impending sentence, I respectfully request that the



Court modify the conditions of Mr. Bogoraz's release to remove the condition of home detention enforced by electronic monitoring.

I thank the Court for its consideration of this request.

Respectfully submitted,

/s/ *Max Nicholas*

_____

Max Nicholas LLC
40 Exchange Place
Suite 1800
New York, NY 10005
646-741-0229
max@maxnicholasllc.com

3