LAWRENCE H. SILVERMAN
ATTORNEY AT LAW
350 VETERANS MEMORIAL HIGHWAY
COMMACK, N.Y. 11725

SLARRYLAW@AOL.COM*
*NOT FOR SERVICE OF PROCESS

(631) 543-5434

FORMER NYC OFFICE
THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
NEW YORK, N.Y. 10118

July 27, 2026

**CORRECTED COPY**

**VIA ECF**
Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Center Street, Room 2204
New York, New York 10007

Re: United States v. Albert Haft
United States District Court
Southern District of New York
File No. 22 CR 19 PGG

Dear Judge Gardephe:

In his plea allocution, Mr. Haft admitted to "prepar[ing] and fil[ing] federal tax returns which overstated business expenses and deductions, took inappropriate business deductions, and misrepresented personal business expenses." (Haft Plea Tr. (Dkt. No. 123) at 20:2-8) The omission of any reference to undeclared income was not accidental It was the result of discussions with the Government as it was then acknowledged by the Government, as it has in connection with these sentencing proceedings, that Mr. Haft was unaware of Bradley Pierre's undisclosed bank accounts containing undisclosed income.

The Government's current argument that all tax losses attributable to Bradley Pierre's unreported income are chargeable to Mr. Haft because "[w]hether or not Haft noticed (certain transfers from undisclosed bank accounts that were reflected in Pierre's bank statements), *the fact that evidence of other bank accounts was available to Haft further shows that Pierre's acts were foreseeable to him, whether or not actually foreseen.*" (Emphasis added)(Govt. May 5, 2026 Ltr. (Dkt. No. 577) at 3)

The leap of logic taken by the Government from "availability" to "foreseeability" is the sole basis for assessing Mr. Haft with a tax loss/restitution obligation as to Bradley Pierre of $897,219 based on undisclosed income of $3,204,354.10. The burden of foreseeability the Government seeks to place on Mr. Haft is unreasonable, again begging the question "Where does Mr. Haft's obligation to pay restitution stop - would he be responsible for tax losses if Bradley Pierre had $50 million dollars in undeclared income; would that be foreseeable?

In his letter to the Court in connection with sentencing, Mr. Haft acknowledged that he prepared business tax returns "knowing the *taxable income* was understated," taxable income being the bottom line on the return *after deductions are taken*. (Emphasis added) (Def. Sent. Br., Ex. 1(Haft Ltr.)(Dkt. No. 557-1) at 2) It is the precise language of an accountant.

To be clear, Mr. Haft does not seek to escape liability for tax losses attributable to improper tax deductions. When Haft candidly admitted to the Court in his sentencing letter that he "filed [Bradley's] tax returns knowing that the taxable income was understated" (Def. Sent. Br., Ex. 1(Haft Ltr.)(Dkt. No. 557-1) at 2) he is being concise again, as "taxable income" is income that is taxable after deductions are taken. Mr. Haft has never admitted having failed to declare Bradley Pierre's income.

Mr. Haft admitted to preparing personal and business tax returns claim improper tax deductions for Dr. Weiner's country club membership, automobile expenses and the cost of household improvements and is responsible for the resulting tax losses. The Government also claims that Mr. Haft is responsible for deductions of all credit card expenses. Taken together, the tax losses for which Mr. Haft is responsible total less than $1.5 million.

**Mr. Haft was not involved in and did not benefit from the defendants' corrupt business.**

The annual fees charged by Mr. Haft to the defendants are the same as those charged to all his clients. For example,$1,200 to Jap Multi Services Inc. in 2015, $600 in 2018, $2,100 to Medical Reimbursement Consultants in 2019. (See Exhibit A)

**The restitution obligation sought by the Government is unfounded and unfair.**

In his sincere and moving letter to Your Honor, Mr. Haft's son David passionately describes his father's devotion to his family and, particularly, the financial and emotional support he provides as David deals with the challenges presented by a serious undiagnosed autoimmune condition, marital separation and providing needed support for his autistic son. Mr. Haft estimates that he provides approximately one-third of David's annual income simply to sustain his family.

**Conclusion**

In conclusion, while Mr. Haft acknowledges his obligation to make restitution for the tax losses attributable to his preparation of tax returns containing improper deductions, the imposition of the restitution obligation proposed by the Government is not only unjustified as a matter of law but would impose an undue burden on his family.

Respectfully submitted,

Lawrence H. Silverman

cc: AUSA Michael Lockard (via ecf)
AUSA Qais Ghafary (via ecf)